# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION
### CASE NO. 4:21-cv-00595

**SID MILLER**

**V.**

**TOM VILSACK- SECRETARY OF AGRICULTURE**

## MOTION TO JOINDER COREY LEA AS A PLAINTIFF AND THE DEPT. OF AGRICULTURE AS A DEFENDANT PURSUANT FRCP 20(a)(1)(b)
## CLAIM AGAINST PLAINTIFF SID MILLER

Comes now, Corey Lea, a Socially Disadvantaged Farmer, who resides in Murfreesboro, Tn..

The purpose of Rule 20(a) is to address "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Nonetheless, permissive joinder is not proper in all situations. To join together in one action, plaintiffs must meet two specific requirements: "(1) a right to relief must be asserted by, or against,

each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley, 497 F.2d at 1332; see Rule 20(a). Joinder is proper only if both of these requirements are satisfied. James Wm. Moore, et al., 4 Moore's Federal Practice § 20.02[2][a][ii] (3d ed. 2014).

*ARGUMENT*

1. Corey Lea is a Socially Disadvantaged Farmer that is affected by the Emergency Debt Relief for People of Color Act of 2021.

2. Any change in the calculation by the amount of debt relief owed by the estimated 15,000 to 17,000 Socially Disadvantaged Farmers by allowing similarly situated White farmers into this calculation would reduce the amount of money mandated to the Secretary to Agriculture to write off.

3. Similarly situated White farmers received nearly 9.7 Billion dollars in pandemic relief in October of 2020. Socially Disadvantaged Farmers received less than 1 percent of that money.

4. White women, who are also classified as Socially Disadvantaged Farmers and Ranchers, received more than any other group classified as Socially Disadvantaged Farmers.

5. White men often receive loans from the defendants indirectly were allowed to double dip into pandemic relief by having some of the farm operating loans and farm ownership loans in the names of their wives and kids, but ultimately control the everyday operation in which those loans support.

6. If plaintiff Miller is granted request relief of enjoining the defendants from calculating debt write off based on racial classification, the Socially Disadvantaged Farmers will receive even less emergency relief that the defendants have admitted discriminatory acts that led to the appropriation of funds by a Congressional Act.

### *CROSS CLAIM AGAINST PLAINTIFF MILLER FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THEREFORE REQUEST TO ENJOIN THE DEFENDANT SHOULD BE DENIED*

7. In essence, the plaintiffs are asking this court to enjoin the Secretary of Agriculture from using race classification to calculate the amount of debt right off or otherwise a Equal Protection Component of the Due Process Clause of the Fifth Amendment claim.

8. The plaintiff did not support his argument with a final agency decision from the Secretary of Agriculture as required by the Administrative Procedures Act.

9. "Only in the event USDA were to take final action against Plaintiffs based on such a determination would an administrative record containing the reasons for the action be compiled for judicial review. Accordingly, as in Toilet Goods (which itself involved a challenge to a regulation), "we have no idea whether or when" the agency will act "and what reasons the [agency] will give to justify" its action. 387 U.S. at 163; see also Bethlehem Steel, 536 F.2d at 161 (issues were not fit for review where they were part of a continuing agency process that had not resulted in final agency action); Diversified Chem., 432 F. Supp. at 853 (agency interpretation that propellants sold by plaintiff were subject to price regulation and notice of probable violation did not make claim ripe for review)."

**DECLARATORY RELIEF**

*ENFORCEMENT OF THE EQUAL PROTECTION CLAUSE OF THE FIFTH AMENDMENT TO CEASE DENIAL OF DUE PROCESS TO PROTECT PROPERTY PURSUANT 5 U.S.C. § 706 AND 42 U.S.C. § 1480(c)(d)*

Socially Disadvantaged Farmers have been deprived the opportunity to own property in this life as a farmer void of the liberty to enforce this right under due process. In Brown v. Board of Education of Topeka, case in which on May 17, 1954, the U.S. Supreme Court ruled unanimously (9–0) that racial segregation in public schools violated the Fourteenth

