# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY LEA,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTURE OF AGRICULTURE, et al.,<br><br>  Respondents. | Case No. 3:16-cv-00735<br><br>Judge Terrence Berg<br>Magistrate Judge Newbern |

To:   The Honorable Terrence G. Berg, District Judge

### REPORT AND RECOMMENDATION

The District Court referred this *pro se* Petition for Judicial Review under the Administrative Procedure Act to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to dispose or recommended disposition of any pretrial motions and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. (Doc. No. 3.)

Pending before the Court is the Motion to Dismiss of Respondent United States Department of Agriculture (USDA) (Doc. No. 22). Petitioner Corey Lea has responded in opposition. (Doc. No. 24.) For the following reasons, the undersigned RECOMMENDS that the motion to dismiss be GRANTED and that the Petition be DISMISSED.

**I.   Background**

Petitioner Corey Lea brings a petition under the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.*, related to (1) the USDA's "fail[ure] [to] act on [t]he 2008 Farm Bill and the

[foreclosure] moratorium relief it provided in 7 CFR 766.358" for borrowers, and (2) "an accepted discrimination complaint still unresolved [at] the USDA's Office of Civil Rights." (Doc. No. 1, PageID# 2, ¶¶ 1–2.) It appears Lea's claims arise out of a foreclosure on Lea's property, which Lea believes the USDA should have stopped, and Lea's status as a "socially disadvantaged farmer and . . . a member of a protected class, African American." (*Id.* at PageID# 3–4, ¶ 7; PageID# 4, ¶ 8; PageID# 5, ¶ 11–12; PageID# 8, ¶ 20.) He seeks "an expedited formal hearing on the merits before the Department of Agriculture's Administrative Law Judg[e and,] if necessary, a judicial review of the ALJ's decision." (*Id.* at PageID# 9.)

Factual context is almost entirely absent from Lea's complaint in this action. However, Lea has brought substantially similar, and sometimes identical, claims in other courts which illuminate the present action. The United States Court of Federal Claims described Lea's related litigation history as follows in a 2016 order:

> This is *pro se* plaintiff Corey Lea's third action initiated in the United States Court of Federal Claims arising from the same underlying facts filed within a two-year time period. Plaintiff alleges that, in November 2007, the now-dissolved company Corey Lea, Inc. obtained a loan from Farmers National Bank to purchase farm property. This loan was guaranteed by the United States Department of Agriculture (USDA) Farm Service Agency (FSA) through a loan guarantee agreement. As a result, Farmers National Bank held a first mortgage on 90 percent of the property, and the USDA FSA held a second mortgage on 10 percent of the property. Mr. Lea attached the loan guarantee agreement to the complaint filed in the current action, which identifies "COREY LEA, INC." as the "Borrower," and "FARMERS NATIONAL BANK" as the "Lender." (capitalization in original). Although plaintiff did not provide a copy of the second mortgage held by the USDA FSA with his complaint, defendant provided a copy of this second mortgage as an attachment to its motion to dismiss. This second mortgage document identifies the mortgagor as "COREY LEA, INCORPORATED." (capitalization in original).
>
> Subsequently, in December 2007, plaintiff alleges that he secured a loan from Independence Bank to fund the construction of a new house on the property and to refinance the existing loan from Farmers National Bank. According to plaintiff, he requested a loan subordination from the USDA, however, the USDA denied the request after conducting an appraisal of the property and appraising the value of the property at $18,035.00 less than the amount of debt that plaintiff would incur with

the new loan, if completed. Following this denial, plaintiff filed a complaint with the USDA Office of Civil Rights, which was received by the USDA on May 1, 2008, alleging that the denial of the loan resulted from racial discrimination. It is not clear from the record in [this] case how these allegations were resolved.

