**Sid Miller**, et al.,

        Plaintiffs,

v.

**Tom Vilsack**, in his official capacity as Secretary of Agriculture,

        Defendant.

Case No. 4:21-cv-00595-O

# BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

GENE P. HAMILTON
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

H. DUSTIN FILLMORE III
Texas Bar No. 06996010
CHARLES W. FILLMORE
Texas Bar No. 00785861
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

## TABLE OF CONTENTS

Table of contents ................................................................................. i

Table of authorities ............................................................................. ii

 I.  The Court should certify the proposed classes under Rule 23(b)(2) ............. 1

  A.  The proposed classes are so numerous that joinder of all members is impractical ................................................................. 2

  B.  There are questions of law or fact common to the members of the classes ................................................................................. 3

  C.  The plaintiffs' claims are typical of the claims of the classes ..................... 4

  D.  The plaintiffs will fairly and adequately protect the interests of the classes ................................................................................. 4

  E.  Plaintiffs satisfy Rule 23(b)(2) ............................................................. 5

 II.  Class discovery is not needed ................................................................. 6

Conclusion ........................................................................................... 7

Certificate of conference ....................................................................... 8

Certificate of service ............................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................. 5

*In re Deepwater Horizon*,
  739 F.3d 790, 812 (5th Cir. 2014) ............................................................ 3

*In re Nat'l Football League Players Concussion Injury Litig.*,
  821 F.3d 410, 426 (3d Cir. 2016) ............................................................. 2

*James v. City of Dallas*,
  254 F.3d 551, 571 (5th Cir. 2001) ............................................................ 4

*M.D. v. Perry*,
  675 F.3d 832 (5th Cir. 2012) ............................................................... 3, 6

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ..................................................................... 3, 4, 5, 6

**Statutes**

42 U.S.C. § 1988(b) ...................................................................................... 6

7 U.S.C. § 2279(a)(5)–(6) ........................................................................ 1, 5

**Rules**

Fed. R. Civ. P. 23(b)(2) ............................................................................ 5, 6

Local Civil Rule 23.2(b)(3) .......................................................................... 1

Local Rule 23.2(b)(1) ................................................................................... 3

Local Rule 23.2(c) ........................................................................................ 5

Local Rule 23.2(d) ........................................................................................ 6

Local Rule 23.2(e) ........................................................................................ 6

Local Rule 23.2(f) ......................................................................................... 6

Local Rule 23.2(g) ........................................................................................ 6

The plaintiffs respectfully move to certify two classes under Rule 23(b)(2). The first proposed class will be represented by plaintiffs Greg Macha, James Meek, Jeff Peters, and Lorinda O'Shaughnessy, and it consists of "all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act."

The common characteristics of these class members are that they are all white farmers or ranchers who have loans directly with or guaranteed by the Department of Agriculture, and who have been disqualified for loan forgiveness under section 1005 of the American Rescue Plan Act on account of their race. *See* Local Rule 23.2(b)(3). The distinguishing characteristics are that the farms and ranches that they own differ in their size, location, and profitability. *See id.*

The second proposed class will be represented by all of the named plaintiffs in this action, and it consists of "all farmers and ranchers in the United States who are currently excluded from the definition of 'socially disadvantaged farmer or rancher,' as defined in 7 U.S.C. § 2279(a)(5)–(6) and as interpreted by the Department of Agriculture."

The common characteristics of these class members are that they are all white (or mostly white) farmers or ranchers who are encountering discrimination from Department of Agriculture on account of their race. *See* Local Rule 23.2(b)(3). The distinguishing characteristics are that the farms and ranches that they own differ in their size, location, and profitability. *See id.*

## I. The Court Should Certify the Proposed Classes Under Rule 23(b)(2)

A party that moves for class certification must satisfy each requirement of Rule 23(a) and at least one subdivision in Rule 23(b). The proposed classes meet each of these requirements.

