UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Sid Miller**, et al., <br><br>　　　　　　Plaintiffs, <br><br> v. <br><br> **Tom Vilsack**, in his official capacity as Secretary of Agriculture, <br><br>　　　　　　Defendant. | Case No. 4:21-cv-00595-O |

### [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

　　The plaintiffs' motion for preliminary injunction is granted.

　　The Court concludes that the plaintiffs are likely to succeed on the merits of their claim that the Department of Agriculture's use of racial preferences in its administration of the loan-forgiveness programs established in section 1005 of the American Rescue Plan Act violates the Constitution and Title VI. The Court further concludes that the plaintiffs will suffer irreparable harm absent a preliminary injunction because the plaintiffs are experiencing racial discrimination at the hands of government officials, and these injuries are irreparable because the plaintiffs cannot obtain damages from the defendants on account of their sovereign immunity. The Court also finds that the balance of equities favors the plaintiffs, and the public interest supports a preliminary injunction order.

　　It is therefore ORDERED that:

　　1.  Defendant Tom Visack and his successors in office, along with their officers, agents, servants, employees, attorneys, designees, and subordinates, as well as any person acting in concert or participation with them, are ENJOINED from discriminating

on account of race in administering section 1005 of the American Rescue Plan Act. This prohibition on discrimination encompasses: (a) Considering or using an applicant's race or ethnicity as a criterion in determining whether an applicant will obtain loan forgiveness; and (b) Considering or using any criterion that is intended to serve as a proxy for race in determining whether an applicant will obtain loan forgiveness.

2. Because the defendants will not suffer any financial loss on account of this preliminary injunction, there is no need for the plaintiffs to post security under Rule 65(c) of the federal rules of civil procedure.

Dated: _____, 2021

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE