UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER,<br><br>*Plaintiff*,<br><br>v.<br><br>TOM VILSACK,<br><br>*Defendant*, | Case No. 4:21-cv-00595 |

## THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS' CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) hereby file this Conditional Motion for Leave to Intervene as Defendants in this action (the "Conditional Motion"). Because, at present, NBFA and AAIF share the same ultimate objective as the Government in defending the law challenged in this action, the organizations expressly request that the Court defer consideration of this Motion until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's. This approach balances NBFA and AAIF's interests in timely filing their application to intervene, while also accounting for how merits arguments have yet to be developed due to the litigation's early stage.[1]

---

[1] *See Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engs.*, 101 F.3d 503, 509 (7th Cir. 1996) ("The proper way to handle such an eventuality [where the government's representation of interest "may turn inadequate" at some future point] [is] to file at the outset of the case a standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy . . . .").

Pursuant to Fed. R. Civ. P. 24, this Conditional Motion is accompanied by (1) a Memorandum of Law in Support; and (2) NBFA and AAIF's Answer to Plaintiffs' First Amended Class Action Complaint.

Plaintiffs' counsel does not oppose the filing of a placeholder motion to secure timeliness, although they have indicated they will oppose any later request to intervene. Defendant's counsel does not take a position on this Conditional Motion.

Dated: June 9, 2021                                      Respectfully submitted,

                                                         HENDLER FLORES LAW, PLLC

                                                         /s/ Scott M. Hendler
                                                         _____
                                                         Scott M. Hendler
                                                         Texas Bar No. 09445500
                                                         Rebecca R. Webber
                                                         Texas Bar No. 24060805
                                                         901 S. MoPac Expy, Bldg. 1, Suite #300
                                                         Austin, Texas 78746
                                                         Telephone: (512) 439-3200
                                                         Facsimile: (512) 439-3201
                                                         shendler@hendlerlaw.com
                                                         rwebber@hendlerlaw.com

                                                         Of Counsel:
                                                         PUBLIC JUSTICE, P.C.
                                                         David Muraskin*
                                                         Jessica Culpepper*
                                                         Randolph T. Chen*
                                                         1620 L Street NW, Suite 630
                                                         Washington, D.C. 20036
                                                         Telephone: (202) 797-8600
                                                         Facsimile: (202) 232-7203
                                                         jculpepper@publicjustice.net
                                                         dmuraskin@publicjustice.net
                                                         rchen@publicjustice.net
                                                         *Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

                                                         * *Pro hac vice* application forthcoming

2

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Plaintiffs on June 4, 2021. Plaintiffs' counsel does not oppose the filing of a placeholder motion to secure timeliness, but opposes intervention.

I certify that I conferred with counsel for Defendant on June 4, 2021. Defendant's counsel does not take a position on this Motion.

*/s/ Scott M. Hendler*
Scott M. Hendler

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on June 9, 2021, which will serve all counsel of record.

*/s/ Scott M. Hendler*
Scott M. Hendler

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>TOM VILSACK,<br><br>*Defendant*, | Case No. 4:21-cv-00595 |

**MEMORANDUM OF LAW IN SUPPORT OF THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS' CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) file this Conditional Motion to Intervene as Defendants in this action (the "Conditional Motion"). It requests that the Court defer consideration until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's.

This approach seeks to balance requirements for intervention set out in Federal Rule of Civil Procedure 24. NBFA and AAIF have an interest in timely filing this application to intervene and defend the laws this action seeks to enjoin—which confers financial benefits on many of their members. At the same time, the conditional nature of this request recognizes the early stage of this litigation, where merits arguments and the adequacy of the Government's defense have yet to be fully developed.

Accordingly, this Memorandum is structured as follows. First, it provides the authority for NBFA and AAIF's filing of a Conditional Motion. Second, it provides factual background regarding NBFA and AAIF's purpose and membership. Third, it argues why NBFA and AAIF meet the factors required for intervention that can be ascertained at this time.

