UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SID MILLER,

    *Plaintiff*,

v.

TOM VILSACK,

    *Defendant*,

Case No. 4:21-cv-00595

**[PROPOSED] ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT BY [PROPOSED] DEFENDANT-INTERVENORS THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS'**

Proposed Defendant-Intervenors the National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) answer the Plaintiffs' First Amended Class-Action Complaint (the "Complaint") as follows:

Plaintiffs' preliminary statement states legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

1.    Paragraph 1 of the Complaint states a legal conclusion to which no response is required.

2.    Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

**PARTIES**

3.    NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. NBFA and AAIF admit that Defendant Tom Vilsack is the U.S. Secretary of Agriculture and is being sued in his official capacity.

## STATEMENT OF FACTS

9. Paragraph 9 of the Complaint states a legal conclusion, to which no response is required.

10. Paragraph 10 of the Complaint states a legal conclusion, to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion, to which no response is required.

12. Paragraph 12 of the Complaint states a legal conclusion, to which no response is required.

13. NBFA and AAIF admit the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent Paragraph 16 of the Complaint states factual allegations, NBFA and AAIF lack sufficient knowledge or information to form a belief as to those allegations.

17. Paragraph 17 of the Complaint states a legal conclusion and factual opinion to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief as Plaintiffs' opinion that there are "many individuals, such as Homer Plessy and Elizabeth Warren, who have been regarded as racial minorities despite having only small traces of minority ancestry."

18. Paragraph 18 of the Complaint cites the Supreme Court case *Plessy v. Ferguson*, 163 U.S. 537 (1896); NBFA and AAIF aver that the case speaks for itself. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 regarding Senator Elizabeth Warren. The allegations in Paragraph 18 that the "nothing in the relevant statutes . . . establishes a blood quantum cut-off or defines the amount of 'socially disadvantaged' ancestry needed to qualify for aid under any of these federal programs" states a legal conclusion to which no response is required.

19. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19.

20. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20.

21. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21.

22. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

23. NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23.

24. Paragraph 24 of the Complaint states a legal conclusion, to which no response is required.

25. Paragraph 25 of the Complaint states a legal conclusion, to which no response is required.

**Claim 1: The Department of Agriculture's Racial Exclusions Violate the Constitution and Title VI**

26. Paragraph 26 of the Complaint states a legal conclusion, to which no response is required.

27. Paragraph 27 of the Complaint states a legal conclusion, to which no response is required.

28. Paragraph 28 of the Complaint states a legal conclusion, to which no response is required.

29. Paragraph 29 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

30. Paragraph 30 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

**Claim 2: In the Alternative, the Phrase "Socially Disadvantaged Group" Must Be Construed, As a Matter of Statutory Interpretation, to Include White Ethnic Groups That Have Suffered Past Prejudice and Discrimination**

31. Paragraph 31 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

32. Paragraph 32 of the Complaint states legal conclusions and consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

33. Paragraph 33 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

**Claim 3: In the Alternative, the Phrase "Socially Disadvantaged Farmer or Rancher" Must Be Construed, as a Matter of Statutory Interpretation, to Include Individuals Who Have Any Discernible Trace of Minority Ancestry**

34. Paragraph 34 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

35. Paragraph 35 of the Complaint states legal conclusions and consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

36. Paragraph 36 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

37. Paragraph 37 of the Complaint states a legal conclusion, to which no response is required.

38. Paragraph 38 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

39. Paragraph 39 of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

## CLASS-ACTION ALLEGATIONS

40. NBFA and AAIF admit the allegations in Paragraph 40 of the Complaint.

41. NBFA and AAIF admit the allegations in Paragraph 41 of the Complaint.

42. NBFA and AAIF admit the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states a legal conclusion, to which no response is required.

44. Paragraph 44 of the Complaint states a legal conclusion, to which no response is required.

45. Paragraph 45 of the Complaint states a legal conclusion, to which no response is required.

46. Paragraph 46 of the Complaint states a legal conclusion, to which no response is required.

47. Paragraph 47 of the Complaint states a legal conclusion, to which no response is required.

48. Paragraph 48 consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiffs are entitled to their requested relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

NBFA and AAIF hereby assert the following affirmative defenses to the causes of action made by Plaintiffs in the Complaint, subject to their right to amend and assert other affirmative defenses as may become available during discovery in this action.

### FIRST AFFIRMATIVE DEFENSE: LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot show the injury necessary to establish standing in federal court.

### SECOND AFFIRMATIVE DEFENSE: LACK OF RIPENESS

This Court lacks subject matter jurisdiction over Plaintiffs' claims because they are not ripe for review.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO EXHAUST

Plaintiffs' claims are barred because Plaintiffs have failed to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' claims, as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendant.

**WHEREFORE**, NBFA and AAIF respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of NBFA and AAIF; and (3) grant such further relief as the Court deems just and proper.

Dated: June 9, 2021

Respectfully submitted,

HENDLER FLORES LAW, PLLC

*/s/ Scott M. Hendler*
Scott M. Hendler
Texas Bar No. 09445500
Rebecca R. Webber
Texas Bar No. 24060805
901 S. MoPac Expy, Bldg. 1, Suite #300
Austin, Texas 78746
Telephone: (512) 439-3200
Facsimile: (512) 439-3201
shendler@hendlerlaw.com
rwebber@hendlerlaw.com


Of Counsel:

PUBLIC JUSTICE, P.C.
David Muraskin*
Jessica Culpepper*
Randolph T. Chen*
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
jculpepper@publicjustice.net
dmuraskin@publicjustice.net
rchen@publicjustice.net

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

\* *Pro hac vice* application forthcoming