IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, *et al.*, | ) ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) Civil Action No. 4:21-cv-595-O ) |
| TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, | ) ) ) ) |
| *Defendant*. | ) ) ) |

**DEFENDANT'S PARTIAL ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Tom Vilsack, in his official capacity as Secretary of Agriculture, answers Plaintiffs' Second Amended Complaint as follows:

The introductory paragraphs in Plaintiffs' Second Amended Complaint are Plaintiffs' characterization of the case and legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies that the U.S. Department of Agriculture's (USDA) administration of programs for "socially disadvantaged farmers and ranchers" violates the U.S. Constitution.

**Jurisdiction and Venue**

1. The allegations in paragraph no. 1 represent conclusions of law to which no answer is required. To the extent an answer is deemed required, Defendant denies that this Court has jurisdiction over Count I to the extent Plaintiffs challenge programs other than Section 1005 of the American Rescue Plan Act (ARPA), Count II, or Count III.

2. The allegations in paragraph no. 2 represent conclusions of law to which no answer is required. To the extent an answer is deemed required, Defendant admits based on Plaintiff's allegations that venue is proper.

**Parties**

3. Admit that Plaintiff is a farmer or rancher and that he is the Agriculture Commissioner for the State of Texas. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph no. 3.

4. Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 4.

5. Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 5.

6. Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 6.

7. Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 7.

8. Admit.

**Factual Allegations**

9. The allegations in paragraph no. 9 are Plaintiffs' characterization of Sections 1005 and 1006, and not an allegation of fact for which a response is required. To the extent a response

is deemed required, Defendant denies any characterization inconsistent with those statutory provisions.

10. The allegations in paragraph no. 10 are Plaintiffs' characterization of statutory provisions, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant admits that other federal statutes provide aid to individuals who fall within the definition of "socially disadvantaged farmer or rancher" and otherwise denies any characterization inconsistent with those statutory provisions.

11. Admit.

12. The allegations in paragraph no. 12 are Plaintiffs' characterization of a website and regulations, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant denies any characterization inconsistent with the website and regulations.

13. The allegations in paragraph no. 13 are Plaintiffs' characterization of a document, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant denies any characterization inconsistent with the document.

14. The allegations in paragraph no. 14 are Plaintiffs' characterization of a document, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant denies any characterization inconsistent with the document and otherwise admits that the Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA) states that members of socially disadvantaged groups include but are not limited to: American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos. *See* 86 FR 28329 (May 26, 2021). The Notice of Funds Availability also states that the Secretary of Agriculture will determine on a

case-by-case basis whether additional groups qualify under this definition in response to a written request with supporting explanation. *Id.*

15. Denied.

16. The allegations in paragraph no. 16 consist of legal argument and conclusions to which no response is required. To the extent a response is deemed required, admit that many ethnic groups have been subject to racial or ethnic prejudice in the United States because of their identity as members of a group without regard to their individual qualities including Irish, Italians, Germans, Jews, and eastern Europeans. Otherwise deny.

17. Admit the first sentence of paragraph no. 17. The allegation in the second sentence of paragraph no. 17 is not directed at Defendant and therefore no answer is required. To the extent an answer is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph no. 17.

18. The statement in the first sentence of paragraph no. 18 references a Supreme Court opinion that speaks for itself, and therefore no response is required. The allegation in the second sentence of paragraph no. 18 is not directed at Defendant and therefore no answer is required. To the extent an answer is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph no. 17. Admit the third sentence in paragraph no. 17.

19. Admit that the Plaintiff is a farmer or rancher who self-identifies as "overwhelmingly white," "primarily Scotch-Irish," and of "2% black ancestry." Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 19.

20. Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 20. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence in paragraph no. 20.

21. Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 21. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 21.

22. Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 22. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 22.

23. Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 23. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 23.

24. The allegations in paragraph no. 24 consist of legal argument and conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 24.

25. The allegations in paragraph no. 25 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

**Claim 1**

26-30: Paragraph nos. 26-30 contain allegations that fail to state a claim under Title VI. Concurrent with this Partial Answer, Defendants have filed a partial motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). Given the pending motion, no response to these paragraphs is required at this time.

**Claim 2**

31-33: Paragraph nos. 31-33 allege a claim for which Plaintiffs lack standing. Concurrent with this Partial Answer, Defendants have filed a partial motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(1). Given the pending motion, no response to these paragraphs is required at this time.

**Claim 3**

34-39: Paragraph nos. 34-39 allege a claim for which Plaintiffs lack standing. Concurrent with this Partial Answer, Defendants have filed a partial motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(1). Given the pending motion, no response to these paragraphs is required at this time.

**Class Action Allegations**

40. The allegations in paragraph 40 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs bring a purported class action.

41. The allegations in paragraph 41 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs "seek to represent a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of 'socially disadvantaged farmer or rancher.'"

42. The allegations in paragraph 42 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs seek to represent a "class of all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act."

43. The allegations in paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

44. The allegations in paragraph 44 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

45. The allegations in paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

46. The allegations in paragraph 46 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

47. The allegations in paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

**Demand for Relief**

48. The allegations in paragraph no. 48 constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the relief they request or any relief whatsoever.

**Affirmative Defenses**

1. Plaintiffs have failed to exhaust administrative remedies.

2. Plaintiffs are not entitled to attorney's fees or costs.

3. Plaintiffs and their claims are improperly joined.

Defendant denies all allegations in Plaintiff's Amended Complaint that Defendant has not otherwise answered herein. Wherefore, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing the Amended Complaint with prejudice and awarding Defendant costs and other such relief as the Court may deem appropriate.

Dated:  June 29, 2021                             Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Michael F. Knapp*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2071 / Fax: (202) 616-8460
michael.f.knapp@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Michael F. Knapp*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorney, U.S. Department of Justice
