IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 4:21-cv-595-O |
| TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, | ) |
| Defendant. | ) |

**JOINT REPORT**

The Court ordered the Parties "to meet and confer and submit a joint report by July 16, 2021, informing the Court how this case will proceed." ECF No. 66. The Court directed such report to "address a proposed plan for the conduct of discovery, Plaintiffs' notification of class members, and whether the parties anticipate the case going to trial," as well as "anything else the parties find pertinent." *Id.*

There are two outstanding contingencies that will affect how Plaintiffs wish to proceed. First, Defendants have not yet decided whether to appeal the district court's order of July 1, 2021, which granted Plaintiffs' motion for preliminary injunction and enjoined the use of racial preferences in the administration of section 1005 of the American Rescue Plan Act. Second, Defendants have asked other district courts considering similar lawsuits over the constitutionality of section 1005 to stay their proceedings pending proceedings in this class-action lawsuit.

Nevertheless, the Parties have conferred and are in general agreement as to how this case will proceed if Defendants decline to appeal the district court's order of July 1, 2021.

1.      If the Defendants do not appeal the preliminary injunction in this case, the Parties agree that judicial efficiency will be served by narrowing the issues in this litigation to those pursued by the certified classes. Plaintiffs moved to certify two classes to pursue claims "*only* against the continued enforcement of the racial exclusions in section 1005 of the American Rescue Plan Act," Pls.' Reply ISO Class Cert. at 1, ECF No. 41, and this Court certified those classes on July 1, 2021, Order, ECF No. 60. Plaintiffs' Amended Complaint also alleged other claims for which Plaintiffs did not seek class certification and which Defendants have moved to dismiss under Fed. R. Civ. P. 12(b), *see* ECF No. 49. If the Defendants do not appeal the preliminary injunction in this case, in lieu of further briefing on that motion, Plaintiffs state that they will likely file a Second Amended Complaint under Rule 15(a) that omits those claims, and instead assert only the claim of the two classes that § 1005 violates the equal protection component of the Fifth Amendment's Due Process Clause. Plaintiffs will therefore file an unopposed motion to stay briefing on Defendants' pending Motion to Dismiss; the Parties propose filing a joint status report concerning briefing on that motion within seven days of Defendants' filing a notice of interlocutory appeal or the time for appeal expiring.

2.      Narrowing the litigation in this manner will permit the Parties to proceed toward final judgment in this litigation on the claims for which Defendants have already answered, and for which this Court has already entered a preliminary injunction. The Parties anticipate that discovery on the § 1005 constitutional claim will be comparatively straightforward. The Parties do not believe factual discovery is necessary for the § 1005 constitutional claim, but believe that expert discovery will aid the Court and Parties in developing a full and complete record for decision.

With the understanding that only that claim will remain, the Parties have agreed to the following schedule for the conduct of discovery and dispositive motion briefing in this case:

- Initial Expert Reports – December 17, 2021
- Rebuttal Expert Reports – January 14, 2022
- Expert Depositions Complete by – February 11, 2022
- Simultaneous cross-motions for summary judgment – March 11, 2022
- Simultaneous response briefs – April 1, 2022

Given the significance of a final judgment evaluating the constitutionality of an Act of Congress, the Parties believe that a period of several months is needed to develop an adequate and complete record to inform the Court's final judgment. The Parties anticipate relying on expert testimony to address the claims in this case, and it will take substantial time for the Parties to first identify and retain such expert(s), for the expert(s) to review and analyze data reaching back decades and spanning the entire country, for the expert(s) to detail their findings in a report, for the Parties to review the competing reports and develop rebuttal reports as may be appropriate, for the Parties to depose the expert(s), and for the Parties to then incorporate that information, together with other information available, into briefing. The Parties do not believe that this schedule will prejudice Plaintiffs or the other members of the certified classes, who have obtained a preliminary injunction that, unless vacated by this or another court, will remain in place until final judgment.[1]

3.      The Parties anticipate that, with the benefit of a full record developed through expert reports and expert depositions, this litigation may be resolved on cross-motions for summary judgment and without trial. If the litigation is not resolved at summary judgment, the Parties will

---

[1] Defendants have not appealed or sought a stay of this Court's preliminary injunction, but reserve their right to do so. Should the preliminary injunction be vacated for any reason, any party may move in this Court to adjust the schedule proposed here.

confer on whether a trial is then appropriate and will submit a proposed schedule to govern any further proceedings.

4. The Parties are continuing to discuss notice for the class members. Because the classes are certified under Rule 23(b)(2) and do not seek monetary damages, the Parties believe that immediate individualized notice is not necessary at this stage in the proceedings. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998) ("[i]n the degree there is cohesiveness or unity in the class and the representation is effective, the need for notice to the class will tend toward a minimum" (quoting *See* Fed. R. Civ. P. 23 (advisory committee notes))). Some of the class members have brought separate lawsuits challenging Defendants' enforcement of section 1005. Those cases include: *Faust v. Vilsack,* 21-cv.-548 (E.D. Wis.); *Wynn v. Vilsack*, 3:21-cv-514 (M.D. Fla.); *Carpenter v. Vilsack*, 21-cv-103-F (D. Wyo.); *Holman v. Vilsack*, 1:21-cv-1085 (W.D. Tenn.); *Kent v. Vilsack*, 3:21-cv-540 (S.D. Ill.); *McKinney v. Vilsack*, 2:21-cv-212 (E.D. Tex.); *Joyner v. Vilsack*, 1:21-cv-1089 (W.D. Tenn.); *Dunlap v. Vilsack*, 2:21-cv-942 (D. Or.); *Rogers v. Vilsack*, 1:21-cv-1779 (D. Colo.); *Tiegs v. Vilsack*, 3:21-cv-147 (D.N.D.); *Nuest v. Vilsack*, 21-cv-1572 (D. Minn.). Plaintiffs' counsel intends to notify counsel in each of those cases of this Court's decision to certify the class.

5. The Parties have attached a proposed order for the Court's convenience.

| | |
|---|---|
| Dated:  July 16, 2021 | Respectfully submitted, |
| /s/ *Jonathan F. Mitchell*<br>JONATHAN F. MITCHELL<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>LESLEY FARBY<br>Assistant Branch Director<br>Civil Division, Federal Programs Branch<br><br>/s/ *Michael F. Knapp*<br>EMILY SUE NEWTON (VA Bar No. 80745)<br>Senior Trial Counsel |
| GENE P. HAMILTON<br>Virginia Bar No. 80434<br>Vice-President and General Counsel<br>America First Legal Foundation<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721 (phone)<br>gene.hamilton@aflegal.org | KYLA M. SNOW (Ohio Bar No. 96662)<br>MICHAEL F. KNAPP (Cal. Bar No. 314104)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Tel: (202) 514-2071/ Fax: (202) 616-8460<br>michael.f.knapp@usdoj.gov |
| *Counsel for Plaintiffs*<br>*and the Certified Classes* | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I certify that on July 16, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

/s/ *Jonathan F. Mitchell*
JONATHAN F. MITCHELL
*Counsel for Plaintiffs and
the Certified Classes*