IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, *et al.*, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Civil Action No. 4:21-cv-595-O ) |
| TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, | ) ) ) ) |
| *Defendant*. | ) ) ) |

**BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.   Plaintiffs fail to state a claim under Title VI of the Civil Rights Act of 1964 because Title VI does not apply to federal agencies. ................................................................. 3

CONCLUSION ...................................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 3

*Cannon v. Univ. of Chi.*,
  441 U.S. 677 (1979) .......................................................................................................... 5

*Cleveland v. Hunton*,
  No. 1:16-cv-01732, 2017 WL 1153011 (E.D. Cal. Mar. 27, 2017), *R. & R. adopted*,
  2017 WL 1491006 (E.D. Cal. Apr. 26, 2017) ................................................................. 4

*Cuvillier v. Taylor,*
  503 F.3d 397 (5th Cir. 2007) ........................................................................................... 3

*Fagan v. Small Bus. Admin.*,
  783 F. Supp. 1455 (D.D.C.), *aff'd*, 19 F.3d 684 (D.C. Cir. 1992) ................................... 5

*Flowers v. Brown*,
  No. 1:17-cv-460, 2021 WL 1143783 (E.D. Tex. Mar. 5, 2021), *R. & R. adopted*,
  2021 WL 1134272 (E.D. Tex. Mar. 23, 2021) ................................................................ 4

*Halim v. Donovan*,
  951 F. Supp. 2d 201 (D.D.C. 2013) ................................................................................. 4

*Jersey Heights Neighborhood Ass'n  v. Glendening*,
  174 F.3d 180 (4th Cir. 1999) ........................................................................................... 5

*Jones v. Greninger,*
  188 F.3d 322 (5th Cir. 1999) ........................................................................................... 3

*Marsaw v. Trailblazer Health Enters., LLC,*
  *192* F. Supp. 2d 737 (S.D. Tex. 2002) ............................................................................ 4

*NAACP v. Med. Ctr., Inc.*,
  599 F.2d 1247 (3d Cir. 1979) .......................................................................................... 5

*Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*,
  40 F.3d 698 (5th Cir. 1994) ............................................................................................. 5

*Regents of Univ. of Cal. v. Bakke*,
  438 U.S. 265 (1978) ......................................................................................................... 5

*Soberal-Perez v. Heckler*,
   717 F.2d 36 (2d Cir. 1983) ................................................................................................... 4

*United States v. Kennedy*,
   No. 17-0396, 2017 WL 4837473 (W.D. La. Oct. 5, 2017), *R. & R. adopted*,
   2017 WL 4817892 (W.D. La. Oct. 25, 2017); ...................................................................... 4

*Williams v. Glickman*,
   936 F. Supp. 1 (D.D.C. 1996) ............................................................................................... 4

*Wise v. Glickman*,
   257 F. Supp. 2d 123 (D.D.C. 2003) ...................................................................................... 4

*Women's Equity Action League v. Cavazos*,
   906 F.2d 742 (D.C. Cir. 1990) .............................................................................................. 5

**Statutes**

7 U.S.C. § 2204i .............................................................................................................................. 2

7 U.S.C. § 2279 ............................................................................................................................... 2

42 U.S.C. § 2000d ....................................................................................................................... 3, 4

42 U.S.C. § 2000d-1 ....................................................................................................................... 5

42 U.S.C. § 2000d-4a ..................................................................................................................... 4

American Rescue Plan Act (ARPA), Pub. L. No. 117-2 § 1005, 135 Stat. 4, (2021) ................ 1, 2

**Regulations**

66 Fed. Reg. 21,617-01 (Apr. 30, 2001) ........................................................................................ 2

86 Fed. Reg. 28,329 (May 26, 2021) ............................................................................................. 2

**Other Authorities**

American Rescue Plan Act of 2021, H.R. Rep. No. 117-7 (2021) ................................................ 1

# INTRODUCTION

As one part of a broad economic stimulus bill enacted in the midst of a global pandemic, Congress authorized the U.S. Department of Agriculture (USDA) to provide debt relief to "socially disadvantaged farmer[s] and rancher[s]." American Rescue Plan Act (ARPA), Pub. L. No. 117-2 § 1005, 135 Stat. 4, 12-13 (2021). Plaintiffs allege that they, and members of the classes they represent, are excluded from the benefits of this provision solely because of their race, and that this exclusion violates the Constitution.[1]

Plaintiffs also allege that USDA's administration of this Congressionally authorized program violates Title VI. But it is well-established that Title VI does not apply to a federal agency administering its own program. Plaintiffs' claim under Title VI of the Civil Rights Act of 1964 must therefore be dismissed for failure to state a claim.

# BACKGROUND

In March 2021, Congress passed ARPA, which provides widespread pandemic relief to the American people, including farmers. *See* Pub. L. No. 117-2 (2021). ARPA "takes a multipronged approach to tackle the public health and economic crises resulting from the COVID-19 pandemic." American Rescue Plan Act of 2021, H.R. Rep. No. 117-7, at 3 (2021). The House Report accompanying the bill shows that Congress was focused on the "most vulnerable communities . . . forced to bear the brunt of" the pandemic and resultant economic crisis "as underlying health and economic inequities grow worse." *Id.* at 2. Among those communities were minority farmers who generally could not obtain credit in the private market and had "received a disproportionately small share of the farm loans and payments administered by USDA as a result of . . . longstanding and widespread discrimination." *Id.* at 12.

