**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| SID MILLER, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 4:21-cv-595-O <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S PARTIAL ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Tom Vilsack, in his official capacity as Secretary of Agriculture, answers Plaintiffs' Second Amended Complaint as follows:

The introductory paragraphs in Plaintiffs' Second Amended Complaint are Plaintiffs' characterization of the case and legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies that the U.S. Department of Agriculture's (USDA) administration of programs for "socially disadvantaged farmers and ranchers" violates the U.S. Constitution.

**Jurisdiction and Venue**

1.      The allegations in paragraph no. 1 represent conclusions of law to which no answer is required. To the extent an answer is deemed required, Defendant denies that 28 U.S.C. § 1343 provides statutory jurisdiction for this action, but admits that 28 U.S.C. § 1331 provides statutory jurisdiction.

1

2.     The allegations in paragraph no. 2 represent conclusions of law to which no answer is required. To the extent an answer is deemed required, Defendant admits based on Plaintiff's allegations that venue is proper.

**Parties**

3.     Admit that Plaintiff is a farmer or rancher and that he is the Agriculture Commissioner for the State of Texas. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph no. 3.

4.     Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 4.

5.     Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 5.

6.     Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 6.

7.     Admit that the Plaintiff self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 7.

8.     Admit.

**Factual Allegations**

9.     The allegations in paragraph no. 9 are Plaintiffs' characterization of Section 1005 of the American Rescue Plan Act and not an allegation of fact for which a response is required. To

the extent a response is deemed required, Defendant denies any characterization inconsistent with those statutory provisions.

10.     Admit.

11.     The allegations in paragraph no. 11 are Plaintiffs' characterization of a document, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant denies any characterization inconsistent with the document.

12.     The allegations in paragraph no. 12 are Plaintiffs' characterization of a document, and not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendant denies any characterization inconsistent with the document and otherwise admits that the Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA) states that members of socially disadvantaged groups include but are not limited to: American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos. *See* 86 Fed. Reg. 28,329 (May 26, 2021). The Notice of Funds Availability also states that the Secretary of Agriculture will determine on a case-by-case basis whether additional groups qualify under this definition in response to a written request with supporting explanation. *Id.*

13.     Admit that the Plaintiff is a farmer or rancher who self-identifies as "overwhelmingly white," "primarily Scotch-Irish," and of "2% black ancestry." Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 13.

14.     Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 14. Admit that the Plaintiff has a farm loan

3

administered by the Farm Service Agency. Deny the remainder of the second sentence in paragraph no. 14.

15.     Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 15. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 15.

16.     Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 16. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 16.

17.     Admit that the Plaintiff is a farmer or rancher who self-identifies as white. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 17. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency. Deny the remainder of the second sentence of paragraph no. 17.

18.     The allegations in paragraph no. 18 consist of legal argument and conclusions to which no response is required. To the extent a response is required, Defendant admits that non-Hispanic white farmers and ranchers do not currently qualify for relief under ARPA § 1005, but that the Secretary has the authority to recognize additional groups as socially disadvantaged. *See* Notice of Funds Availability, 86 Fed. Reg. at 28,329.

19.     The allegations in paragraph no. 19 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

**Claim 1**

20-24: Paragraph nos. 26-30 contain allegations that fail to state a claim under Title VI. Concurrent with this Partial Answer, Defendants have filed a partial motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). Given the pending motion, no response to these paragraphs is required at this time.

**Class Action Allegations**

25.     The allegations in paragraph 25 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs bring a purported class action.

26.     The allegations in paragraph 26 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs "seek to represent a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of 'socially disadvantaged farmer or rancher'" in section 1005 of the American Rescue Plan Act.

27.     The allegations in paragraph 27 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, admit that Plaintiffs seek to represent a "class of all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act."

28.     The allegations in paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

29.     The allegations in paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

30.     The allegations in paragraph 30 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

31.     The allegations in paragraph 31 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

32.     The allegations in paragraph 32 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny.

**Demand for Relief**

33.     The allegations in paragraph no. 33 constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the relief they request or any relief whatsoever.

## Affirmative Defenses

1.     Plaintiffs have failed to exhaust administrative remedies.

2.     Plaintiffs are not entitled to attorney's fees or costs.

3.     Plaintiffs and their claims are improperly joined.

Defendant denies all allegations in Plaintiffs' Second Amended Complaint that Defendant has not otherwise answered herein. Wherefore, having answered, Defendant respectfully requests that the Court enter judgment dismissing the Second Amended Complaint with prejudice and awarding Defendant costs and other such relief as the Court may deem appropriate.

Dated: October 6, 2021                    Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Acting Assistant Attorney General

                                          LESLEY FARBY
                                          Assistant Branch Director
                                          Civil Division, Federal Programs Branch

                                          */s/ Michael F. Knapp*
                                          EMILY SUE NEWTON (VA Bar No. 80745)
                                          Senior Trial Counsel
                                          KYLA M. SNOW (Ohio Bar No. 96662)
                                          MICHAEL F. KNAPP (Cal. Bar No. 314104)
                                          Trial Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, NW
                                          Washington, D.C. 20005
                                          Tel: (202) 514-2071 / Fax: (202) 616-8460
                                          michael.f.knapp@usdoj.gov

                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Michael F. Knapp*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorney, U.S. Department of Justice