IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SID MILLER, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0595-O |
| | § | |
| **TOM VILSACK, in his official capacity** | § | |
| **as Secretary of Agriculture,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Movants' Motion to Opt Out of Certified Classes (ECF No. 78), filed September 3, 2021; Defendant's Response (ECF No. 88), filed September 24; and Movants' Reply (ECF No. 92), filed October 8. Having considered the Motion, briefing, and applicable law, the Court **DENIES** Movants' Motion.

## I.  BACKGROUND

On July 1, 2021, the Court preliminarily enjoined enforcement of section 1005 of the American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4, 12. *See* Order, ECF No. 60. In doing so, the Court certified two classes under Federal Rule of Civil Procedure 23(b)(2):

1) All farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act.

2) All farmers and ranchers in the United States who are currently excluded from the definition of "socially disadvantaged farmer or rancher," as defined in 7 U.S.C. § 2279(a)(5)–(6) and as interpreted by the Department of Agriculture.

*See id.* at 6. Following the Court's order, the government moved to stay similar lawsuits across the nation challenging section 1005. *See* Def.'s Resp. 4, ECF No. 88. In response to this Court's class certification, courts have granted the government's stay requests in all but one of those lawsuits.[1]

Movants are plaintiffs in five of the stayed lawsuits and are members of the classes certified by this Court.[2] *See* Mot. to Opt Out 1, ECF No. 78. They ask the Court for permission to opt out of the certified classes so that they may seek to lift the stays in their cases and continue to litigate their claims in their chosen fora. *Id.* at 2. Defendant opposes the opt-out motion on the grounds that fairness and efficiency concerns warrant staying those lawsuits in favor of this class action. *See* Def.'s Resp. 1, ECF No. 88. Plaintiffs take no position on the opt-out motion. *See* Mot. to Opt Out 2, ECF No. 78.

## II.   ANALYSIS

Rule 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In the Supreme Court's words, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Rule 23(b)(2) classes are thus "mandatory classes" for which the Rules provide "no opportunity for . . . class members to opt out," and no requirement for notice. *Id.* at 362.

Movants cannot explain how they could, as a practical matter, be excluded from the certified classes. Defendant is preliminarily enjoined from discriminating on the basis of race in

---

[1] The Western District of Tennessee denied the government's stay request in *Holman v. Vilsack*, No. 1:21-cv-1085, 2021 WL 3354169 (W.D. Tenn. Aug. 2, 2021).

[2] *See Wynn v. Vilsack*, No. 3:21-cv-514 (M.D. Fla.); *Dunlap v. Vilsack*, No. 2:21-cv-942 (D. Ore.); *Kent v. Vilsack*, No. 3:21-cv-540 (S.D. Ill.); *McKinney v. Vilsack*, No. 2:21-cv-212 (E.D. Tex.); *Tiegs v. Vilsack*, No. 3:21-cv-147 (D.N.D.).

administering section 1005 of the American Rescue Plan Act for any applicant who is a member of the certified classes. *See* Order 24, ECF No. 60. Presumably, opting out would mean that Defendant could discriminate against Movants on the basis of race. But to the extent Defendant takes race into account for one applicant, it necessarily discriminates against all other applicants on the basis of race. *See, e.g.*, *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2354 (2020) (opinion of Kavanaugh, J.) ("When the constitutional violation is unequal treatment . . . a court theoretically can cure that unequal treatment either by extending the benefits or burdens to the exempted class, or by nullifying the benefits or burdens for all."). Because the Court's preliminary injunction is "necessarily . . . class-wide in nature, it is not clear what it would mean to 'opt out' of the class." 3 Newberg on Class Actions § 9:51 (5th ed.).

Movants nevertheless cite several cases in which courts have permitted members to opt out of Rule 23(b)(2) classes. But all those cases involved claims of monetary damages.[3] As Defendant points out, Movants cite no case in which a court has permitted members to opt out of a Rule 23(b)(2) class in which the representatives sought purely injunctive relief, as Plaintiffs seek here. *See* Def.'s Resp. 1, 13, ECF No. 88. That no court has permitted an opt out in these circumstances underscores the commentaries' observations that doing so "would thwart the objectives of representative suits under Rule 23(b)(2)." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1784.1 (3d ed.); *see also* 3 Newberg on Class Actions § 9:51 (5th ed.).

Movants wish to lift the stays in their cases because they believe "they should be allowed to pursue their chosen claims, with their chosen counsel, in their chosen forums." *See* Mot. to Opt Out 2, ECF No. 78. They argue that their interests are not completely aligned with the class

---

[3] *See* Mot. to Opt Out 6, ECF No. 78 (citing *Penson v. Terminal Transp. Co.*, 634 F.2d 989 (5th Cir. 1981); *Serna v. Transp. Workers Union of Am., AFL-CIO*, No. 3:13-cv-2469, 2014 WL 7721824 (N.D. Tex. Dec. 3, 2014); *Humphrey v. United Way of Tex. Gulf Coast*, No. H-05-758, 2007 WL 2330933 (S.D. Tex. Aug. 14, 2007); *DeGier v. McDonald's Corp.*, 76 F.R.D. 125, 126 (N.D. Cal. 1977)).

representatives in this case and that denying them the opportunity to opt out would prejudice their other claims. Movants may be correct, but those arguments are better directed to the courts responsible for staying Movants' cases. *See Holman v. Vilsack*, No. 1:21-cv-1085, 2021 WL 3354169, at *2 (W.D. Tenn. Aug. 2, 2021) (denying the government's stay application in part because "the interests of the *Miller* plaintiffs are not completely aligned with Plaintiff's interests"). Even if some of those courts improperly stayed Movants' cases because of this Court's class certification, the proper avenue is to convince those courts to lift the stays or to appeal those decisions.

Movants argue in the alternative that the Court should revise the class certification to remove Movants. *See* Mot. to Opt Out 18, ECF No. 78. But excluding Movants would undermine the very reasons the Court certified the classes. In its certification order, the Court observed that "[a]nswering Plaintiffs' substantive legal question will provide a common answer for all class members regarding a common issue of law: the availability of USDA program benefits to them absent racial and ethnic discrimination." Order 8, ECF No. 60. The Court concluded that "'a single injunction or declaratory judgment' here 'would provide relief to each member of the' classes." *Id.* at 15 (quoting *Wal-Mart Stores*, 564 U.S. at 360). "Because granting the requested relief would apply generally to the classes as a whole," excluding Movants would cut directly against the very reasons for Rule 23(b)(2) certification. *Id.*; *see also* Wright & Miller, *supra* § 1784.1.

The Court therefore **DENIES** Movants' requests to opt out of the certified classes or amend the class certification order.

**SO ORDERED** on this **13th** of **October, 2021**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**