IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SID MILLER, et al.,** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 4:21-cv-0595-O | |
| § | | |
| **TOM VILSACK, in his official capacity** § | | |
| **as Secretary of Agriculture,** § | | |
| § | | |
| Defendant. § | | |

# ORDER

Before the Court are Defendant's Notice Regarding Scope of Preliminary Injunction (ECF No. 61), filed July 2, 2021; Plaintiffs' Response (ECF No. 63), filed July 5; Defendant's Reply (ECF No. 65), filed July 6; Plaintiffs' Sur-Reply (ECF No. 68), filed July 8; and Plaintiffs' Motion to Amend Preliminary-Injunction Order (ECF No. 64), filed July 5. Having considered the briefing and applicable law, the Court **GRANTS** Plaintiffs' Motion to Amend the Court's Preliminary Injunction Order and takes this opportunity to clarify the scope of the preliminary injunction.

### A.   Plaintiffs' Motion to Amend the Preliminary Injunction

On July 5, 2021, Plaintiffs moved to amend the Court's preliminary injunction to remove the word "applicant." *See* Pls.' Mot. to Amend Prelim. Inj. Order 1, ECF No. 64. Defendant did not respond to Plaintiffs' Motion, and the parties did not discuss Plaintiffs' proposed amendment in the Joint Status Report (ECF No. 70), filed July 16. It appears that the Department of Agriculture intended to implement section 1005 by unilaterally making payments to farmers and ranchers, without an application process. *See* Def.'s Notice Regarding Scope of Prelim. Inj., ECF No. 61. The Court thus **GRANTS** Plaintiffs' Motion to Amend Preliminary-Injunction Order (ECF No.

64) to remove the word "applicant." Accordingly, the Court **AMENDS** the preliminary injunction as follows:

> The Court **ENJOINS** Defendants Tom Vilsack, and the United States Department of Agriculture and their officers, agents, servants, employees, attorneys, designees, and subordinates, as well as any person acting in concert or participation with them from discriminating on account of race or ethnicity in administering section 1005 of the American Rescue Plan Act against anyone who is a member of the Certified Classes. This prohibition encompasses: (a) considering or using a Class Member's race or ethnicity as a criterion in determining whether a Class Member will obtain loan assistance, forgiveness, or payments; and (b) considering or using any criterion that is intended to serve as a proxy for race or ethnicity in determining whether a Class Member will obtain loan assistance, forgiveness, or payments.

### B. Defendants' Notice Regarding the Scope of the Preliminary Injunction

Soon after the Court issued its preliminary injunction order, Defendant filed a Notice Regarding Scope of Preliminary Injunction (ECF No. 61). Defendant interprets the Court's injunction to prohibit the Department of Agriculture from making payments under Section 1005, but not from taking "preparatory steps to enable the agency to be in a position to make payments under Section 1005 in the event the injunctions are lifted." *Id.* at 2. Specifically, the agency has been "sending offer letters to eligible borrowers, to enable prompt payments if later permitted." *Id.* Defendant "understands the continuation of this pre-payment preparatory work to be consistent with this Court's order as long as no payments are made." *Id.*

Plaintiffs generally object to Defendant's interpretation. Plaintiffs submit that to the extent the agency racially discriminates in its "preparatory work," it violates the Court's preliminary injunction. Pls.' Resp. to Def.'s Not. 1, ECF No. 63. General preparatory work, however, would not violate the injunction. *Id.* For example, Plaintiffs allow that the agency could post material on its website explaining the content of section 1005 without violating the Court's injunction. *Id.* But sending letters to eligible borrowers requires using racial criteria to determine who will receive the letter, which Plaintiffs say violates the Court's injunction. *Id.* at 1–2.

Defendant is correct. The preparatory work that Defendant describes—sending notice letters to potentially eligible borrowers—does not violate the Court's preliminary injunction. Plaintiffs have not shown how they are harmed by such conduct. If Plaintiffs prevail on the merits, then Defendant's preparatory work amounts to nothing. If Defendants prevail on the merits, then the preparatory work is *a fortiori* valid. In either case, Plaintiffs suffer no irreparable harm from the preparatory work that Defendants propose here.

Two other district courts issuing similar injunctive relief tailored their orders to prohibit Defendant from making payments or forgiving loans under section 1005. *See Faust v. Vilsack*, 519 F. Supp. 3d 470, 478 (E.D. Wis. 2021); *Wynn v. Vilsack*, No. 3:21-cv-514, 2021 WL 2580678, at *18 (M.D. Fla. June 23, 2021) ("The Court's injunction prohibits the distribution of payments, loan assistance, or debt relief, but does not enjoin Defendants from continuing to prepare to effectuate the relief under Section 1005 in the event it is ultimately found to be constitutionally permissible."). Defendant is correct that the Court's preliminary injunction order does not prohibit the agency from sending offer letters to eligible borrowers.

**SO ORDERED** on this **18th** of **October, 2021**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE