UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Sid Miller**, **Greg Macha**, **James Meek**, **Jeff Peters**, and **Lorinda O'Shaughnessy**, on behalf of themselves and others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**Tom Vilsack**, in his official capacity as Secretary of Agriculture,<br><br>　　　　　　Defendant. | Case No. 4:21-cv-00595-O |

### PLAINTIFFS' THIRD AMENDED CLASS-ACTION COMPLAINT

The Supreme Court of the United States said 125 years ago that:

> [T]he constitution of the United States, in its present form, forbids, so far as civil and political rights are concerned, discrimination by the general government, or by the states, against any citizen because of his race. All citizens are equal before the law. The guaranties of life, liberty, and property are for all persons, within the jurisdiction of the United States, or of any state, without discrimination against any because of their race. Those guaranties, when their violation is properly presented in the regular course of proceedings, must be enforced in the courts, both of the nation and of the state, without reference to considerations based upon race.

*Gibson v. State of Mississippi*, 162 U.S. 565, 591 (1896); *see also Bolling v. Sharpe*, 347 U.S. 497 (1954) (citing *Gibson* and holding that segregation in the District of Columbia public schools violated the Due Process Clause of the Fifth Amendment).

Equal rights under law is the cornerstone of American constitutional jurisprudence: the principle that all citizens, regardless of status, wealth, race, color, religion, or creed, have the same rights and are entitled to the same standard of justice. These are the principles etched into our founding documents, fought for on our nation's

battlefields, written into the Gettysburg Address, and delivered from the steps of the Lincoln Memorial by Martin Luther King.

As a nation, we are devoted to the task of satisfying these sacred ideals and providing equal rights to citizens of all races, as the Constitution requires. Profound progress has been made, and extraordinary milestones reached, throughout our history, serving as an inspiration to humanity and the nations of the world. Yet, today, the Department of Agriculture lurches America dangerously backward, reversing the clock on American progress, and violating our most sacred and revered principles by actively and invidiously discriminating against American citizens solely based upon their race. This is illegal, it is unconstitutional, it is wrong, and it must stop.

Indeed, the United States Department of Agriculture administers numerous statutes that provide government aid to "socially disadvantaged farmers and ranchers." The Department of Agriculture interprets this phrase to include African Americans, Hispanics, Native Americans, Alaskan natives, Asian-Americans, and Pacific Islanders. But white farmers and ranchers are not included within the definition of "socially disadvantaged farmers and ranchers," making them ineligible for aid under these federal programs.

These racial exclusions are patently unconstitutional, and the Court should permanently enjoin their enforcement. Doing so will promote equal rights under the law for all American citizens and promote efforts to stop racial discrimination, because "[t]he way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (Roberts, C.J., concurring).

American citizens today represent a beautiful, complex, and increasingly interwoven fabric of racial backgrounds. Government action that tears at that fabric and divides its pieces—rather than reinforcing that fabric's unifying and binding ties—disrupts our common progress toward becoming a more perfect union.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Sid Miller is a farmer and rancher who resides in Erath County, Texas. He also serves as Agriculture Commissioner for the State of Texas. Mr. Miller is suing in his capacity as a private citizen, and not on behalf of the State of Texas or the Texas Department of Agriculture.

4. Plaintiff Greg Macha is a white rancher who resides in Wallis, Texas.

5. Plaintiff James Meek is a white farmer and rancher who resides in Alvord, Texas.

6. Plaintiff Jeff Peters is a white farmer and rancher who resides in Arlington, Texas.

7. Plaintiff Lorinda O'Shaughnessy is a white farmer and rancher who resides in Placedo, Texas.

8. Defendant Tom Vilsack is the U.S. Secretary of Agriculture. Secretary Vilsack is sued in his official capacity.

## STATEMENT OF FACTS

9. Section 1005 of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), provides aid to farmers and ranchers who have been harmed by the COVID-19 pandemic—including loan forgiveness up to *120 percent* of the value of the loan—but only if they qualify as a "socially disadvantaged farmer or rancher." *See* Exhibit 1.

10. Federal law defines "socially disadvantaged farmer or rancher" as "a farmer or rancher who is a member of a socially disadvantaged group." 7 U.S.C. § 2279(a)(5). "Socially disadvantaged group," in turn, is defined as:

> a group whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities.

7 U.S.C. § 2279(a)(6).

11. On May 21, 2021, the United States Department of Agriculture, through the Farm Service Agency (FSA), issued a press release announcing a Notice of Funds Availability (NOFA), in which it would start making loan payments for eligible borrowers with qualifying direct farm loans, pursuant to section 1005 of the American Rescue Plan Act. *See* U.S. Department of Agriculture, *Press Release, In Historic Move, USDA to Begin Loan Payments to Socially Disadvantaged Borrowers under American Rescue Plan Act Section 1005*, *available at* https://bit.ly/3fAxAuB (last visited May 27, 2021) (attached as Exhibit 3). The Department of Agriculture published this notice in the Federal Register on May 26, 2021. *See* Notice of Funds Availability, 86 Fed. Reg. 28,329 (May 26, 2021) (attached as Exhibit 4).

12. The notice defines, for the purposes of eligibility for loan forgiveness, "socially disadvantaged farmer or rancher" as:

> [A] farmer or rancher who is a member of a socially disadvantaged group whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities, as defined by section 2501(a) of the Food, Agriculture, Conservation, and Trade Act of 1990 (7 U.S.C. 2279(a)).

