# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **Sid Miller**, et al., | |
| Plaintiffs, | |
| v. | Case No. 4:21-cv-00595-O |
| **Tom Vilsack**, in his official capacity as Secretary of Agriculture, | |
| Defendant. | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE

The Federation's motion to intervene should be denied. The Federation is not entitled to intervene as of right because it has failed to show that the Department of Justice will not adequately represent its interests. *See* Fed. R. Civ. P. 24(a)(2). And the Federation does not qualify for permissive intervention because it does not have a "claim or defense" in this litigation. *See* Fed. R. Civ. P. 24(b)(1).

## I.   THE COURT SHOULD DENY INTERVENTION AS OF RIGHT BECAUSE THE FEDERATION HAS FAILED TO SHOW THAT THE DEPARTMENT OF JUSTICE WILL NOT "ADEQUATELY REPRESENT" THE FEDERATION'S INTERESTS

Rule 24(a) sets forth the requirements for intervention as of right:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added). The Federation does not have a statutory right to intervene, so it must satisfy each requirement of Rule 24(a)(2).

The Federation, however, has failed to show that the Department of Justice will not "adequately represent" its interests in this litigation. As the defendants correctly observe, the United States "is presumptively an adequate representative of the public in a case challenging the constitutionality of a federal statute," and the Federation has neither acknowledged nor rebutted that presumption. *See* Defs.' Response to Mot. to Intervene, ECF No. 136, at 7; *see also Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) ("[W]here the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required."). We agree with the defendants that the Department of Justice has vigorously defended the constitutionality of section 1005 and will continue to do so. *See* Defs.' Response to Mot. to Intervene, ECF No. 136, at 7–13.

## II.   THE COURT SHOULD DENY PERMISSIVE INTERVENTION BECAUSE THE FEDERATION HAS FAILED TO SHOW THAT IT "HAS A CLAIM OR DEFENSE" IN THIS LITIGATION

The Federation also seeks permissive intervention under Rule 24(b). *See* Br. in Support of Mot. to Intervene, ECF No. 93-1, at 21. But the Federation makes no effort to explain how it "has a claim or defense" in this litigation, as required by Rule 24(b)(1)(B).

Rule 24(b)(1) sets forth the requirements for permissive intervention:

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) *has a claim or defense* that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1) (emphasis added). The Federation does not have a statutory right to intervene, so it must satisfy the requirements of Rule 24(b)(1)(B).

Yet the Federation never identifies the "claim or defense" that it "has." The Federation obviously has no "claim" because it is not suing any of the litigants. And the Federation has no "defense" because it will not be required to do anything—nor will

it be restrained from doing anything—by the relief that the plaintiffs are seeking against the federal government. *See* Caleb Nelson, *Intervention*, 106 Va. L. Rev. 271, 274 (2020) ("[A] 'defense' is a particular type of legal argument that the targets of a claim assert to explain why the court should not grant relief against them."); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) ("The words 'claims or defenses' . . . in the context of Rule 24(b)(2) governing permissive intervention—manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." (citation and internal quotation marks omitted)). The Federation does not "have" a claim or defense against any of the litigants, so it has no grounds for permissive intervention.

\* \* \*

The Federation's interests in this litigation can be fully accommodated by filing an amicus curiae brief; they do not warrant intervention as a party with the right to take discovery and participate in the trial proceedings. Allowing the Federation to intervene when there is no reason to doubt the zealous advocacy of the Department of Justice will serve no purpose other than to create opportunities for duplicative discovery and court filings that will delay the resolution of this case.

## CONCLUSION

The motion to intervene should be denied.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 
GENE P. HAMILTON                            JONATHAN F. MITCHELL
Virginia Bar No. 80434                       Texas Bar No. 24075463
Vice-President and General Counsel           Mitchell Law PLLC
America First Legal Foundation               111 Congress Avenue, Suite 400
300 Independence Avenue SE                   Austin, Texas 78701
Washington, DC 20003                         (512) 686-3940 (phone)
(202) 964-3721                               (512) 686-3941 (fax)
gene.hamilton@aflegal.org                    jonathan@mitchell.law

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

*Counsel for Plaintiffs and the Proposed Classes*

Dated: November 12, 2021

## CERTIFICATE OF SERVICE

I certify that on November 12, 2021, I served this document through CM/ECF

upon:

Emily Sue Newton
Kyla M. Snow
Michael F. Knapp
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-8356 (phone)
(202) 616-8460 (fax)
emily.s.newton@usdoj.gov
kyla.snow@usdoj.gov
michael.f.knapp@usdoj.gov

*Counsel for Defendants*

                                         /s/ Jonathan F. Mitchell
                                         Jonathan F. Mitchell
                                         *Counsel for Plaintiffs and*
                                         *the Proposed Class*