UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SID MILLER, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:21-cv-0595-O |
| § | |
| **TOM VILSACK, in his official capacity** § | |
| **as Secretary of Agriculture,** § | |
| § | |
| **Defendant.** § | |

## ORDER

Before the Court are the Federation of Southern Cooperatives/Land Assistance Fund's Motion to Intervene as Defendants (ECF No. 93), filed October 12, 2021; the Secretary's Response (ECF No. 136), filed November 12; Plaintiffs' Response (ECF No. 137), filed November 12; and the Federation's Reply (ECF No. 141), filed December 1. Having considered the motion, briefing, and applicable law, the Court **DENIES** the Motion to Intervene (ECF No. 93).

### I.   BACKGROUND

Last year, Congress enacted the American Rescue Plan Act of 2021. Section 1005 of the Act directs the Secretary of Agriculture to provide debt relief to "socially disadvantaged" farmers and ranchers. ARPA, Pub. L. No. 117-2, § 1005 (2021). Congress defined "socially disadvantaged farmer or rancher" as a farmer or rancher who is a member of a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C.A. § 2279(6). The Secretary interpreted that definition to include "American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos." Notice of Funds Availability;

American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA), 86 Fed. Reg. 28,329, 28,330 (May 26, 2021).

Sid Miller and several other farmers and ranchers sued the Secretary to enjoin enforcement of Section 1005. Plaintiffs claim that Section 1005 unconstitutionally discriminates based on race, color, and national origin. They seek injunctive and declaratory relief on behalf of themselves and "a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of 'socially disadvantaged farmer or rancher' in section 1005." Third Am. Compl. 6, ECF No. 135. In July, the Court issued a preliminary injunction prohibiting the Secretary from administering Section 1005. *See* Prelim. Inj. Order 23–24, ECF No. 60.

On October 12, the Federation moved to intervene as defendants. The Federation is a non-profit cooperative association of black farmers, landowners, and cooperatives. It claims that a "permanent injunction would profoundly harm members of the Federation who carry substantial debts and have made significant farming plans in reasonable anticipation of assistance under Section 1005." Mot. to Interv. Br. 6, ECF No. 93-1. The Federation argues that it is entitled to intervene as of right and, in the alternative, that the Court should grant permissive intervention.

Both parties oppose intervention as of right, arguing that the Federation has not shown that its interests will be inadequately represented. *See* Def.'s Resp. Br. 11, ECF No. 136. Plaintiffs oppose permissive intervention, but the Secretary does not. *Id.* at 17; Pls.' Resp., ECF No. 137. The Secretary urges the Court, however, to impose conditions on the Federation to prevent disrupting the litigation schedule if the Federation is permitted to intervene. *Id.* at 18–19.

## II.     ANALYSIS

### A.     Intervention As of Right

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor must (1) file a timely motion, (2) show "an interest relating to the property or

transaction that is the subject of the action," (3) show that "disposing of the action may as a practical matter impair or impede [its] ability to protect its interest," and (4) show that the existing parties do not "adequately represent that interest." The parties argue that the Federation has not met the fourth element because it has failed to demonstrate that the Secretary will not adequately represent its interests in this suit. The Court agrees.

The Federation has the burden of demonstrating that the Secretary's representation will be inadequate. That burden is typically "minimal," but "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). The Federation "must demonstrate that its interest is in fact different" from that of the Secretary. *Id.* (citation and internal quotation marks omitted).

The Federation and Secretary share the same objective. They both oppose Plaintiffs' requested relief and seek "unimpeded implementation of Section 1005." Def.s' Resp. Br. 12, ECF No. 136. Indeed, the Federation admits it "seeks the same relief as the Secretary." Mot. to Interv. Br. 18 n.3, ECF No. 93-1. The Federation nevertheless argues that, although it seeks the same *relief* as the Secretary, it does not share the same *interests*.

The Federation relies on *Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014), which involved a suit between Louisiana and the federal government regarding Louisiana's school voucher program. The Fifth Circuit held that parents of school children could intervene on the same side as Louisiana because the state had "many interests" in the case. *Id.* at 346. The litigation was complicated by existing desegregation orders. *Id.* Louisiana had competing interests in maintaining its voucher program, maintaining its relationship with the federal government, and maintaining its relationship with the courts imposing the desegregation orders. *Id.* The parents, by comparison,

had an interest only in maintaining the voucher program. *Id.* The Fifth Circuit also emphasized the "significantly different" litigation positions: Louisiana had conceded the continuing jurisdiction of the district court, but the parents had not. *Id.*

This case is not like *Brumfield*. The Secretary has repeatedly committed to defending Section 1005. And he has demonstrated that commitment throughout this litigation. The Federation claims that the federal government has other interests such as "maintaining the integrity of the overall federal COVID-19 response and economic recovery, and preserving the federal agencies' relationships with current participants in this and other programs." Mot. to Interv. Br. 25, ECF No. 93-1. That the federal government writ large has other concerns is true in every lawsuit. But that truism does not demonstrate that the Secretary in this lawsuit has interests different from the Federation.

Moreover, unlike the intervenors in *Brumfield*, the Federation is not litigating a significantly different position. The Federation argues that it can better articulate the Department of Agriculture's "present-day and historical discrimination." *Id.* That the Federation may be able to make the Secretary's case "more comprehensively and compellingly" may justify amicus participation, but it does not demonstrate the inadequacy of representation necessary for intervention.

In sum, "[t]he proposed intervenors have not demonstrated that the [Secretary] will not strongly defend" Section 1005. *Hopwood*, 21 F.3d at 606. "Nor have the proposed intervenors shown that they have a separate defense" of Section 1005 that the Secretary "has failed to assert." *Id.* The National Black Farmers Association and the Association of American Indian Farmers filed a *Conditional* Motion to Intervene (ECF No. 24) for precisely these reasons. Those organizations recognized they "share the same ultimate objective as the [Secretary] in defending," Section 1005,

4

and therefore "request[ed] that the Court defer consideration" of the intervention motions until "developments in this lawsuit indicate that the organizations' interests diverge from the [Secretary]'s." *See* Mot. to Interv. 1, ECF No. 24.

### B. Permissive Intervention

To be permitted to intervene under Rule 24(b)(1)(B), a proposed intervenor must (1) file a timely motion, and (2) show it "has a claim or defense that shares with the main action a common question of law or fact." If the proposed intervenor meets these threshold requirements, the court must then "exercise its discretion in deciding whether intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). "In acting on a request for permissive intervention, it is proper to consider, among other things, 'whether the intervenors' interests are adequately represented by other parties' and whether they 'will significantly contribute to full development of the underlying factual issues in the suit.'" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (citation omitted).

The Court, in exercising its discretion, declines to permit intervention at this time. The Federation's interests are significantly similar to the Secretary's. Their arguments are virtually identical. The Court believes that permitting the Federation to proceed as amicus will enable it to fully voice its position in this case. And, although the Secretary does not impose permissive intervention, he urges the Court to impose limitations on the Federation's involvement to prevent delay. Rather than proceed with that route, the Court finds it more efficient to deny intervention and grant the Federation leave to file as amicus.

### III. CONCLUSION

For these reasons, the Court **DENIES** the Motion to Intervene (ECF No. 93). It **GRANTS** the Federation leave to file a brief as amicus curiae, due seven days after the parties exchange cross-motions for summary judgment.

**SO ORDERED** this **8th day** of **December, 2021**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**