UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SID MILLER, et al.,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | | Civil Action No. 4:21-cv-0595-O |
| § | | |
| **TOM VILSACK, in his official capacity** § | | |
| **as Secretary of Agriculture,** § | | |
| § | | |
| **Defendant.** § | | |

## ORDER

Before the Court are Lee Perry's Motion to Intervene (ECF No. 43), filed June 21, 2021; and the Secretary's Response (ECF No. 69), filed July 12. Having considered the motion, briefing, and applicable law, the Court **DENIES** the Motion to Intervene (ECF No. 43).

**I.    BACKGROUND**

Last year, Congress enacted the American Rescue Plan Act of 2021. Section 1005 of the Act directs the Secretary of Agriculture to provide debt relief to "socially disadvantaged" farmers and ranchers. ARPA, Pub. L. No. 117-2, § 1005 (2021). Congress defined "socially disadvantaged farmer or rancher" as a farmer or rancher who is a member of a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C.A. § 2279(6). The Secretary interpreted that definition to include "American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos." Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA), 86 Fed. Reg. 28,329, 28,330 (May 26, 2021).

Sid Miller and several other farmers and ranchers sued the Secretary to enjoin enforcement of Section 1005. Plaintiffs claim that Section 1005 unconstitutionally discriminates based on race, color, and national origin. They seek injunctive and declaratory relief on behalf of themselves and "a class of all farmers and ranchers in the United States who are currently excluded from the Department's interpretation of 'socially disadvantaged farmer or rancher' in section 1005." Third Am. Compl. 6, ECF No. 135. In July, the Court issued a preliminary injunction prohibiting the Secretary from administering Section 1005. *See* Prelim. Inj. Order 23–24, ECF No. 60.

In June, Lee Perry moved to intervene as a pro se litigant. Perry is a joint venture auditor who claims that his mineral and land rights were stolen from him. *See* Mot. to Interv. 2, ECF No. 43. He seeks to intervene in this lawsuit and requests that the Court deny Plaintiffs' requested relief and dismiss the case. *Id.* at 3. Soon after the Court issued its order granting a preliminary injunction, Perry moved to vacate the order. *See* Mot. to Vacate, ECF No. 73. The Secretary opposes Perry's intervention, arguing that Perry has failed to meet the requirements of Rule 24.

## II.  ANALYSIS

### A.  Intervention As of Right

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor must (1) file a timely motion, (2) show "an interest relating to the property or transaction that is the subject of the action," (3) show that "disposing of the action may as a practical matter impair or impede [its] ability to protect its interest," and (4) show that the existing parties do not "adequately represent that interest."[1]

*First*, Perry has not shown "an interest relating to the property or transaction that is the subject of the action." Such an interest must be "direct, substantial, legally protectable interest in

---

[1] A party may also intervene as of right under Rule 24(a)(1), if he "is given an unconditional right to intervene by a federal statute." Perry points to no statute granting him an unconditional right to intervene.

the proceedings." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (cleaned up). Perry does not claim that he is eligible for debt relief under Section 1005, or even that he possesses a loan from the Department of Agriculture. Instead, Perry claims that the Department of Agriculture sold black farmers "damaged land to develop and make it productive." Mot. to Interv. 2, ECF No. 43. He also takes issues with Plaintiffs' legal theories challenging Section 1005. But Perry has not shown a "direct, substantial, legally protectable interest," that relates to "the property or transaction *that is the subject of the action*." *Texas*, 805 F.3d at 657 (cleaned up) (emphasis added).

*Second*, Perry has not shown that the existing parties do not "adequately represent" his interest. Perry has the burden of demonstrating that the Secretary's representation will be inadequate. That burden is typically "minimal," but "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). Perry "must demonstrate that [his] interest is in fact different" from that of the Secretary. *Id.* (citation and internal quotation marks omitted). He has not done so. Perry shares the Secretary's objective. Both oppose Plaintiffs' requested relief and seek dismissal of the case. Perry has provided no reason to believe the Secretary "will not strongly defend" Section 1005. *Id.* at 606. Perry has therefore failed to show that he meets the requirements of Rule 24(a) to intervene as of right.

### B. Permissive Intervention

To be permitted to intervene under Rule 24(b)(1)(B), a proposed intervenor must (1) file a timely motion, and (2) show it "has a claim or defense that shares with the main action a common question of law or fact."[2] If the proposed intervenor meets these threshold requirements, the court

---

[2] A party may also request permissive intervention under Rule 24(b)(1)(A), if he "is given a conditional right to intervene by a federal statute." Perry points to no statute granting him a conditional right to intervene.

must then "exercise its discretion in deciding whether intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). "In acting on a request for permissive intervention, it is proper to consider, among other things, 'whether the intervenors' interests are adequately represented by other parties' and whether they 'will significantly contribute to full development of the underlying factual issues in the suit.'" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (citation omitted).

Even assuming that Perry has established a claim or defense that shares a common question with this case, the Court, in exercising its discretion, declines to permit intervention. In his motion, Perry raises tangential issues that relate to a prior action. He references a prior lawsuit in the Fifth Circuit Court of Appeals concerning "Discrimination and Violation of Civil Rights [that] takes issue that all White Farmers that were a part of the Bankhead-Jones Farm Tenant Act." Mot. to Interv. 2, ECF No. 43. Perry does not explain why his prior lawsuit is relevant to this case. The Court finds that permitting Perry to intervene will confuse the issues and unduly delay the resolution of this case.

Moreover, Perry seeks the same relief as the Secretary. The Court thus finds that Perry's "interests are adequately represented by other parties," and his involvement will not "significantly contribute to full development of the underlying factual issues" in this case. *New Orleans Pub. Serv.*, 732 F.2d at 472 (cleaned up).

### III.     CONCLUSION

For these reasons, the Court **DENIES** the Motion to Intervene (ECF No. 43). Because Perry is not a party, the Court also **DISMISSES** Perry's Motion to Vacate the Court's Preliminary Injunction Order (ECF No. 73).

**SO ORDERED** this **8th day** of **December, 2021**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE