# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

SID MILLER et al.,
          *Plaintiffs,*
          *v.*
TOM VILSACK, in his official capacity as
Secretary of Agriculture,
          *Defendant.*

No. 4:21-cv-00595-O

# BRIEF IN SUPPORT OF THE FEDERATION OF SOUTHERN COOPERATIVES/LAND ASSISTANCE FUND'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING APPEAL AND REQUEST FOR EXPEDITED BRIEFING

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 1

III.    ARGUMENT ................................................................................................... 3

    A.   The Court Should Consider this Motion Using the Supreme Court's *Landis* Standard, Rather than the Four-Factor *Hilton* Test. ................................................................... 3

    B.   The Federation Meets the *Landis* Standard for a Stay of Proceedings Pending Appeal. .... 5

        1.   The Federation Will Suffer Hardship if this Case Is Not Stayed Pending Appeal. ......... 5

        2.   A Stay in Proceedings Will Not Result in Prejudice to the Non-Moving Parties............ 6

        3.   A Stay of Proceedings Pending Appeal Will Serve the Interests of Judicial Economy... 6

    C.   Although the Four-Factor *Hilton* Test Is Not the Proper Standard Here, the Federation Satisfies It. ...................................................................................................... 7

        1.   The Federation is likely to succeed on the merits. ........................................... 7

        2.   The balance of harms weighs in favor of a stay. ............................................ 14

        3.   A stay is in the public interest. ................................................................ 14

    D.   The Court Should Expedite Briefing and Decision of this Motion. ................................ 14

IV.    CONCLUSION AND PRAYER FOR RELIEF ................................................................. 15

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*,
    No. CV 14-09603-AB (SSX), 2015 U.S. Dist. LEXIS 177943 (C.D. Cal. Nov.
    5, 2015) ..................................................................................................................4

*Brumfield v. Dodd*,
    749 F.3d 339 (5th Cir. 2014) ...............................................................................5

*Campaign for S. Equality v. Bryant*,
    773 F.3d 55 (5th Cir. 2014) .................................................................................7

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
    386 U.S. 129 (1967), *superseded by statute on other grounds, see United*
    *States v. Am. Tel. & Tel. Co.*, 714 F.2d 178 180–81 (D.C. Cir. 1983) ...................6

*Cent. W.V. Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*,
    No. 2:15-cv-11818, 2015 U.S. Dist. LEXIS 150140 (S.D. W. Va. Nov. 5,
    2015) ......................................................................................................................4

*Coker v. Select Energy Servs., LLC*,
    161 F. Supp. 3d 492 (S.D. Tex. 2015) .................................................................3

*Cortez v. Lamorak Ins. Co.*,
    No. 20-2389, 2021 U.S. Dist. LEXIS 95603 (E.D. La. May 20, 2021)...................3

*Doe 1 v. AOL LLC*,
    719 F. Supp. 2d 1102 (N.D. Cal. 2010) ...............................................................4

*Doe No. 1 v. Glickman*,
    256 F.3d 371 (5th Cir. 2001) ...............................................................................9

*Edwards v. City of Houston*,
    78 F.3d 938 (5th Cir. 1996) .............................................................................6, 7

*FDIC v. Belcher*,
    No. 19-12561, 2020 U.S. Dist. LEXIS 7577 (E.D. La. Jan. 15, 2020)...................8

*Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*,
    983 F.2d 211 (11th Cir. 1993) .............................................................................9

*Hilton v. Braunskill*,
    481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1986)................................. *passim*

*Landis v. North American Company*,
    299 U.S. 248, 254 (1936)................................................................................ *passim*

*Mich. State AFL-CIO v. Miller*,
  103 F.3d 1240 (6th Cir. 1997) ...................................................................................12

*In re PaineWebber Inc. Ltd. P'ships Litig.*,
  94 F.3d 49 (2d Cir. 1996) ..........................................................................................7

*Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*,
  692 F.3d 343 (5th Cir. 2012) ......................................................................................4

*Ross v. Marshall*,
  426 F.3d 745 (5th Cir. 2005) ....................................................................................12

*Ruiz v. Estelle*,
  650 F.2d 555 (5th Cir. 1981) ......................................................................................8

*Sierra Club v. Espy*,
  18 F.3d 1202, 1205 (5th Cir. 1994) ..........................................................................13