4

Amendment to the Constitution, which prohibits the states from denying equal protection of the laws to any person within their jurisdictions. The decision declared that separate educational facilities for white and Black American students were inherently unequal.   In *Bolling Et. Al. v. Sharpe et. al.*, 1954, the Supreme Court held the Equal Protection Clause of the Fourteenth Amendment was applicable under the Fifth Amendment prohibiting the federal government from denying due process making equal protection of the law applicable in all matters.  Unfortunately, the USDA does not adhere to the equal protection of the law as it pertains to Socially Disadvantaged Farmers in its failure to provide a final agency decision as outlined in the APA and ECOA.

A similarly situated White farmer has a grievance he can file directly with the Administrative Law Judge. His complaint takes the ordinary course to receive a determination within 180 days. In 1862, when the USDA was established, it required former enslaved Africans to have credit or collateral to secure a farm loan. From the beginning, the USDA earned the title the "last plantation" due to the predatory lending terms directed against Black farmers. The Civil Rights Report of 2003 found that White farmer loan applications were processed in an average of 60 days, compared to 220 days for Black applicants. Notably, between 2006 to 2016,

Black farmers were foreclosed on at a higher rate than any other race, making up 13 percent of USDA foreclosures, but are less than 3 percent of farm loan recipients. The fact that Black farmers which are apart of the Socially Disadvantaged Farmer protected class defined under Food, Agriculture, Conservation, and Trade Act of 1990 (7 25 U.S.C. 2279(a)) and the Civil Rights Act of 1964 are only given the opportunity to be foreclosed upon and not due process to protect their property is a violation of the Fifth Amendment.  We are seeking enforcement of the APA statute to toll the statute of limitation and ECOA to require USDA to provide a final agency decision in a timely manner like it has done for similarly situated White farmers.  Furthermore we are seeking due process for the plaintiff in obtaining a formal administrative hearing based on the record similar to what white farmers are given.

### *JUDICIAL REVIEW OF INFORMAL RULEMAKING UNDER THE ADMINISTRATIVE PROCEDURE ACT (APA) PURSUANT § 5 U.S.C.706 REQUIRE TO EXHAUST ADMINISTRATIVE REMEDIES*

The avoidance of the Assistant Secretary of Civil Rights not to render a final agency decision is an abuse of discretion.  Purposefully, tolling the 180-day rule under the APA which requires a final agency decision be rendered and then using the "lapse of 180-days" as a basis to dismiss many

Socially Disadvantaged Farmers cases in District Court is an abuse of power. Under the Administrative Procedures Act (APA), the district court's review Respondents' informal rulemaking to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As the Supreme Court held in Citizens to Preserve *Overton Park v. Volpe*, 401 U.S. 402 (1971), "the generally applicable standards of § 706 require the reviewing court to engage in a substantial inquiry." *Id.* at 415. The Court clarified this mandate in *Camp v. Pitts*, 411 U.S. 138 (1973), stating that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Id.* at 142; see also *Fla. Power & Light Co. v. Lorion*, 470 U.S.729, 743-44 (1985)("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court").

Similarly Situated White Farmers get final agency decisions in the prescribed time of 180 days set forth in the APA allowing for a formal hearing. Unlike Socially Disadvantaged Farmers who often wait years to receive a final agency decision and are often denied a formal administrative hearing like in the case of the Plaintiff. If a program complaint was not subject to section 741 provisions the Office for Civil Rights is subject to the

provisions of the Administrative Procedures Act in which the ASCR has 180 days to render a final agency decision. We prayerfully request from the Court review of the full administrative record to prove non-compliance of the APA 180-day rule that is contrary to public policy of the Congressional moratorium and the terms of the *Pigford* settlement agreement.

### *CONTINUING VIOLATION UNDER ECOA § P.L. 105-277, §741*

USDA refusal to provide a final agency decision is prohibiting SDF from relief as outlined under the Pigford settlement decree. The ECOA prohibits discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age, or source of income. 15 U.S.C. §§1691 et seq.