In February 2009, Farmers National Bank initiated a foreclosure action on the farm property due to a failure to make payments for five months. Plaintiff alleges that, by July 28, 2009, the office of the USDA FSA responsible for adjudicating plaintiff's discrimination complaint had requested suspension of the foreclosure action. In October 2009, however, Farmers National Bank was granted a Judgment and Order of Sale as to the farm property. Thereafter, plaintiff filed multiple suits in the United States District Court for the Western District of Kentucky, and the United States Court of Federal Claims, "seeking an injunction against the farm's foreclosure as well as damages for the USDA's alleged earlier discrimination."

In addition to [the present] case, which the court refers to as *Lea IV,* plaintiff, Corey Lea, has filed at least eleven separate actions within the federal judiciary system based on the same set of facts, including: *Lea v. United States,* No. 3:16–CV–00735 (M.D. Tenn. April 13, 2016) (ongoing); *Lea v. Farmers Nat'l Bank,* No. 3:15–CV–00595 (M.D. Tenn. May 27, 2015) (finding plaintiff's case "to be legally frivolous by reason of improper venue"); *Lea v. United States,* No. 14–44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014) (*Lea I* ), *aff'd in part, vacated in part*, 592 Fed. Appx. 930 (Fed. Cir. 2014) (*Lea II* ) (voluntarily dismissed); *Lea v. United States,* 120 Fed. Cl. 440 (*Lea III* ) (granting defendant's motion to dismiss); *Lea v. United States,* No. 14–CV–00040–TBR (W.D. Ky. May 29, 2014) (dismissing plaintiff's complaint for violation of the sanctions against him); *Lea v. United States,* No. 13–CV–00110–JHM (W.D. Ky. Feb. 6, 2014) (finding plaintiff's claims frivolous and issuing sanctions enjoining plaintiff from filing related civil claims), *aff'd*, No. 14–5493 (6th Cir. Dec. 18, 2014), *cert. denied,* Case No. 14–8315 (April 6, 2015); *Lea v. United States,* No. 10–CV–00052–JHM (W.D. Ky. Jul. 11, 2013) (granting defendants' motion to dismiss), *aff'd*, No. 14–5445 (6th Cir. Dec. 18, 2014), *cert. denied,* Case No. 14–8315 (April 6, 2015); *Lea v. United States,* 1:11–CV–00094–JHM (W.D. Ky. Aug. 26, 2011) (transferred to Sixth Circuit at plaintiff's request); *Lea v. United States,* No. 10–CV–00029–JHM (W.D. Ky. Jan. 19, 2011) (granting defendants' motion to dismiss), *aff'd*, No. 11–5969 (6th Cir. Aug. 7, 2013); *Lea v. Kentucky,* 1:09–CV–0056–TBR (W.D. Ky. April 20, 2010) (granting defendants' motion to dismiss); *Lea v. Farmers Nat'l Bank,* 1:09–CV–00075–JHM–ERG (W.D. Ky. July 21, 2009) (granting defendants' motion to dismiss and finding that *pro se* plaintiff Corey Lea cannot pursue claim on behalf of corporation, Corey Lea, Inc.).

A number of *pro se,* plaintiff Corey Lea's prior complaints have been dismissed and found frivolous. For example, the United States District Court for the Western District of Kentucky specifically issued sanctions against plaintiff for his "submission of frivolous and duplicative lawsuits" and enjoined "Plaintiff Corey Lea" and his corporate affiliate, "Corey Lea, Inc.," from "filing any civil lawsuit in

the United States District Court, Western District of Kentucky alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged" in plaintiff's previous actions. *Lea v. United States,* No. 13–CV–00110–JHM, ECF No. 64 (emphasis in original). The District Court explained:

> Plaintiffs repeated filing of civil actions re-hashing the same arguments is improper and harassing and clearly unwarranted. His submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. The similarity of Plaintiff's actions and the timing evince his bad faith and improper purpose in filing the present action. As such, it is appropriate for this Court to impose sanctions upon Plaintiff.

*Id.*

*Lea v. United States*, 126 Fed. Cl. 203, 206–08 (Fed. Cl. 2016).