### A. The Proposed Classes Are So Numerous That Joinder of All Members Is Impractical

The number of white farmers and ranchers who are facing discrimination from the U.S. Department of Agriculture on account of their race easily exceeds the numerosity threshold. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016) ("[N]umerosity is generally satisfied if there are more than 40 class members.").

Based on the defendant's own data in the 2017 Census of Agriculture, there were 239,351 farmers with "White Producers" in Texas alone. *See* Exhibit 1. *See also* U.S. Department of Agriculture, National Agricultural Statistics Service, *2017 Census of Agriculture Race/Ethnicity/Gender Profile*, available at https://bit.ly/3ctnRo3 (last visited on June 2, 2021). As for the United States, the same Census showed that there were 1,963,286 farmer producers self-identifying as "White only." *See* Exhibit 2. *See also* U.S. Department of Agriculture, National Agricultural Statistics Service, *2017 Census of Agriculture, Table 61, Selected Farm Characteristics by Race*, available at https://bit.ly/3ccyew9 (last accessed June 2, 2021).

With respect to the proposed class of farmers with Department-backed loans, the Farm Service Agency reported that in FY2020, there were 34,986 loan obligations nationwide, 1,573 of which were In Texas. *See* Exhibit 3; *see also* U.S. Department of Agriculture, Farm Service Agency, *Farm Loan Programs Obligation Report*, *available at* https://bit.ly/3wPttjX (last accessed June 2, 2021). It further reported that for the same fiscal year, a total of 6,852 of those loans were for "socially disadvantaged" farmers nationwide, 428 of which were in Texas. *See* Exhibit 4; *see also* U.S. Department of Agriculture, Farm Service Agency, *Farm Loan Programs Socially Disadvantaged Obligations Report*, *available at* https://bit.ly/3i5eA9c (last accessed June 2, 2021). This indicates that the nationwide class comprises at least 21,000 farmers, and over 1,000 in Texas alone.

Each of the proposed classes easily meets the threshold of Rule 23(a)(1). The local rules of this Court require us to provide the "approximate number of class members." Local Rule 23.2(b)(1). Based on these data discussed above, the plaintiffs estimate that the proposed class of white farmers and ranchers consists of between 200,000 and 250,000 members, and that the proposed class of white farmers and ranchers with Department-backed loans ranges between 20,000 and 25,000 members.

### B. There Are Questions of Law or Fact Common to The Members of The Classes

The representative plaintiffs seek to litigate a question of law common to all members of each of the two classes: does the United State Department of Agriculture violate the Constitution and Title VI of the Civil Rights Act of 1964 by limiting eligibility for government benefits to "socially disadvantaged farmers or ranchers"?

This question affects all class members because each of them is subject to discrimination on account of their race, as each of them is excluded from the definition of "socially disadvantaged farmers or ranchers" because they are white. Each class member will "suffer the same injury," and that is all that needed to satisfy Rule 23(a)(2)'s commonality requirement. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *see also Wal-Mart*, 564 U.S. at 360 ("[E]ven a single [common] question will do." (citation and internal quotation marks omitted)); *In re Deepwater Horizon*, 739 F.3d 790, 812 (5th Cir. 2014) (same). And a ruling on these issues "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350; *see also M.D. v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012).

### C. The Plaintiffs' Claims Are Typical of The Claims of The Classes

The plaintiffs' claims are more than typical: they are precisely the same as those from all members of the proposed class. The United States Congress and the Department of Agriculture have implemented a program that actively discriminates against farmers and ranchers based on their race or ethnicity.

The interests of the plaintiffs are aligned with those of the class, as each class member benefits from a ruling that prevents the United States Department of Agriculture from discriminating against them because of their race or ethnicity. *See James v. City of Dallas,* 254 F.3d 551, 571 (5th Cir. 2001) ("[T]he test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." (citations and quotation marks omitted)); *id.* ("[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." (citations and quotation marks omitted)); *see also Wal-Mart*, 564 U.S. at 350 n.5 ("[T]he commonality and typicality requirements of Rule 23(a) tend to merge." (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157–158 n.13 (1982)).