## AUTHORITY FOR CONDITIONAL APPLICATION FOR INTERVENTION

NBFA and AAIF file this Conditional Motion pursuant to the approach set out by the Seventh Circuit in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996). In *Army Corps*, a plaintiff sued to challenge a federal agency's denial of a water permit, and a citizens' group moved to intervene to defend the agency's decision. *Id.* at 504. The Seventh Circuit denied the request because the putative-intervenor and the agency shared the interest of defending the permitting decision and thus, "adequacy of representation [was] presumed," as the government is presumed to represent the interests of the public at large. *Id.* at 508. However, the court was also "sympathetic to the aspiring intervenor's concern that at some future point in this litigation, the government's representation of their interest may turn inadequate yet it would be too late to do anything about it." *Id.* For example, the court provided a hypothetical where the Government declined to appeal an unfavorable decision—at which point its representation of the putative-intervenor's interests "could well be thought inadequate." *Id.* at 509. The court thus set out the following solution:

> The proper way to handle such an eventuality is for the would-be intervenor, when as here no present inadequacy of representation can be shown, to file at the outset of the case a <u>standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy of representation</u> until the applicant is prepared to demonstrate inadequacy.

*Id.* (emphasis added).

NBFA and AAIF are in a similar posture. They presently share the same objective as the Government in defending the laws challenged by this action—but it remains possible that at some future point, the Government's handling of this litigation may turn inadequate. NBFA and AAIF thus file this Conditional Motion pursuant to the approach set out in *Army Corps* and expressly request the Court defer consideration on the motion until future developments in this lawsuit demonstrate that the organizations' interests diverge from the Government's.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case challenges certain provisions in the American Rescue Plan Act of 2021 (the "Act"), a broad piece of legislation aimed at remedying the devastating effects of the COVID-19 pandemic by providing $1.9 trillion in financial relief to American individuals and industries who have been harmed by the ongoing health crisis. *See* The White House, *Am. Rescue Plan,* https://www.whitehouse.gov/american-rescue-plan/. The Act includes approximately $10.4 billion in funding aimed to strengthen the agricultural and food supply chain, and includes provisions funding the purchase and distribution of agricultural commodities and providing grants to rural communities to fund programs related to healthcare and nutrition. *See What's in the Am. Rescue Plan Act of 2021 for Ag.?* Am. Farm Bureau Fed. (Mar. 8, 2021), https://www.fb.org/market-intel/whats-in-the-american-rescue-plan-act-of-2021-for-agriculture.

This case takes aim at two specific provisions of the Act—Sections 1005 and 1006—which provide financial relief to "socially disadvantaged farmers and ranchers." Section 1005 provides loan forgiveness, authorizing the U.S. Department of Agriculture ("USDA") to "provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher" on direct farm loans made by USDA and on farm loans guaranteed by USDA. Section 1005(a)(2). Section 1006 appropriates funds to the Secretary to provide grants and loans for socially disadvantaged farmers and ranchers for various purposes, including "provid[ing] outreach, mediation, financial training" and "improv[ing] land access." Section 1006(b)(1)-(2). Plaintiff alleges that these laws unconstitutionally "discrimina[te] on the grounds of race, color, and national origin" and requests the Court "declare unconstitutional any statute limiting the benefits of federal programs to 'socially disadvantaged farmers and ranchers.'" First Am. Compl., Dkt. No. 11, ¶¶ 28-29.