Thus, as part of ARPA, Congress passed § 1005, which authorizes funds to pay up to 120

---

[1] Defendants do not contest, at this motion to dismiss stage, that at least one plaintiff has standing to challenge the administration of the § 1005 debt relief program. Nor do Defendants seek to dismiss such a claim under Rule 12(b)(6). Concurrent with this motion, Defendants have filed a Partial Answer to Plaintiffs' Second Amended Complaint.

1

percent of certain direct or guaranteed USDA farm loans held by "socially disadvantaged farmers or ranchers" and outstanding as of January 1, 2021. *See* ARPA § 1005. For purposes of § 1005, Congress gave the term "socially disadvantaged farmer or rancher" the same meaning as in § 2501(a) of the Food, Agriculture, Conservation, and Trade Act of 1990, codified at 7 U.S.C. § 2279(a). *See id.* § 1005(b)(3). That provision defines a "socially disadvantaged farmer or rancher" as "a farmer or rancher who is a member of a socially disadvantaged group," 7 U.S.C. § 2279(a)(5), which is further defined as "a group whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities," *id.* § 2279(a)(6).

Many of the programs USDA administers incorporate, to one degree or another, consideration of the statutory terms "socially disadvantaged group" (SDG) or "socially disadvantaged farmer or rancher." *See, e.g.*, 7 U.S.C. § 2204i(a) (requiring the Secretary of Agriculture to produce a report that includes information on socially disadvantaged farmers and ranchers). USDA has long interpreted "socially disadvantaged group[s]" to include the following: American Indians or Alaskan Natives; Asians; Blacks or African Americans; Hispanics or Latinos; and Native Hawaiians or other Pacific Islanders. *See, e.g.*, Outreach & Assistance for Socially Disadvantaged Farmers & Ranchers Program, 66 Fed. Reg. 21,617-01, 21,617 (Apr. 30, 2001). For administering the § 1005 program, USDA confirmed in a Notice of Funds Availability that SDGs would continue to "include, but are not limited to," those same five groups, while others could be considered for inclusion on a case-by-case basis by the Secretary in response to a written request with a supporting explanation. *See* Notice of Funds Availability, American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA), 86 Fed. Reg. 28,329, 28,330 (May 26, 2021). For purposes of § 1005, membership in an SDG is based on the borrower's self-certified identity. *Id.* at 28,330.

On April 26, 2021, Plaintiff Sid Miller, on behalf of himself and others similarly situated, filed a putative class action challenging USDA's implementation of § 1005. Compl., ECF No. 1. On June 2, 2021, Plaintiff filed an Amended Complaint adding four additional Plaintiffs. Am.

Compl. (FAC), ECF No. 11. Plaintiffs' Amended Complaint asserted numerous claims, and Plaintiffs simultaneously moved for class certification, Mot. for Class Certification, ECF No. 13, and a preliminary injunction based on their claim that § 1005 violated the equal protection component of the Fifth Amendment, Br. in Supp. of Pls.' Mot. for Prelim. Inj. ECF No. 18 (PI Mot.). The Court certified two classes and preliminarily enjoined Defendant "from discriminating on account of race or ethnicity in administering" § 1005. *See* Order, ECF No. 60 (PI Order) at 23-24.

While Plaintiffs' motion for a preliminary injunction was pending, Defendant moved to dismiss all but Plaintiffs' equal protection claim. *See* Def.'s Partial Mot. to Dismiss, ECF No. 49; Br. in Supp. of Partial Mot. to Dismiss, ECF No. 50. In lieu of responding to that motion, Plaintiffs (with Defendant's consent) filed a Second Amended Complaint (SAC). *See* Order, ECF No. 86 (Order granting leave to amend); ECF No. 87 (SAC). Plaintiffs' Second Amended Complaint contends that § 1005 violates the equal protection component of the Fifth Amendment, and also that USDA's administration of § 1005 violates Title VI, 42 U.S.C. § 2000d. *See* SAC ¶¶ 20–24. Defendant now moves under Rule 12(b)(6) to dismiss Plaintiffs' Title VI claim.

## ARGUMENT

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), the court accepts "all well-pleaded facts [of the complaint] as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). A claim must be dismissed if, taking all adequately pleaded facts as true, the plaintiff still fails to "raise a claim of entitlement to relief." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly,* 550 U.S. at 558).

**I.   Plaintiffs fail to state a claim under Title VI of the Civil Rights Act of 1964 because Title VI does not apply to federal agencies.**

Plaintiffs contend that USDA "is violating . . . Title VI [of the Civil Rights Act of 1964]

3

by discriminating on the grounds of race, color, and national origin in administering its program." SAC ¶ 22. This claim must be dismissed because Title VI does not apply to federal agencies directly administering their programs.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The statute defines "program or activity" to mean "all of the operations of" departments or instrumentalities of state or local governments, colleges and certain public systems of higher education, certain corporations and other private organizations, and other entities established by a combination of two or more of the foregoing entities. *See id.* § 2000d–4a. "Notably, the statutory definitions of 'program or activity' and 'program' do not include federal agencies." *Halim v. Donovan*, 951 F. Supp. 2d 201, 207 (D.D.C. 2013).