*Id.* at 28,330. The notice goes on to state that this includes "American Indians or Alaskan Natives," "Asians," "Blacks or African Americans," "Native Hawaiians or other Pacific Islanders," and "Hispanics or Latinos." *Id.*[1]

13. Plaintiff Sid Miller is a farmer and rancher. His ancestry is overwhelmingly white, and primarily Scotch-Irish. As is the case with many Americans, his ancestry is not limited to just one racial or ethnic group. Mr. Miller also has approximately 2% black ancestry.

14. Plaintiff Greg Macha is a white rancher who resides in Wallis, Texas. He has a farm loan administered by the Farm Service Agency and a farm loan guaranteed by the Farm Service Agency.

15. Plaintiff James Meek is a white farmer and rancher who resides in Alvord, Texas. He has a farm loan administered by the Farm Service Agency and a farm loan guaranteed by the Farm Service Agency.

16. Plaintiff Jeff Peters is a white farmer and rancher who resides in Arlington, Texas. He has a farm loan administered by the Farm Service Agency and a farm loan guaranteed by the Farm Service Agency.

17. Plaintiff Lorinda O'Shaughnessy is a white farmer and rancher who resides in Placedo, Texas. She has a farm loan administered by the Farm Service Agency and a farm loan guaranteed by the Farm Service Agency.

---

1. The Department of Agriculture defines the term similarly, with minor variations, in various regulations applicable to other USDA programs. *See, e.g.*, U.S. Department of Agriculture, *Farming Opportunities Training and Outreach Grant Program*, https://www.usda.gov/sites/default/files/documents/2501_FactSheet.pdf (last visited on November 10, 2021) (attached as Exhibit 2); 7 C.F.R. § 7.3 (applicable to the selection and functions of Farm Service Agency state and county committees); 7 C.F.R. § 718.2 (applicable to farm marketing quotas, acreage allotments, and production adjustment); 7 C.F.R. § 760.107(b)(1) (applicable to certain Supplemental Agricultural Disaster Assistance Programs); 7 C.F.R. § 636.3 (applicable to the Wildlife Habitat Incentive Program); 7 C.F.R. § 1410.2(b) (applicable to the Conservation Reserve Program); 7 C.F.R. § 1430.402 (applicable to the Dairy Margin Coverage Program).

18. The statute described above, as currently interpreted and implemented by the Department of Agriculture, excludes the plaintiffs from the benefits of a program for "socially disadvantaged farmers and ranchers" on account of their race.

19. The plaintiffs sue on behalf of all farmers and ranchers in the United States who are excluded from the benefits of this program for "socially disadvantaged farmers and ranchers" because of their race or ethnicity.

### Claim 1: The Department of Agriculture's Racial Exclusions Violate The Constitution

20. The Constitution prohibits the federal government from discriminating on account of race or ethnicity. *See Bolling v. Sharpe*, 347 U.S. 497 (1954).

21. The Department of Agriculture is violating the Constitution by discriminating on the grounds of race, color, and national origin in administering its program.

22. The Court should declare unconstitutional the statute contained at section 1005 of ARPA limiting the benefits of a federal program to "socially disadvantaged farmers and ranchers."

23. The Court should further declare that the Department is violating the Constitution by excluding individuals and entities from the benefit of that federal program on the grounds of race, color, and national origin, and by discriminating against individuals and entities on this basis, and it should permanently enjoin Secretary Vilsack and his successors from implementing any racial exclusions or discriminatory racial preferences in the Department's programs.

## CLASS-ACTION ALLEGATIONS

24. The plaintiffs bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

25. The plaintiffs seek to represent a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of "socially disadvantaged farmer or rancher" in section 1005.

26. Plaintiffs Greg Macha, James Meek, Jeff Peters, and Lorinda O'Shaughnessy seek to represent a second and more narrow class of all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act.

27. The number of individuals in these classes makes joinder of the individual class members impractical.

28. There are questions of law common to the classes, including whether the Constitution allows the Department to exclude farmers and ranchers from the benefits of a federal program on account of their race.

29. The plaintiffs' claims are typical of other members of the classes. Each of them wishes to stop the Department of Agriculture from excluding them from the benefits of a federal program on account of their race.

30. The plaintiffs adequately represent the interests of the classes, and they have no interests antagonistic to the classes.

31. A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

## DEMAND FOR RELIEF

32. The plaintiffs respectfully requests that the court:

   a. certify a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of "socially disadvantaged farmer or rancher" in section 1005;

  b. certify an additional class of all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act;

  c. award the declaratory relief described in paragraphs 22 and 23;

  d. permanently enjoin Secretary Vilsack and his successors from implementing any racial exclusions or discriminatory racial preferences in Department of Agriculture programs;

  e. award costs and attorneys' fees under 42 U.S.C. § 1988;

  f. award all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| GENE P. HAMILTON | JONATHAN F. MITCHELL |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 300 Independence Avenue SE | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3941 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |

H. DUSTIN FILLMORE III
Texas Bar No. 06996010
CHARLES W. FILLMORE
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

Dated: November 10, 2021    *Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I certify that on November 10, 2021, I served this document through CM/ECF upon:

Emily Sue Newton
Senior Trial Counsel
Michael F. Knapp
Kyla M. Snow
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-8356 (phone)
(202) 616-8460 (fax)
emily.s.newton@usdoj.gov
michael.f.knapp@usdoj.gov
kyla.snow@usdoj.gov

*Counsel for Defendants*

                                                 /s/ Jonathan F. Mitchell
                                                 Jonathan F. Mitchell
                                                 *Counsel for Plaintiffs and*
                                                 *the Proposed Classes*