*Stallworth v. Monsanto Co.*,
  558 F.2d 257 (5th Cir. 1977) ....................................................................................13

*Texas v. United States*,
  805 F.3d 635 (5th Cir. 2015) ..............................................................................10, 11

*United States v. Baylor Univ. Med. Ctr.*,
  711 F.2d 38 (5th Cir. 1983) ........................................................................................8

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ....................................................................................13

*Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
  559 F.2d 841 (D.C. Cir. 1977) ....................................................................................7

*Weingarten Realty Investors v. Miller*,
  661 F.3d 904 (5th Cir. 2011) ...................................................................................3, 4

*White v. Tex. Am. Bank/Galleria, N.A.*,
  958 F.2d 80 (5th Cir. 1992) ........................................................................................5

*Wildmon v. Berwick Universal Pictures*,
  983 F.2d 21, 23–24 (5th Cir. 1992) ............................................................................8

*Wynn v. Vilsack*,
  No. 3:21-cv-514-MMH-JRK, 2021 U.S. Dist. LEXIS 117042 (M.D. Fla. June
  23, 2021) ...................................................................................................................10

**Statutes**

7 U.S.C. § 2279(a)(6) ....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................13

# I.    INTRODUCTION

The Federation, whose members will feel the blow of an adverse outcome in this litigation more acutely than any of the current parties to the case, will soon be forced to watch powerlessly as important litigation deadlines come and go without its involvement.  Its fate will be left in the hands of others, who are, in the case of the Plaintiffs, directly hostile to its position, or, in the case of the Defendant, motivated by its own institutional interests that prevent it from adequately representing the Federation's members, who have come to rely on the debt relief at issue in this case for their very livelihoods.  For the Federation's members, unlike the parties litigating this case, what happens here is intensely personal.

The Federation has filed a notice of appeal of the Court's December 8, 2021 order denying the Federation's motion to intervene as a Defendant in this case, and it intends to seek consideration of the appeal on an expedited basis.  The Federation fully anticipates that the Fifth Circuit will reverse the denial of intervention.  If this case continues to be litigated while the Federation vindicates its right to intervene, at best the Court and the parties will waste significant time and resources re-litigating matters in which the Federation was improperly denied the opportunity to participate, and at worst the Federation will irreparably lose its ability to fully participate in the proceedings.

Fortunately, there is an easy way to prevent these serious harms.  For the reasons set forth below, the Court should grant a temporary stay of proceedings in this action while the Federation pursues an expedited appeal of the Court's order denying intervention.

# II.    BACKGROUND

Last year, Congress enacted the American Rescue Plan Act of 2021.  Section 1005 of the Act directs the Secretary of Agriculture ("Secretary") to provide debt relief to "socially

disadvantaged" farmers and ranchers ("SDFRs"), i.e., those who are part of a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C. § 2279(a)(6).

Plaintiff Sid Miller filed this lawsuit on behalf of "himself and others similarly situated" on April 26, 2021. ECF No. 1. Plaintiffs allege that Section 1005 violates the United States Constitution, on grounds that it provides benefits to SDFRs. *See* ECF No. 135 ¶ 22.

On June 2, 2021, Plaintiffs moved for class certification, ECF Nos. 12 & 13, and a preliminary injunction to prevent the U.S. Department of Agriculture ("USDA") "from discriminating on account of race or ethnicity in administering Section 1005 of the American Rescue Plan Act," ECF Nos. 17, 18, & 18-8. After a hearing on June 30, 2021, the District Court granted Plaintiffs' motions for class certification and preliminary injunction on July 1, 2021. ECF No. 60. The Secretary did not seek to appeal either the class certification or the preliminary injunction.

On October 12, 2021, the Federation filed a motion seeking intervention as of right or, in the alternative, permissive intervention. ECF Nos. 93 & 93-1. On November 12, 2021, Plaintiffs and the Secretary filed their responses to the Federation's motion to intervene; Plaintiffs opposed both intervention as of right and permissive intervention, and the Secretary opposed intervention as of right only. ECF Nos. 136 & 137.

On December 8, 2021, the District Court denied the Federation's motion to intervene. ECF No. 143. On December 17, 2021, the Federation filed its notice of appeal. ECF No. 147. The Federation intends to move for an expedited appeal.