Under § P.L. 105-277, §741 in the Fiscal Year of 1999, Congress passed legislation allowing Socially Disadvantaged Farmers who had pending claims of discrimination against USDA from 1981 to 1996 were barred by the statute of limitation the right to pursue their claim in court void of the tolling of the statute of limitations. Section 741(a) allowed a farmer to file a complaint in federal district court or (b) a right to a formal administrative hearing after USDA issued a final agency decision.

Like in the plaintiff case, many claimants have sought relief and enforcement of the Pigford decree in district courts i.e. Beniot or like the Plaintiff in bankruptcy court only for USDA to request a dismissal for failure to exhaust remedies under ECOA. USDA abuses the two statute of limitations as another cause for dismissal. Often USDA will exercise its sovereign immunity and move to bar the request for damages under the Civil Rights Act, the APA and the Fifth Amendment.

Despite USDA's omission of racial and gender discrimination in the settlement of Pigford v. Glickman, Native Americans (Keepseagle v. Veraman, 2001 U.S. Dist. LEXIS 25220

(D.D.C. December 11, 2001)), Hispanics (Garcia v. Vilsack, 563 F.3d 519 (D.C. Cir. 2009), cert. denied, 130 S. Ct. 1138 (2010)) and White women (Love v. Connor, 525 F. Supp. 2d 155 (D.D.C. 2007).) of ECOA provisions the practice is still taking place in the refusal to provide a final agency decision and denial of a formal hearing.

Recognizing USDA continued violation of ECOA, in 2008 Congress passed the Food Energy and Conservation Act known as "the Farm Bill" providing a moratorium on foreclosures and offsets for farmers. The challenge with the moratorium was the farmer had to obtain a final agency decision for the provision to apply.  We are requesting enforcement of the

9

Under § P.L. 105-277, §741 by the Secretary of Agriculture.  The Secretary of Agriculture's inaction to enforce the moratorium is not only a violation of the 2008 Farm Bill, it is also a violation of the Civil Rights Act of 1964 Title 6 amended 1991 that prohibits the discrimination based on contractual agreements. The Secretary had a contractual agreement to adhere to the moratorium but had purposefully failed to issue relief, a final agency decision or allowance of a formal hearing is a defiant display of repudiation.

The District of Columbia Circuit has recently applied the doctrine of equitable tolling in a variety of cases, most notably "in cases where strict application [of the statute of limitations] would be inequitable." Phillips v. Heine, 984 F.2d 489, 491 (D.C. Cir. 1993); see also Jankovic v. Int'l Crisis Group, 494 F.3d 1080, 1086-87 (D.C. Cir. 2007) (holding that equitable tolling applies when the plaintiff is unable to find information vital to his claim). Tolling can only begin upon the discovery of an injury.  Due to the refusal to issue a final agency decision or respond to SDF complaints discovery has been purposefully delayed thereby tolling the statute of limitations under ECOA. The lack of non-enforcement of the ECOA to issue a final agency decision led to the loss of property therefore we are requesting a final agency decision from USDA on behalf of the plaintiff.

1. Declare that the Secretary of Agriculture and Department of Agriculture have separate administrative resolution processes based on race and gender is unconstitutional.

2. Declare that any person with a pending complaint lodged at the Department of Agriculture has a right for a formal hearing on the merits before the Administrative Law Judge is a constitutional right.

3. Declare that interference from the Office for Civil Rights or the ASCR has to refer Socially Disadvantaged Farmers to the Administrative Law Judge is unconstitutional.

4. Declare that the Secretary of Agriculture and the Dept. of Agriculture promulgating rules and regulations that would make any decision by the Office for Civil Rights not subject to Judicial Review is unconstitutional.

## IN CONCLUSION

The motion for joinder should be granted.

Prayer of relief for cross claim:

Plaintiff Miller to be required to post a 4 billion dollar bond or otherwise the full amount of debt relief allocated by Congress in the Cares Act or otherwise known as the Warnock Bill.


Respectfully Submitted,

Corey Lea
P.O. Box 422
Arrington, Tn. 37014
615 308 7787



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.