In May 2015, Lea initiated a separate action in this Court against the USDA, among other defendants, alleging discrimination and a violation of 7 C.F.R § 766.358. Complaint at 4–5, 11, *Lea v. Farmers Nat'l Bank,* No. 3-15-cv-00595 (M.D. Tenn. May 27, 2015), ECF 1. On February 23, 2016, the Court dismissed Lea's complaint on the grounds of frivolity based on improper venue. *Lea v. Farmers Nat'l Bank*, No. 3:15-cv-00595, 2016 WL 727775, at *1 (M.D. Tenn. Feb. 23, 2016). The Sixth Circuit affirmed that dismissal. *Lea v. Warren County*, No. 16-5329, 2017 WL 4216584, at *1 (6th Cir. May 4, 2017).

Lea filed the instant petition on April 13, 2016. (Doc. No. 1.) In it, Lea states that "the Secretary of the United States Department of Agriculture terminated the financial [assistance] provided to [Lea] in the form of a direct loan and loan guarantee to a local bank." (Doc. No. 1, PageID# 3, ¶ 5.) Construing his minimal allegations in the light most favorable to him, Lea claims that the USDA failed to protect him from foreclosure by not enforcing the foreclosure moratorium period imposed by the 2008 farm bill legislation, 7 C.F.R. § 766.358, against the private bank that

4

held his loan.[1] (*See* Doc. No. 1, PageID# 3–4, ¶ 7.) He cites the USDA's "long history of racial discrimination" and states that the "Secretary could have prevented the employees of the USDA from conspiring with the private bank to perfect an illegal provision." (*Id.* at PageID# 5, ¶ 12.) Lea states that he has "an accepted discrimination complaint still unresolved [at] the USDA's Office of Civil Rights." (*Id.* at PageID# 2, ¶ 2.) In response to Lea's request for a hearing on the merits of his complaint, "[t]he ALJ stated she was without jurisdiction to hold . . . the formal hearing on the merits[.]" (*Id.* at PageID# 3, ¶ 6.) Lea asserts that "the USDA has written rules against the constitution by not allowing black farmers to have a formal hearing before the Administrative Law Judge" while "a similar[ly] situated white male farmer" can. (*See id.* ¶ 4.) He asks for "an expedited formal hearing on the merits before the Department of Agriculture's Administrative Law Judg[e and,] if necessary, a judicial review of the ALJ's decision." (*Id.* at PageID# 9.)

The USDA filed its motion to dismiss on August 31, 2016. (Doc. No. 22.) In it, the United States assumes that Lea "seeks review of the two (2) most recent related decisions in the [United States Court of Federal Claims] out of the many adverse decisions against [Lea] in that court." (Doc. No. 23, PageID# 104.) The United States cites decisions from the Court of Federal Claims issued on April 25, 2016 and May 10, 2016. (*Id.*) In those decisions, the Court of Federal Claims found that Lea's claims "based on alleged takings, tort, and implied-in-fact contract" were collaterally estopped by prior decisions of that court against him and that Lea's remaining breach

---

[1] The Food and Energy Conservation Act (or 2008 "Farm Bill") instituted a moratorium with respect to certain farmer program loans "on all acceleration and foreclosure proceedings instituted by the Department of Agriculture against any farmer or rancher" with a claim of program discrimination against the USDA. 7 U.S.C. § 1981a(b)(1). The Western District of Kentucky found, however, that the bill did not preclude foreclosure due to Lea's discrimination claim because 7 U.S.C. § 1981a "limited the moratorium solely to those foreclosures 'instituted by the Department of Agriculture,'" and a private bank, not the USDA, instituted the foreclosure proceedings in Lea's case. *Lea v. U.S. Dep't of Agric.*, No. 1:10-cv-00029, 2011 WL 182698, at *3–4 (W.D. Ky. Jan. 19, 2011).