### D. The Plaintiffs Will Fairly and Adequately Protect the Interests of The Classes

The plaintiffs will fairly and adequately represent the interests of its fellow class members, and there are no conflicts of interest between the plaintiffs and the other members of this class.

The first class consists of "all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act." The second class consists of "all farmers and ranchers in the United States who

are currently excluded from the definition of 'socially disadvantaged farmer or rancher,' as defined in 7 U.S.C. § 2279(a)(5)–(6) and as interpreted by the Department of Agriculture." There is no conceivable conflict of interest that could arise from the plaintiffs' efforts to prevent the defendants from discriminating against them on a classwide basis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent."). A classwide injunction will serve only to protect the class members' constitutional rights, as well as rights guaranteed under the Civil Rights Act of 1964.

The plaintiffs are appropriate class representatives because they have a vested interest in ensuring the success of this litigation and preventing the defendants from discriminating against anyone because of their race or ethnicity. The plaintiffs' attorneys are self-financing this litigation, but the legal issues are straightforward, and the case will not be expensive to litigate. *See* Local Rule 23.2(c).

### E. Plaintiffs Satisfy Rule 23(b)(2)

The final criterion for class certification under Rule 23(b)(2) is that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court has held that this requirement is satisfied "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360; *see also id.* at 361–62 ("[T]he relief sought must perforce affect the entire class at once . . . ."). That is precisely what Plaintiffs request: a single injunction that stops the defendants from discriminating against any of the class members because of their race or ethnicity. No one is seeking individualized relief for any class member or for any

subset of the class. *Compare with M.D.*, 675 F.3d at 845 (disapproving class certification under Rule 23(b)(2) when individualized relief was sought). The plaintiffs request a simple, classwide injunction that prevents them from being discriminated against because of their race or ethnicity.

In addition, the defendant agencies are "act[ing] . . . on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). With respect to the each class, the Department of Agriculture has expressly conditioned the ability to apply for and receive a government benefit on the applicant's race. Because this condition discriminates against all class members, it makes "final injunctive relief or corresponding declaratory relief . . . appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal–Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

## II.  Class Discovery Is Not Needed

The representative plaintiffs believe that class discovery is unnecessary given that the classes unquestionably satisfy the numerosity requirement of Rule 23(a)(1). *See* Local Rule 23.2(f). The plaintiffs' attorneys' fees will be paid on a contingency basis if the action is successful. *See* 42 U.S.C. § 1988(b); Local Rule 23.2(g). The remaining information required by Local Rule 23.2 is inapplicable because certification is sought solely under Rule 23(b)(2) and the representatives are not seeking damages or monetary relief, so notice need not be given to absent class members. *See* Local Rule 23.2(e). In addition, this is not a diversity action, so there is no need to determine a jurisdictional amount. *See* Local Rule 23.2(d).

## CONCLUSION

The motion for class certification should be granted.

                                                Respectfully submitted.

                                                */s/ Jonathan F. Mitchell*

| | |
|---|---|
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 300 Independence Avenue SE | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3941 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |
| | |
| H. Dustin Fillmore III | |
| Texas Bar No. 06996010 | |
| Charles W. Fillmore | |
| Texas Bar No. 00785861 | |
| The Fillmore Law Firm, L.L.P. | |
| 201 Main Street, Suite 801 | |
| Fort Worth, Texas 76102 | |
| (817) 332-2351 (phone) | |
| (817) 870-1859 (fax) | |
| dusty@fillmorefirm.com | |
| chad@fillmorefirm.com | |
| | *Counsel for Plaintiffs and* |
| Dated: June 2, 2021 | *the Proposed Classes* |

## CERTIFICATE OF CONFERENCE

I certify that on June 2, 2021, I conferred with Emily Sue Newton, counsel for the defendants, and she informed me that the defendants oppose this motion.

        /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs and
the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on June 2, 2021, I served this document through CM/ECF upon:

EMILY SUE NEWTON
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-8356 (phone)
(202) 616-8460 (fax)
emily.s.newton@usdoj.gov

*Counsel for Defendants*

        /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs and
the Proposed Class*