NBFA and AAIF are non-profit, membership-based organizations dedicated to advancing the interests of Black and Native American farmers. Exh. 1, Decl. of John Boyd, Jr. ("J. Boyd Decl.") ¶¶ 3-4; Exh. 2, Decl. of Kara Boyd ("K. Boyd Decl.") ¶¶ 3-4. NBFA has a national membership of over 116,000 members, comprised largely of Black farmers and ranchers and those members direct the organization's actions by voting on agenda items and resolutions at annual meetings. J. Boyd Decl. ¶ 3. AAIF has a national membership of over 350 members, comprised largely of Native American farmers and ranchers. K. Boyd Decl. ¶ 3. AAIF's activities are directed by its members through regional representatives, who vote on their constituent members' behalf to determine the organization's agenda. *Id.* ¶ 4.

NBFA's mission is to advocate for the interests of Black farmers and ranchers—which has included improving Black farmers and ranchers' access to public and private loans, as well as education regarding civil rights and land retention. J. Boyd Decl. ¶ 4. NBFA President John Boyd, Jr. has advocated on the specific issue of debt relief for the organization's members for decades and has testified before Congress on the issue. *Id.* ¶ 5. NBFA has members who are eligible for Section 1005's loan forgiveness provisions. Exh. 3, Decl. of Shade Mitchell Lewis ("Lewis Decl.") ¶ 9; Exh. 4, Decl. of Ivan Isidore Williams ("Williams Decl.") ¶ 9.

AAIF's mission is to advocate for the interests of Native American farmers and ranchers. K. Boyd Decl. ¶ 5. AAIF advances its mission by promoting investment in Native American farmers and ranchers, as well as providing them with outreach, advocacy, and technical assistance. *Id.* AAIF President Kara Boyd has specifically advocated on the Act's debt forgiveness provisions, directly engaging with federal legislators to express the organization's support for the legislation and building support for the legislation by networking with other

4

groups that advocate for the interests of Native American farmers. *Id.* ¶ 7. AAIF is aware that it has members who are eligible for Section 1005's loan forgiveness provisions. *See id.* ¶ 8.

Thus, this suit has the potential to undo NBFA and AAIF's dogged advocacy, leave their members in debt from which Congress intended them to be freed, and prevent them from receiving additional financial support that was designed to remedy a long history of discrimination that has already cost NBFA and AAIF's members greatly. To protect those interests, NFBA and AAIF file this conditional motion to intervene under Federal Rules of Civil Procedure 24(a) and (b).

## ARGUMENT

### I. Intervention As of Right.

Federal Rule of Civil Procedure 24(a)(2) provides: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fifth Circuit has explained this Rule "is to be liberally construed" and courts "should allow intervention when no one would be hurt and greater justice could be attained." *Wal-Mart Stores, Inc. v. Texas Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

The Fifth Circuit has elaborated that Rule 24(a)(2) intervention must be allowed where: (1) the application is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the disposition of that case may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties to the suit. *Wal-Mart*, 834 F.3d at 565. An

intervenor under Rule 24(a)(2) only "must meet the requirements of Article III if the intervenor wishes to pursue relief" distinct from the existing parties. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1648 (2017).

### A. NBFA and AAIF have Article III standing.

To the extent it will prove necessary for intervention, NBFA and AAIF have standing. Under the associational standing doctrine, membership organizations like NBFA and AAIF may sue to redress their members' injuries when: (1) its members have standing to sue in their own right, (2) the interest it seeks to protect is germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Cooper v. Tex. Alcoholic Bev. Comm'n*, 820 F.3d 730, 737 (5th Cir. 2016).

NBFA and AAIF's members have standing because they stand to receive financial benefits from the law that this action seeks to enjoin. *Cooper*, 820 F.3d at 737 (liquor retailer association's members had standing to defend constitutionality of licensing law that benefited their business). Protecting this interest has been and remains core to NBFA and AAIF's missions. J. Boyd Decl. ¶¶ 4-9; K. Boyd Decl. ¶ 5-6. And defending the constitutionality of this law also does not require the individual participation of any of NBFA and AAIF's members. *Id.*; *see also Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (while damages claims often require participation of individual members, actions for declaratory and injunctive relief generally do not). Therefore, NBFA and AAIF have Article III standing to participate in this action.