"Accordingly, as courts consistently hold, Title VI does not apply to programs conducted directly by federal agencies," *id.* (citation omitted),[2] including direct and guaranteed loan programs like those under Section 1005, *see Cleveland v. Hunton*, No. 1:16-cv-01732, 2017 WL 1153011, at *4 (E.D. Cal. Mar. 27, 2017), *R. & R. adopted,* 2017 WL 1491006 (E.D. Cal. Apr. 26, 2017) (dismissing Title VI claim against the USDA and USDA employees involved in the FSA loan program because "Title VI does not create a cause of action against the federal government or waive the government's sovereign immunity"). This view is consistent with the Fifth Circuit's

---

[2] *See, e.g., Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983) (concluding, based on an examination of the statutory language, legislative history, and inferences from the case law, that Title VI was not intended to apply to direct federal benefit programs); *Flowers v. Brown*, No. 1:17-cv-460, 2021 WL 1143783, at *4 (E.D. Tex. Mar. 5, 2021), *R. & R. adopted,* 2021 WL 1134272 (E.D. Tex. Mar. 23, 2021) ("Courts have routinely held that [Title VI] does not apply to federal agencies administering their own funds."); *United States v. Kennedy*, No. 17-0396, 2017 WL 4837473, at *5 (W.D. La. Oct. 5, 2017), *R. & R. adopted,* 2017 WL 4817892 (W.D. La. Oct. 25, 2017); *Wise v. Glickman*, 257 F. Supp. 2d 123, 132 (D.D.C. 2003) ("[T]he caselaw recognizes that a plaintiff may not bring suit under Title VI for programs maintained directly by federal agencies.") (citing cases); *Marsaw v. Trailblazer Health Enters., LLC*, 192 F. Supp. 2d 737, 750 (S.D. Tex. 2002) ("Title VI does not apply to programs administered directly by a federal agency."); *Williams v. Glickman*, 936 F. Supp. 1, 5 (D.D.C. 1996) (same).

4

recognition that the "essential elements" for a Title VI claim are "(1) that the defendant have received federal financial assistance . . . (2) that was applied by the defendant to discriminatory programs or activities." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 706 & n.9 (5th Cir. 1994) (citing 42 U.S.C. § 2000d–3); *cf. Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 284 (1978) ("Examination of the voluminous legislative history of Title VI reveals a congressional intent to halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution."). Thus, while a *recipient* of federal funds may be sued under Title VI, a federal agency directly administering its programs may not. *See Fagan v. Small Bus. Admin.*, 783 F. Supp. 1455, 1465 n.10 (D.D.C.), *aff'd*, 19 F.3d 684 (D.C. Cir. 1992) (explaining that the plaintiff "ha[d] no claim under . . . § 2000d because that section does not apply to direct benefit programs, but only to non federal entities that receive federal funding and provide that funding to the ultimate beneficiary").

As the Fourth Circuit has explained, "Title VI creates a two-pronged attack on discrimination by federal funding recipients: direct action against those recipients by private parties," *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191 (4th Cir. 1999) (citing 42 U.S.C. § 2000d-1; *Cannon v. Univ. of Chi.*, 441 U.S. 677, 703 (1979)), "and action by funding agencies to secure voluntary compliance or to terminate funds altogether," *id*. (citing 42 U.S.C. § 2000d-1). As explained, Section 2000d applies to recipients of federal funding, not the federal government. And aggrieved individuals can access the remedies under § 2000d-1 only by petitioning the federal funding agency. *See id.* Congress did not "intend[] those same individuals to circumvent that very administrative scheme through direct litigation against federal agencies." *Id*. (citing *NAACP v. Med. Ctr., Inc*., 599 F.2d 1247, 1254-55 & n.27 (3d Cir. 1979)); *see also Cannon*, 441 U.S. at 715 & n.51 (observing that Title VI "appears to have been a compromise aimed at protecting individual rights without subjecting the Government to suits"); *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 747 (D.C. Cir. 1990) ("*Cannon*'s examination of the legislative history of Title VI suggested that Congress wished to ward off suits against the government of the very kind plaintiffs now press."). Thus, where Plaintiffs' Title VI challenge

5

rests on their allegation that USDA has discriminated against them, and those similarly situated, in administering its programs, *see* SAC ¶¶ 21–22, their Title VI claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss under Rule 12(b)(6) Plaintiffs' claim insofar as it is premised on alleged violations of Title VI.

Dated: October 6, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Michael F. Knapp*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar. No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2071 / Fax: (202) 616-8460
michael.f.knapp@usdoj.gov

*Counsel for Defendant*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

                                                */s/ Michael F. Knapp*
                                                MICHAEL F. KNAPP (Cal. Bar No. 314104)
                                                Trial Attorney, U.S. Department of Justice