## III.    ARGUMENT

**A.    The Court Should Consider this Motion Using the Supreme Court's *Landis* Standard, Rather than the Four-Factor *Hilton* Test.**

The proper analysis for determining whether to grant a stay of district court **proceedings** pending an interlocutory appeal is the standard set forth in *Landis v. North American Company*, in which the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  299 U.S. 248, 254 (1936).  "Courts consider the following factors in applying *Landis*: (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."  *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 U.S. Dist. LEXIS 95603, at *17 (E.D. La. May 20, 2021) (internal quotation marks and citations omitted) (applying the *Landis* test, rather than the four-factor *Hilton* test, to a motion to stay proceedings); *see also Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015) (same).

The Federation is aware that the Fifth Circuit has stated that when analyzing a motion to stay proceedings,

> a district court should use the four-factor test in *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1986): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay."

*Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011).  But in that case, the Fifth Circuit apparently assumed without deciding that the *Hilton* test applies to stays of

proceedings; its analysis did not mention *Landis* at all, and the court apparently did not consider whether a test other than *Hilton* might be more appropriate for a stay of proceedings.[1]  *Id.*

Other courts, however, have recognized that the *Hilton* test applies only to a requested stay of a district court **order** (e.g., a preliminary injunction), not, as here, a stay of district court **proceedings**.  *See, e.g.*, *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 U.S. Dist. LEXIS 177943, at *6 (C.D. Cal. Nov. 5, 2015) (observing that the four-factor test "applies *specifically* to stays of the enforcement of an order or judgment, not stays of an action during interlocutory appeal[.]"); *see also Cent. W.V. Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*, No. 2:15-cv-11818, 2015 U.S. Dist. LEXIS 150140, at *15 (S.D. W. Va. Nov. 5, 2015) (holding that the more flexible *Landis* standard, rather than the four-factor *Hilton* test, applies to motions to stay ongoing proceedings); *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010) ("*Hilton* is germane where a stay is sought with respect to an *order*. In this case, Plaintiffs are seeking to stay the proceedings. As such, the considerations set forth in *Landis* are germane.").  It is logical that when deciding whether to stay a district court's order, the relevant factors mirror the familiar criteria for granting a preliminary injunction,[2] but when deciding

---

[1] Notably, the *Weingarten Realty* parties' briefing did not mention the *Landis* test or present argument as to the proper test for stays of proceedings, as opposed to stays of district court orders. *See generally* (1) Motion for Stay of Dist. Ct. Proc. Pending Appeal of the Dist. Ct.'s Denial of Def.-Appellant's Motion to Compel Arb. & Stay Proc. Pending Arb.; (2) Weingarten Realty Invs.' Response to Motion for Stay & Motion for Summary Affirmance; and (3) Steward A. Miller's Reply to Weingarten Realty Invs.' Response to Motion for Stay; & Response to Motion for Summary Affirmance, *Weingarten Realty*, 661 F.3d 904 (No. 11-20676).

[2] "To obtain a preliminary injunction, the appellees were required to demonstrate (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin, and (4) that granting the preliminary injunction would not disserve the public interest."  *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

whether to stay proceedings, courts limit the inquiry to the balance of harms among the parties and judicial economy.

The Federation thus requests that the Court apply the *Landis* standard to grant the Federation's motion to stay proceedings.  In the alternative, the Federation also demonstrates that it satisfies the four-factor *Hilton* test.

**B.      The Federation Meets the *Landis* Standard for a Stay of Proceedings Pending Appeal.**

   **1.      The Federation Will Suffer Hardship if this Case Is Not Stayed Pending Appeal.**

If the Court does not stay proceedings in this case, the Federation will be deprived of the benefits of intervention in the event the Fifth Circuit reverses the Court's denial of intervention on appeal.  "It would indeed be a questionable rule that would require prospective intervenors to wait on the sidelines until after a court has already decided enough issues contrary to their interests. The very purpose of intervention is to allow interested parties to air their view so that a court may consider them before making potentially adverse decisions."  *Brumfield v. Dodd*, 749 F.3d 339, 345–46 (5th Cir. 2014).  Intervening parties "must have an opportunity to make every factual and legal argument" against a summary judgment motion. *White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 84 (5th Cir. 1992).