5

of contract claims were properly brought by Lea's corporate entity, Corey Lea, Inc., and not Lea personally. (*Id.* at PageID# 105–06.) The United States argues that Lea "does not plead any sufficient facts upon which relief can be granted in his Petition to challenge the decisions made by the Claims Court." (*Id.* at PageID# 106.)

## II.     Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement ensures that defendants receive "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept as true the factual allegations (but not legal conclusions) in the complaint. *Iqbal*, 556 U.S. at 678.

Pro se complaints, no matter how "inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Where a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted . . . " 28 U.S.C. § 1915(e)(2)(B)(ii). The court shall also dismiss any action it finds to be frivolous or maliciously filed. *Id.* § 1915(e)(2)(B)(i).

## III.    Analysis

As a threshold matter, the undersigned notes that the United States' motion to dismiss is based upon a faulty assumption that Lea's current petition challenges the April 25, 2016 and May

10, 2016 decisions of the Court of Federal Claims. (*See* Doc. No. 23, PageID# 104.) Lea's petition in this Court was filed on April 13, 2016, and thus could not be in response to those later-filed decisions. (*See* Doc. No. 1.) Because the United States offers no other basis for its motion, it does not provide grounds for the dismissal of Lea's complaint. However, because Lea proceeds *in forma pauperis* in this action, the Court has an independent obligation to determine "at any time" whether the complaint is frivolous, maliciously filed, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2(B)(i)–1915(e)(2)(B)(ii). The undersigned will therefore evaluate Lea's complaint under that statute.

### A.  Venue

This Court has previously found, and the Sixth Circuit has affirmed, that the Middle District of Tennessee is not the proper venue for an action stemming from the foreclosure of Lea's property. *Lea v. Farmers Nat'l Bank (Lea I)*, No. 3:15-CV-00595, 2016 WL 727775, at *1 (M.D. Tenn. Feb. 23, 2016); *Lea v. Warren County (Lea II)*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017). Although the United States does not challenge venue in this case, the Court must consider sua sponte whether a lack of venue renders this matter legally frivolous under the *in forma pauperis* statute, as the Sixth Circuit found Lea's prior action to be. *Lea II*, 2017 WL 4216584, at *2. The undersigned finds that it does.

In an action brought against an agency or officer of the United States, venue is proper in the district in which a defendant resides, a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated," or "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). It appears that Lea's claims here again center on the property located in the Western District of Kentucky and the USDA's actions surrounding its foreclosure. (Doc. No. 1, PageID#

7

4, ¶ 7; Doc. No. 24-1, PageID# 168.) Although Lea frames this action as a challenge to the administrative law judge's failure to hold a hearing on the merits of his civil rights complaint, and not as a direct challenge to the foreclosure of his property, the foreclosure and the events surrounding it still constitute the heart of Lea's claims. As the Sixth Circuit found, "the subject property was located in Kentucky, it was sold in Kentucky, litigation regarding the property had already been brought in Kentucky courts, and Lea himself resided in Kentucky during the time of the foreclosure and the sale of the subject property." *Lea II*, 2017 WL 4216584, at *2. Thus, a "substantial part of the events or omissions giving rise" to Lea's claims occurred in the Western District of Kentucky, where the real property that is the subject of this action is situated. 28 U.S.C. § 1391(e)(1). Venue is proper in that district and not the Middle District of Tennessee.

Upon finding a case to be improperly filed in its district, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Lea's case would find proper venue in the Western District of Kentucky. However, it appears that Lea has been "permanently enjoined from filing any civil lawsuit in the United States District Court, Western District of Kentucky alleging or asserting factual or legal claims based upon or arising out of [the foreclosure]." *Lea v. U.S. Dep't of Agric.*, No. 114CV-40-R, 2014 WL 2435903, at *1 (W.D. Ky. May 29, 2014).[2] Because Lea must "seek leave and written permission to file [an action in the Western District of Kentucky] and certify under oath or affirmation that the action involves new matters in accordance with the sanctions entered against him" before filing any new action in that district, the undersigned finds that

---

[2] Lea filed his first action in this Court shortly after he was enjoined from proceeding in the Western District of Kentucky. *See* Complaint, *Lea v. Farmers Nat'l Bank*, No. 3:15-cv-00595 (M.D. Tenn. May 27, 2015), ECF 1.