### B. The Conditional Motion is timely.

To determine whether NBFA and AAIF's motion is timely, courts consider four factors: (1) the length of time between the proposed intervenor's learning of their interest and the motion

to intervene; (2) the extent of prejudice to existing parties from allowing late intervention; (3) the extent of prejudice to the proposed intervenor if their motion is denied; and (4) and unusual circumstances. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Applications to intervene filed before the start of discovery are generally considered to be timely. *E.g.*, *Wal-Mart*, 834 F.3d at 565 (motion to intervene was timely because it was filed "before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded"); *see also Buckland v. Ohio Nat'l Life Assurance Corp.*, 2015 WL 13188295, *2 (N.D. Tex. Oct. 7, 2015) (O'Connor, J.) (motion to intervene filed two months after lawsuit was removed to federal court was timely).

Here, this Motion is timely under all four factors. As to the first and second factors, NBFA and AAIF promptly filed this Motion a mere seven weeks after learning of their interest in this case through reading Plaintiffs' Complaint that was filed on April 26, 2021. Filing at this very early stage of the litigation where Defendant has yet to file a responsive pleading and no discovery has been conducted is also exceedingly unlikely to prejudice any party. As to the third factor, NBFA and AAIF would be severely prejudiced if denied the opportunity to intervene because the litigation seeks to undo their advocacy and remove financial benefits to their members. *See Espy*, 18 F.3d at 1207 (intervenors with "economic interests" affected by litigation would be prejudiced if denied the opportunity to intervene). As to the final factor, NBFA and AAIF are unaware of any "unusual circumstances" that would counsel against intervention.

C. **NBFA and AAIF have a protectable interest related to this case.**

To determine whether an intervenor has a sufficient interest related to the controversy, the "touchstone of the inquiry is whether the interest alleged is 'legally protectable.'" *Wal-Mart*, 834 F.3d at 566-67. "[A]n interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not

7

have standing to pursue her own claim." *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015) (hereinafter, "*Texas*"). Here, as explained above, NBFA and AAIF have standing and thus plainly have a legally protectable interest. *Wal-Mart*, 834 F.3d at 566 n.3 ("We have previously suggested that a movant who shows standing is deemed to have a sufficiently substantial interest to intervene.") (internal quotations omitted).

The Fifth Circuit has also held that the intended beneficiaries of a government regulation possess a legally protectable interest sufficient to intervene and defend against a challenge to that regulation. *E.g.*, *Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (association purporting to represent farmers had sufficient interest to intervene in action seeking injunction preventing USDA from "expending any funds" to its members); *Wal-Mart*, 834 F.3d at 566 (trade association had interest justifying intervention where it sought to defend law where its members were the "beneficiar[ies]" of the regulations); *Texas*, 805 F.3d at 659 ("intended beneficiaries of the challenged federal policies" had sufficient interest to intervene). As in *Glickman*, *Wal-Mart*, and *Texas*, NBFA and AAIF's members are the intended beneficiaries of the laws that Plaintiffs challenge in this case. *E.g.*, Lewis Decl. ¶ 9; Williams Decl. ¶ 9; K. Boyd Decl. ¶ 7. They thus possess a legally protectable interest sufficient to justify intervention here.

D. **This case's disposition may impair NBFA and AAIF's interests.**

The Fifth Circuit has held that "the *stare decisis* effect of an adverse judgment constitutes a sufficient impairment to compel intervention." *Glickman*, 82 F.3d at 109-10. This is true here. An adverse resolution of this action would prevent NBFA and AAIF's members from receiving the financial benefits conferred by the laws at issue in this case.

E. **The Government's representation may become inadequate at a future point.**

Where a putative-intervenor and the Government share the same objective in defending a law, courts apply a presumption that the Government's defense is adequate, *see Texas*, 805 F.3d

at 661-62; hence NBFA and AAIF have filed this motion to intervene on a conditional basis. However, this litigation is still at an early stage and merits arguments have yet to be fully developed. This presumption thus may well be overcome should the Government later advance arguments that demonstrate its interests diverge from NBFA and AAIF's. For example, inadequacy of representation may be shown if the Government advances arguments that are adverse to NBFA and AAIF's interests—such as through compromise positions that limit NBFA and AAIF's members' access to financial benefits conferred by the challenged statutes. *See id.* at 663 (undocumented immigrant intervenors seeking to defend federal deferred-action immigration enforcement policy alongside the Government demonstrated inadequacy because Government took the position that States may refuse to issue driver's licenses to deferred action recipients, which was adverse to intervenors' interests). Courts have also observed inadequacy can be shown when the Government's declines to appeal an adverse ruling in the case, *see Army Corps*, 101 F.3d at 508, or changes its position during the pendency of a case, *see Franciscan Alliance, Inc. v. Azar*, 414 F. Supp. 3d 928, 935-36 (N.D. Tex. 2019) (O'Connor, J.) (initially denying organization's attempt to intervene and defend a law alongside the Government, but granting the renewed motion years later after Government had changed its position on the law).

Thus, should later developments in this action indicate that NBFA and AAIF's interests diverge from the Government, the organizations will renew this motion and establish this inadequacy of representation factor, having already established the other factors above.

## II.     Permissive Intervention

NFBA and AAIA also meet the requirements of permissive intervention—but in the interests of judicial economy, they are also requesting the Court defer ruling on this issue so it can be evaluated alongside any renewed motion to intervene as of right.

9

Rule 24(b)(1)(B) allows a court to grant permissive intervention to a party who makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." District courts have broad discretion on this issue and may permit intervention when: (1) the motion is timely, (2) the intervenor's claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice the adjudication of the rights of the original parties. *Siesta Village Mkt., LLC v. Perry*, 2006 WL 1880524, at *! (N.D. Tex. July 7, 2006).

The first and third factors, as discussed above in Section II, are plainly met because the Conditional Motion is timely and thus will not impose delay or prejudice on any of the existing parties given the early stage of the litigation. As to the second factor, a common question of law by definition exists where, as here, a proposed intervenor seeks to intervene in a lawsuit to defend a law challenged by the plaintiff. *E.g.*, *Texas v. United States*, 2018 WL 10562846, at *3 (N.D. Tex. May 16, 2018) (O'Connor, J.) (granting permissive intervention to state coalition seeking to defend federal healthcare law because coalition's defense "share[d] a question of law" with plaintiffs' constitutional challenge).

For these reasons, NFBA and AAIF could ask the Court to exercise its discretion to allow for permissive intervention. However, because NBFA and AAIF may later seek to intervene as of right, they believe it is most appropriate for the Court to also defer ruling on permissive intervention until the organizations determine whether their Rule 24(a) motion will become ripe.

## CONCLUSION

For the foregoing reasons, the NBFA and AAIF respectfully request the Court docket their Conditional Motion for Leave to Intervene as Defendants and defer consideration on the motion pending future developments in this lawsuit.

Dated: June 9, 2021

Respectfully submitted,

HENDLER FLORES LAW, PLLC

*/s/ Scott M. Hendler*
Scott M. Hendler
Texas Bar No. 09445500
Rebecca R. Webber
Texas Bar No. 24060805
901 S. MoPac Expy, Bldg. 1, Suite #300
Austin, Texas 78746
Telephone: (512) 439-3200
Facsimile: (512) 439-3201
shendler@hendlerlaw.com
rwebber@hendlerlaw.com

Of Counsel:

PUBLIC JUSTICE, P.C.
David Muraskin*
Jessica Culpepper*
Randolph T. Chen*
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
jculpepper@publicjustice.net
dmuraskin@publicjustice.net
rchen@publicjustice.net

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

* *Pro hac vice* application forthcoming