Here, the Federation would be denied its right as an intervening party to fully participate in the proceedings if the Court does not grant a stay pending appeal.  Expert reports are currently due to be exchanged on January 7, 2022, ECF No. 146; expert discovery closes on February 11, 2022, ECF No. 85; and the deadline for cross-motions for summary judgment is March 11, 2022, *id.*  If the Court does not stay proceedings pending the Federation's appeal, the Federation likely will not be able to fully exercise its rights as an intervenor, even if its appeal is successful—or at best, the Court and the parties would have to engage in costly and time-consuming re-litigation of

the issues, as explained in Part III.B.3, below.  Any such outcome would result in significant hardship to the Federation, which could be easily avoided by a temporary stay pending appeal.

   2.      **A Stay in Proceedings Will Not Result in Prejudice to the Non-Moving Parties.**

   Unlike the Federation, whose interests will be severely impaired if the parties are permitted to continue to litigate this case in its absence, the non-moving parties will not suffer any harm by a limited stay while the Federation seeks an expedited appeal.  Plaintiffs will not be harmed by a stay because the Court's preliminary injunction will continue to prevent the Secretary from implementing Section 1005 throughout the duration of the stay.  Nor will the Secretary be prejudiced by a temporary stay pending appeal, because while the Secretary has an ultimate goal of defending the constitutionality of the debt relief program, the Government, unlike the Federation, does not stand to directly gain or lose anything from the outcome of this litigation. Indeed, the Government stated in its pre-motion conference with the Federation's counsel that it does not take a position on this motion to stay (but it does consent to expedited briefing), suggesting that it does not believe it will be prejudiced by a stay.

   3.      **A Stay of Proceedings Pending Appeal Will Serve the Interests of Judicial Economy.**

   If the case is not stayed, a successful appeal of the denial of intervention would likely result in tremendous waste of the Court's, and the parties', resources.  The Supreme Court has held that where a proposed intervenor was improperly denied intervention, "the entire merits of the case must be reopened to give [proposed intervenors] an opportunity to be heard[.]"  *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 136 (1967) (reversing denial of motion to intervene, vacating an order of divestiture in which proposed intervenors were not permitted to participate, and ordering *de novo* hearings on the same), *superseded by statute on other grounds, see United States v. Am. Tel. & Tel. Co.*, 714 F.2d 178 180–81 (D.C. Cir. 1983); *see also Edwards*

6

*v. City of Houston*, 78 F.3d 938, 1006 (5th Cir. 1996) (reversing denial of intervention, vacating a consent decree that was negotiated without the involvement of the proposed intervenors, ordering that proposed intervenors be allowed to take appropriate discovery, and ordering a new fairness hearing for approval of any consent decree); *In re PaineWebber Inc. Ltd. P'ships Litig.*, 94 F.3d 49, 52 (2d Cir. 1996) ("If the intervenor prevailed on appeal, the entire matter might have to be relitigated.").  If the Federation succeeds on appeal, it will seek to vindicate its rights to fully participate as a party in this case, including but not limited to participating in expert discovery and filing summary judgment briefing.  To avoid having to rewind the clock and duplicate the Court's and the parties' time and efforts, the Court should grant a stay of proceedings pending appeal in the interest of judicial efficiency.

**C.**     **Although the Four-Factor *Hilton* Test Is Not the Proper Standard Here, the Federation Satisfies It.**

As explained above, the *Landis* standard is the proper framework for analyzing motions to stay case proceedings.  But even if the Court were to apply the *Hilton* test, all four factors strongly weigh in favor of granting a stay pending appeal.

**1.**     **The Federation is likely to succeed on the merits.**

For the reasons discussed below, it is probable that the Federation will succeed on the merits of its appeal.  But even if the Court disagrees, "a movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities [i.e., consideration of the other three *Hilton* factors] weighs heavily in favor of granting the stay." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (on a motion to stay an order of preliminary injunction) (internal quotation marks and citations omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ("A court, when confronted with a case in which the other three factors strongly favor interim relief, may exercise

its discretion to grant a stay if the movant has made a substantial case on the merits.  The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits.") (quoted favorably in *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

"A serious legal question is one that could have a broad impact on federal and state relations, or an otherwise far-reaching effect of public concern."  *FDIC v. Belcher*, No. 19-12561, 2020 U.S. Dist. LEXIS 7577, at *16 (E.D. La. Jan. 15, 2020) (citing *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23–24 (5th Cir. 1992)); *see also United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983) (finding a serious legal question where the decision "could have a broad impact upon federal/state relations").  *Contrast Wildmon*, 983 F.2d at 23–24 (finding no serious legal question involved because "[t]his case involves only a private contractual matter").

The question presented in the Federation's appeal has a far-reaching effect of public concern.  Namely, the Federation's appeal concerns whether a nonprofit organization has the right to intervene to defend legislation on which its members reasonably relied, where the organization has demonstrated that the governmental entity charged with defending the law has withheld "crucial" evidence and arguments for its own self-interested reasons.  This case does not merely involve a private matter—the results have far-reaching effects, as the consequences of the Fifth Circuit's resolution of the Federation's appeal will determine whether public interest organizations are permitted to intervene on behalf of their members in suits directly affecting them, where the Government is inadequately representing their interests.  The Federation's appeal involves a serious legal question, and as will be explained in later sections, the three other *Hilton* factors weigh heavily in favor of a stay.  Thus, the Court should grant a stay even if the Court believes it

is not probable that the Federation's appeal will succeed on the merits because, as shown below, the Federation presents a "substantial case" in favor of reversal of the order denying intervention.

> ### a.    Intervention as of right

The Federation will likely prevail on its appeal of the Court's denial of mandatory intervention.  To prevail on a motion to intervene as a matter of right, the proposed intervenor must show:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).  "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."  *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

This Court—like Plaintiffs and the Secretary—did not take issue with the Federation's satisfaction of the first three requirements but denied mandatory intervention on the ground that the Federation "failed to demonstrate that the Secretary will not adequately represent its interests in this suit."  ECF No. 143, at 3.  Respectfully, the Federation is likely to succeed on the merits, or at minimum presents a "substantial case" on appeal, for a number of reasons.

***First***, it is not enough that the Federation and the Secretary share the same ultimate objective to conclude that the Secretary adequately represents the Federation's interests.  Though the Federation and Secretary both share ***an*** objective of defending the constitutionality of Section 1005, the Secretary has other objectives that conflict with the interests of the Federation—most importantly, the desire to uphold the reputation of the USDA and protect it from liability associated

with claims of racial discrimination.  *See* ECF No. 93, at 20–21; ECF No. 143, at 2, 5–6.  The Court's order denying intervention did not address the Federation's concern that the Secretary has failed to present evidence of current and recent discrimination due to its interest in self-preservation—even though another court considering a similar challenge to Section 1005 recently opined that "evidence of continued discrimination [is] ***crucial***."  *Wynn v. Vilsack*, No. 3:21-cv-514-MMH-JRK, 2021 U.S. Dist. LEXIS 117042, at \*12, \*18 n.9 (M.D. Fla. June 23, 2021) (emphasis added); *cf.* ECF No. 60, at 17 ("[T]he Government puts forward no evidence of intentional discrimination by the USDA in at least the past decade.").  *See also Texas v. United States*, 805 F.3d 635, 662 (5th Cir. 2015) ("In order to show adversity of interest [sufficient to rebut a presumption of adequate representation], an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case.").  Although the Federation and the Secretary share the same objective of defending the constitutionality of Section 1005, the Secretary's interest in protecting the USDA and the Farm Services Administration (which administers USDA loan programs) diverge with the Federation's interest in providing a robust presentation of evidence of current and recent governmental discrimination, which is "crucial" to the outcome of this case.  The Federation is thus likely to succeed on the merits, or at the very least presents a "substantial case" on appeal.

***Second***, the Court's order denying intervention did not address the Federation's argument regarding another substantial conflict of interest between the Federation and the Government.  During the pendency of this lawsuit, the USDA has issued letters to Federation members acknowledging their eligibility for loan relief but threatening acceleration of their loans and foreclosure of their farms.  *See* ECF No. 141, at 5 & Supp. App. at 001–006.  Though "[t]he Secretary has publicly stated his intention to forcefully defend Section 1005," ECF No. 136, at 1,

the Government betrays such expressed intent by seeking to profit from the foreclosure of SDFRs' farms should Section 1005 be permanently enjoined. *See Texas v. United States*, 805 F.3d at 663 (finding a divergence of interest sufficient to overcome a presumption that the government adequately represented the proposed intervenor where the government took the position that States could refuse to issue driver's licenses to the very individuals the government purported to adequately represent in a challenge to the Deferred Action for Parents of Americans program). The Court did not address this divergence in interest, or *Texas v. United States*, in its denial order. The conflict, however, at minimum presents a substantial case in favor of the Federation's appeal, if not an outright likelihood of success on the merits.

*Third*, in finding that "permitting the Federation to proceed as amicus will enable it to fully voice its position in this case," ECF No. 143, at 5, the Court did not address the Federation's reasons why filing an amicus brief would not ensure that the Federation's interests are adequately represented—namely, that the Federation intends to (1) raise legal issues not raised by any of the other parties, and (2) present expert and other testimony, *see* ECF No. 141, at 8, neither of which an amicus is generally permitted to do. The Court of Appeals is likely to agree that the Federation's interests are not served by filing an amicus brief, increasing the likelihood of success on the merits.

*Fourth*, the court cited a conditional motion to intervene filed by two entities unaffiliated with the Federation in reaching its conclusion that the Federation's interests do not diverge from those of the Secretary. *See* ECF No. 143, at 4–5. Respectfully, the organizations who filed the conditional motion to intervene do not represent the interests of the Federation any more than the Government does, and any filings or strategic decisions by those entities have no relevance to whether the Federation is a proper intervenor.

11

***Finally***, this Court summarized the reasons for its denial by stating: "the proposed intervenors have not demonstrated that the Secretary will not strongly defend Section 1005. Nor have the proposed intervenors shown that they have a separate defense of Section 1005 that the Secretary has failed to assert." ECF No. 143, at 4 (internal quotation marks, citations, and alterations omitted). However, the record shows that the Secretary is not defending Section 1005 sufficiently to protect the Federation's interests. On July 1, 2021, this Court entered an order (ECF No. 60) granting class certification and the Plaintiffs' request for a preliminary injunction and enjoining the Secretary from implementing Section 1005, ECF No. 60, at 24, but the Secretary did not appeal any aspect of the Court's order notwithstanding his right to do so under 28 U.S.C. § 1292(a)(1) and Rule 23(f) of the Federal Rules of Civil Procedure. The Secretary's failure to appeal demonstrates that the Secretary is an inadequate representative of the Federation's interests. *See Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (holding that litigant's abandonment of his appeal "is sufficient to meet [proposed intervenor's] minimal burden of showing inadequate representation"); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997) (holding that the state's decision not to appeal a preliminary injunction—even if a sound litigation strategy for the state—"demonstrated that it will not adequately represent and protect the interests held by the [proposed intervenor]"). The Secretary's failure to appeal class certification and the preliminary injunction shows that it is not adequately representing the Federation's interests.

For all the above reasons, the Federation's appeal is more likely than not to succeed. But even if the Federation could not meet that high standard, the above analysis demonstrates that the Federation ***at least*** has a "substantial case" involving a serious legal question. Given that the other *Hilton* factors also weigh strongly in the Federation's favor, for the reasons discussed below, the Court must stay proceedings pending the appeal.

### b.   Permissive intervention

The Federation also will likely prevail on its appeal of the Court's denial of permissive intervention—or at least put on a "substantial case."  To qualify for permissive intervention, a proposed intervenor must (1) file a timely motion, and (2) show it "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  If the proposed intervenor meets those threshold requirements, the Court must then "exercise its discretion in deciding whether intervention should be allowed."  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).  But the district court's discretion is not unlimited.  "Federal courts should allow intervention when no one would be hurt and the greater justice ***could be*** attained."  *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) (internal quotation marks omitted) (emphasis added).

Neither party's briefing, nor the Court's order, explained how anyone would be hurt by the Federation's participation in this case, or why the greater justice could not be attained by its involvement.  Indeed, the Secretary did not oppose permissive intervention, and the Plaintiffs presented just one argument against it: that the Federation did not have a "claim or defense."  *See* ECF No. 137, at 2–3.  The Federation convincingly refuted that argument in its reply brief, *see* ECF No. 141, at 9–10, and the Court did not address it in its order.  Because there has been no suggestion by either party or the Court that anyone would be hurt by the Federation's intervention, and there is ample support for the notion that the greater justice ***could be*** obtained with the Federation's active participation as a litigant, the Federation at least presents a "substantial case" of success on appeal.

**2.      The balance of harms weighs in favor of a stay.**

As explained in Parts II.B.1 and 2 above, the Federation's interests will be irreparably impaired if the parties are permitted to litigate in its absence while the appeal is pending, but the Plaintiffs' and Secretary's interests will not be harmed by a temporary stay pending a temporary appeal (for which the Federation is seeking expedited consideration).  For the same reasons, the second and third *Hilton* factors weigh in favor of a stay.

**3.      A stay is in the public interest.**

The fourth factor, directing courts to consider the public interest, also heavily favors a stay. Whether or not the Federation is successful on appeal, this is a case that all parties agree is of great public consequence and has accordingly received considerable public attention.  No party disputes either that the Federation represents Black farmers who have reasonably relied on the promise of debt relief and whose lives and livelihoods will be materially affected by the outcome of this case. As such, it is critical to the integrity of the litigation that there be no basis for a claim that the Federation was shut out from a meaningful opportunity to demonstrate to the Court of Appeals in the first instance that it is entitled to intervenor status.

**D.      The Court Should Expedite Briefing and Decision of this Motion.**

Given the fast-approaching case deadlines as discussed above (most notably the deadline to exchange initial expert reports on January 7, 2022), the Federation respectfully requests that the Court set an expedited briefing schedule for this motion and order the parties to file any responses by no later than January 5, 2022, two weeks from the date hereof.  In the interest of expediency, the Federation waives its right to reply.  Plaintiffs' counsel has indicated that Plaintiffs are opposed to the relief sought in this motion.  The Secretary's counsel has indicated that it takes no position on the motion to stay but consents to the Federation's request for an expedited briefing schedule.

## IV.    CONCLUSION AND PRAYER FOR RELIEF

To ensure that the Federation's rights to fully participate in the litigation are not impaired if the Court of Appeals reverses the denial of intervention, and in the interest of judicial economy, the Federation respectfully requests that the Court (1) order that the Parties file any brief in opposition to this motion no later than January 5, 2022; and (2) stay all proceedings in this case pending resolution of the Federation's interlocutory appeal.


Dated: December 22, 2021                            Respectfully submitted,


                                                    /s/ Chase J. Cooper
                                                    Chase J. Cooper
                                                    TX Bar No. 24087342
                                                    ccooper@winston.com
                                                    WINSTON & STRAWN LLP
                                                    2121 N. Pearl Street, Suite 900
                                                    Dallas, TX 75201
                                                    P: 214-453-6500

                                                    George C. Lombardi *(admitted pro hac vice)*
                                                    Illinois Bar No. 6187715
                                                    glombardi@winston.com
                                                    Julie A. Bauer *(admitted pro hac vice)*
                                                    Illinois Bar No. 6191271
                                                    jbauer@winston.com
                                                    Rebecca Carter *(admitted pro hac vice)*
                                                    Illinois Bar No. 6335662
                                                    rcarter@winston.com
                                                    WINSTON & STRAWN LLP
                                                    35 West Wacker Drive
                                                    Chicago, IL 60601
                                                    P: 312-558-5600

                                                    Kobi K. Brinson *(admitted pro hac vice)*
                                                    NC Bar No. 23827
                                                    kbrinson@winston.com
                                                    WINSTON & STRAWN LLP
                                                    300 South Tryon Street, 16th Floor
                                                    Charlotte, NC 28202
                                                    P: 704-350-7700

Janelle Li-A-Ping *(admitted pro hac vice)*
California Bar No. 330805
jliaping@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
P: 213-615-1700

Jon Greenbaum *(admitted pro hac vice)*
California Bar No. 166733
jgreenbaum@lawyerscommittee.org
Dorian L. Spence *(admitted pro hac vice)*
Maryland Bar No. 0912170195
dspence@lawyerscommittee.org
Maryum Jordan *(admitted pro hac vice)*
California Bar No. 325447
mjordan@lawyerscommittee.org
Phylicia Hill *(admitted pro hac vice)*
Alabama Bar No. 5749J00X
phill@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
P: 202-662-8600

Mark D. Rosenbaum *(admitted pro hac vice)*
California Bar. No. 59940
mrosenbaum@publiccounsel.org
Nisha Kashyap *(admitted pro hac vice)*
California Bar No. 301934
nkashyap@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Ave.
Los Angeles, CA 90005
P: 213-385-2977

*Counsel for The Federation of Southern
Cooperatives/Land Assistance Fund*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on December 22, 2021, which will serve all counsel of record.

*/s/ Chase J. Cooper*
Chase J. Cooper