8

transferring this matter would not serve the interest of justice and that dismissal is the appropriate result. *Id.*

### B. Failure to State a Claim Under the Administrative Procedures Act

Even if venue were proper in this district, Lea's petition does not state a claim upon which relief may be granted because the petition's few facts do not allege that Lea has suffered a legal wrong within the meaning of the Administrative Procedures Act (APA). To state a claim under the APA, a petitioner must plead that "the challenged agency action caused them to suffer a 'legal wrong' or 'adversely affected or aggrieved' them 'within the meaning of a relevant statute.'" *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 818 (6th Cir. 2015) (quoting 5 U.S.C. § 702). Second, the petitioner must plead that a statute has subjected the challenged agency action to review, or that the challenged action is a "final" one "for which there is no other adequate remedy in a court." *Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 632 (6th Cir. 2016) (quoting 5 U.S.C. § 704). An action is "final" when it marks "the consummation of the agency's decisionmaking process" and determines "rights or obligations." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotations omitted).

Lea first pleads that "[t]he agency and the secretary failed to enforce its own rules and regulations and an Act of Congress that provided moratorium relief against foreclosure until a hearing on the merits by the Administrative Law Judge." (Doc. No. 1, PageID# 6, ¶ 15.) This claim fails because the Western District of Kentucky has held, and the Sixth Circuit has affirmed, that the plain language of the statute Lea references provided a moratorium only on foreclosures "instituted by the Department of Agriculture," 7 U.S.C. § 1981a(b)(1), and Lea concedes that a "private bank" initiated his foreclosure. *Lea v. U.S. Dep't of Agric.*, No. 1:10-CV-00029, 2011 WL 182698, at *4 (W.D. Ky. Jan. 19, 2011), *aff'd*, Order at 5–6, *Lea v. U.S. Dep't of Agric.*, No. 11-

9

5969 (6th Cir. Aug. 7, 2013), ECF 95; (Doc. No. 1, PageID# 4, ¶ 7). Lea has not alleged a legal wrong under the APA; moreover, any claim he might have raised has already been determined.

Further, Lea does not include any facts to show what harm he has suffered because he did not have a hearing on the merits before the ALJ or what contracts USDA failed to enforce. (*See* Doc. No. 1, PageID# 7, ¶ 17.) Although Rule 8 does not demand that a plaintiff make "detailed factual allegations," *Twombly*, 550 U.S. at 555, Lea's unsupported assertion that denial of the hearing "caused harm" is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has found does not adequately state a claim. *Iqbal*, 556 U.S. at 678; (Doc. No. 1, PageID# 7, ¶ 17). Dismissal is therefore appropriate under § 1915(e)(2)(B)(ii).

Finally, although Lea brings his claims under a different cause of action than that alleged in prior suits, he seeks relief for the same injuries that have been litigated many times over. Lea's numerous cases in the Western District of Kentucky and the Court of Federal Claims—all arising from the same facts—make dismissal of Lea's case as frivolous appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." (quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (per curiam)); *Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001) (affirming dismissal of action as frivolous because claim preclusion barred "all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented"). Lea has found a new bottle, but the wine is old. The similarity of Lea's many actions and the timing of his filing in this Court show that this lawsuit does not have a proper

purpose and must be dismissed as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii).

## IV. Recommendation

In light of the foregoing, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss (Doc. No. 22) be GRANTED and that the Petition be DISMISSED. The Magistrate Judge further RECOMMENDS that Lea's additional pending motions be DENIED AS MOOT. (Doc. Nos. 25, 31, 32.)

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 8th day of December, 2017.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge