IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE,<br><br>　　　　Defendant. | Civil Action No. 4:21-cv-595-O |

# DEFENDANT'S OPPOSITION TO THE
# FEDERATION'S MOTION TO STAY PROCEEDINGS

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2071/ Fax: (202) 616-8460
michael.f.knapp@usdoj.gov

*Counsel for Defendant*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................3

I.      STANDARD OF REVIEW................................................................................................. 3

II.     THE FEDERATION HAS NOT MET ITS BURDEN TO JUSTIFY A STAY UNDER *LANDIS*. .............. 5

      A.      A stay would prejudice Defendant...................................................................................6

      B.      The Federation will not suffer hardship or inequity if a stay is denied. ........................7

      C.      A stay is unlikely to conserve judicial resources................................................................7

III.    A STAY IS SIMILARLY UNWARRANTED UNDER THE *HILTON* ANALYSIS. ...................................... 9

      A.      All three equitable *Hilton* factors weigh against a stay........................................................9

      B.      The Federation is unlikely to prevail on appeal. .............................................................10

      C.      The Federation's appeal does not present a "serious legal question."..........................11

CONCLUSION...............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott v. Perez*,
   138 S. Ct. 2305 (2018) ........................................................................................................... 6

*Addison v. United States*,
   No. 3:12-CV-4271-O, 2013 WL 12126281 (N.D. Tex. June 20, 2013) ................................ 4

*Ali v. Quarterman*,
   607 F.3d 1046 (5th Cir. 2010) ............................................................................................... 5

*Baker v. Wade*,
   769 F.2d 289 (5th Cir. 1985) ............................................................................................... 11

*Bradley v. Milliken*,
   828 F.2d 1186 (6th Cir. 1987) ............................................................................................. 10

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001) ................................................................................................ 10

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
   386 U.S. 129 (1967) .............................................................................................................. 9

*Cherokee Nation of Oklahoma v. United States*,
   124 F.3d 1413 (Fed. Cir. 1997) ............................................................................................. 4

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*,
   761 F.2d 198 (5th Cir. 1985) ................................................................................................. 4

*Cooper Indus., Inc. v. Aviall Servs., Inc.*,
   543 U.S. 157 (2004) .............................................................................................................. 5

*Cortez v. Lamorak Ins. Co.*,
   No. CV 20-2389, 2021 WL 2018073 (E.D. La. May 20, 2021) ........................................... 4

*DeOtte v. Nevada*,
   No. 19-10754, 2021 WL 5984978 (5th Cir. Dec. 17, 2021) ................................................. 7

*Duncan v. Becerra*,
   No. 3:17-cv-1017, 2017 WL 4518498 (S.D. Cal. Oct. 10, 2017) ......................................... 4

*Edwards v. City of Houston*,
   78 F.3d 938 (5th Cir. 1996) ................................................................................................... 9

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ..................................................................................................................4

*In re Beebe*,
   56 F.3d 1384 (5th Cir. 1995) .....................................................................................................5

*In re Toyota Hybrid Brake Litig.*,
   No. 4:20-CV-127, 2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ...........................................10

*Interstate Serv. Provider, Inc. v. Jordan*,
   No. 4:21-CV-267, 2021 WL 2355384 (E.D. Tex. June 9, 2021) ...............................................4

*Izzio v. Century Partners Golf Mgmt., L.P.*,
   No. 3:14-CV-03194-P, 2015 WL 5472845 (N.D. Tex. Sept. 15, 2015) .................................10

*Jones v. Prince George's Cnty.*,
   348 F.3d 1014 (D.C. Cir. 2003) ..............................................................................................10

*Kuang v. U.S. Dep't of Def.*,
   18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ...........................................5

*Landis v. North American Company*,
   299 U.S. 248 (1936) ..................................................................................................................3

*Lawrence v. Jefferson Par. Pub. Defs.*,
   20-1615, 2021 WL 6063253 (E.D. La. Dec. 22, 2021) .............................................................4

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) .................................................................................................10

*Maryland v. King*,
   567 U.S. 1301 (2012) ................................................................................................................6

*McKnight v. Blanchard*,
   667 F.2d 477 (5th Cir. 1982) .....................................................................................................5

*Microsoft Corp. v. Commonwealth Sci. & Indus. Rsch. Organisation*,
   No. 6:06 CV 549, 2008 WL 11348314 (E.D. Tex. Mar. 19, 2008) ..........................................6

*Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*,
   319 F. Supp. 2d 1094 (C.D. Cal. 2003) ....................................................................................6

*New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*,
   434 U.S. 1345 (1977) ................................................................................................................6

*Nken v. Holder*,
   556 U.S. 418 (2009) ..................................................................................................................4

*Planned Parenthood of Wisconsin, Inc. v. Kaul*,
    942 F.3d 793 (7th Cir. 2019) ................................................................................................10

*Saldano v. Roach*,
    363 F.3d 545 (5th Cir. 2004) ................................................................................................ 11

*Snap Advances v. Caring Hands & Supplementary Enrichment Educ.*,
    2:18-CV-00347, 2020 WL 1031797 (D. Utah Jan. 28, 2020) ................................................6

*SP Plus Corp. v. IPT, LLC*,
    No. CV 16-2474, 2017 WL 1423882 (E.D. La. Mar. 23, 2017) .............................................5

*St. Bernard Par. v. Lafarge N. Am., Inc.*,
    914 F.3d 969 (5th Cir. 2019) ................................................................................................11

*Stuart v. Huff*,
    No. 1:11-CV-804, 2011 WL 6740400 (M.D.N.C. Dec. 22, 2011), *aff'd,* 706 F.3d 345
    (4th Cir. 2013) ......................................................................................................................10

*Swinton v. SquareTrade, Inc.*,
    960 F.3d 1001 (8th Cir. 2020) ..............................................................................................10

*Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*,
    673 F.3d 399 (5th Cir. 2012) ..................................................................................................5

*United States v. Baylor Univ. Med. Ctr.*,
    711 F.2d 38 (5th Cir. 1983) ..................................................................................................12

*Webster v. Fall*,
    266 U.S. 507 (1925) ................................................................................................................5

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ..................................................................................................5

*Weingarten Realty Invs. v. Miller*,
    661 F.3d 904 (5th Cir. 2011) ............................................................................................ 4, 9

*Wisconsin Educ. Ass'n Council v. Walker*,
    705 F.3d 640 (7th Cir. 2013) ................................................................................................10

**Regulations**

86 Fed. Reg. 28,329 (May 26, 2021) ............................................................................................1

**Other Authorities**

H.R. 1319, 117th Cong. (2021) .....................................................................................................1

iv

## INTRODUCTION

Plaintiff Sid Miller filed suit in April 2021 to challenge the constitutionality of Section 1005 of the American Rescue Plan Act. On July 1, this Court certified two classes and entered a preliminary injunction. More than three months later, the Federation of Southern Cooperatives/Land Assistance Fund moved to intervene, seeking to defend Section 1005 alongside Defendant, the Secretary of Agriculture. Defendant opposed intervention as of right but did not oppose permissive intervention so long as intervention would not delay proceedings, among other conditions.

The Court denied the Federation's motion to intervene, the Federation has noticed an appeal, and the Fifth Circuit has set an expedited briefing schedule for the appeal. The Federation now seeks to stay all proceedings pending the resolution of its appeal. But a stay would prejudice the government, and the thousands of farmers who will be denied relief so long as the preliminary injunction remains in place. The Court should deny the Federation's motion and permit this litigation to proceed expeditiously to final judgment.

## BACKGROUND[1]

On March 11, 2021, the President signed into law the American Rescue Plan Act of 2021 ("ARPA"), providing $1.9 trillion in economic stimulus. *See* H.R. 1319, 117th Cong. (2021). Among that $1.9 trillion, Congress appropriated funds to pay off certain direct and guaranteed USDA farm loans held by "socially disadvantaged farmers or ranchers" ("SDFRs"). *See id.* § 1005. The USDA has interpreted the reference to SDFRs in Section 1005 to include American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos. *See* Notice of Funds Availability, 86 Fed. Reg. 28,329, 28,330 (May 26, 2021).

---

[1] Defendant has set forth the background of this matter in other filings in this Court. *See* Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj., ECF No. 27; Def.'s Partial Mot. to Dismiss, ECF No. 49; Def.'s Opp'n to Mot. to Opt Out, ECF No. 88. Here, Defendant includes only the background most pertinent to the instant motion and respectfully refers the Court to those previous filings for any additional background necessary.

On April 26, 2021, Plaintiff Sid Miller, a farmer who self-identifies as white, filed a complaint challenging Section 1005 on equal protection and other grounds. ECF No. 1. On June 2, 2021, Plaintiffs filed an amended complaint adding additional farmers, ECF No. 11, a motion to certify two classes of farmers and ranchers, Br. in Supp. of Mot. for Class Cert., ECF No. 13, and a motion for a preliminary injunction, ECF No. 18.

The government opposed both motions. In its opposition to Plaintiffs' motion for a preliminary injunction, the government argued that Section 1005 is necessary to remedy the lingering effects of longstanding discrimination against minority farmers in USDA's loan programs and to ensure that the allocation of government funding is not perpetuating that discrimination. *See* Defs.' Opp'n to Pls.' PI Mot. 8, 19-20, ECF No. 27. In doing so, the government documented the unfortunate, longstanding history of agency discrimination against minority farmers, as well as the lingering effects of that discrimination experienced by minority farmers today. *See id.* at 4-11, 17-20.

On June 15, 2021, the National Black Farmers Association ("NBFA") and the Association of American Indian Farmers ("AAIF"), non-profit organizations that advocate for the interests of Black and Native American farmers and ranchers, filed a proposed amicus brief in opposition to Plaintiffs' motion for a preliminary injunction, along with declarations from the associations' members, recounting their experiences of discrimination in USDA's farm loan programs. *See* ECF Nos. 29, 31. The government did not oppose the associations' participation as amici, and the Court granted the associations leave to file their amicus brief and accompanying declarations. *See* ECF No. 30. On June 9, 2021, the associations also filed a conditional motion to intervene. *See* Ass'ns' Cond'l Mot. to Intervene as Defs. 2, ECF No. 24. Therein, the associations noted that they "share the same objective as the government in defending the laws challenged by this action," and thus were not seeking to intervene at that time. *Id.* They filed their conditional motion only as a placeholder to ensure timeliness and

2

indicated that they would seek to intervene only if their interests diverged from the government's in the future. *See id.* at 2.[2]

On July 1, 2021, the Court granted Plaintiffs' motion for a preliminary injunction and certified two classes to challenge Section 1005. *See* Order on Class Cert. & PI, ECF No. 60. The government did not seek interlocutory appeal of either order, and the parties promptly agreed to a schedule to govern further proceedings, which schedule the Court subsequently adopted. *See* ECF No. 70 (Joint Scheduling Statement); ECF No. 85 (Order). The parties later sought, and the Court granted, an extension that enlarged the time to complete expert discovery but maintained the briefing schedule previously agreed to and entered by the Court. *See* ECF No. 146. Under the current scheduling order, discovery will be complete by February 25, 2022, and briefing will be complete by April 1, 2022.

On October 12, 2021—over three months after the Court entered its preliminary injunction— the Federation filed a motion to intervene as a defendant in this action. *See* ECF No. 93. The government opposed intervention as of right, but did not oppose permissive intervention so long as the Federation's participation did not delay proceedings. *See* ECF No. 136. This Court denied intervention, ECF No. 143, and the Federation appealed, *see* ECF No. 147; *see also* ECF No. 154 (noting appeal is expedited). On December 22, 2021, the Federation filed an "Emergency Motion to Stay Proceedings Pending Appeal," asking this Court to stay the litigation while the Federation pursues its appeal of the denial of intervention. *See* ECF No. 148; ECF No. 149 ("Stay Mem.").

## ARGUMENT

**I.     Standard of Review**

Defendant agrees with the Federation that a motion to stay *proceedings* is governed by the analysis set out in the Supreme Court's decision in *Landis v. North American Company*, 299 U.S. 248 (1936),

---

[2] To date, the NBFA and AAIF have not sought to intervene.

3

not by the four-factor test for a stay of an *order* set out in Supreme Court's decision in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and again in *Nken v. Holder*, 556 U.S. 418 (2009) (applying a four-factor test but noting that two factors "merge" when the government is a party). Using the *Landis* approach, courts consider the competing hardships to the litigants if a stay is or is not granted together with the benefits to judicial economy that might be gained by a stay. This analysis often proceeds using three factors: (1) the prejudice to the nonmovants from granting a stay; (2) the hardship or inequity to the movants from denying a stay; and (3) the gains to judicial economy from granting a stay. *See, e.g.*, *Interstate Serv. Provider, Inc. v. Jordan*, No. 4:21-CV-267, 2021 WL 2355384, at *2 (E.D. Tex. June 9, 2021) (describing the *Landis* test using three factors); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (also using three factors); *cf. Lawrence v. Jefferson Par. Pub. Defs.*, No. CV 20-1615, 2021 WL 6063253, at *2 (E.D. La. Dec. 22, 2021) (describing the *Landis* analysis using four factors). The Federation, as the litigant seeking to disrupt the ordinary course of proceedings, "bears a heavy burden" to justify a stay, *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985), and must "show that there is a pressing need for a delay." *Addison v. United States*, No. 3:12-CV-4271-O, 2013 WL 12126281, at *1 (N.D. Tex. June 20, 2013) (O'Connor, J.). The Court must both avoid "prejudic[ing] other litigants unduly," *Coastal (Bermuda)*, 761 F.2d at 203 n.6, and also honor its "paramount obligation to exercise jurisdiction timely in cases properly before it," *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

To be sure, both courts and litigants have occasionally been imprecise in choosing the correct standard. *E.g.*, *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). But, as far as Defendant is aware, all but one court to address the issue directly has concluded that the three-factor *Landis* test applies.[3] Indeed, those "district courts that have directly confronted the question have overwhelmingly

---

[3] *See Duncan v. Becerra*, No. 3:17-cv-1017, 2017 WL 4518498, at *1 n.1 (S.D. Cal. Oct. 10, 2017) (stating, without analysis or citation, that the *Nken* standard applies to all stays pending a direct appeal).

4

concluded that the *Landis* test or something similar governs." *Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases). Thus, as one district court explained, "courts do not customarily employ this 'four-factor test' [set out in *Hilton*] in evaluating motions for stays of entire proceedings." *SP Plus Corp. v. IPT, LLC*, No. CV 16-2474, 2017 WL 1423882, at *2 (E.D. La. Mar. 23, 2017). Instead, courts properly apply "a similar but distinct balancing test"—the test set out in *Landis*—"in discerning whether to exercise their discretion to issue a stay of a case's proceedings." *Id.*

The Fifth Circuit's invocation of the four-factor *Hilton* test in *Weingarten Realty* is therefore mistaken. And that statement does not bind this court. Although the Fifth Circuit applied the *Hilton* test in that case—apparently at the parties' behest—it did not directly confront the issue which test properly applies in that context. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (quoting *Webster v. Fall,* 266 U.S. 507, 511 (1925)). Indeed, the Fifth Circuit has long applied the *Landis* test to decide whether a stay of proceedings was appropriate. *See, e.g., McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983); *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (table); *Ali v. Quarterman*, 607 F.3d 1046, 1049 (5th Cir. 2010). The Fifth Circuit panel in *Weingarten Realty* was without power to overrule those earlier cases. *See, e.g., Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012).

This Court should therefore apply the *Landis* equitable analysis in assessing the Federation's motion.

## II.    The Federation Has Not Met Its Burden to Justify a Stay Under *Landis*.

The Federation has not satisfied its "heavy burden" to warrant a stay of proceedings. Indeed, none of the three factors that courts traditionally consider in staying proceedings supports a stay here.

5

Courts therefore routinely deny a stay of proceedings pending appeal of a denial of a motion to intervene. *See, e.g.*, *Snap Advances v. Caring Hands & Supplementary Enrichment Educ.*, No. 2:18-CV-00347, 2020 WL 1031797, at *2 (D. Utah Jan. 28, 2020); *Microsoft Corp. v. Commonwealth Sci. & Indus. Rsch. Organisation*, No. 6:06 CV 549, 2008 WL 11348314, at *2 (E.D. Tex. Mar. 19, 2008); *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1108 (C.D. Cal. 2003). In the context of this case, this Court, too, should deny a stay of proceedings.

      A.    *A stay would prejudice Defendant.*

First, a stay would prejudice Defendant. Congress enacted Section 1005 over nine months ago as part of an emergency relief act, and this Court's preliminary injunction acts as an obstacle to providing the relief Congress determined was warranted. The government seeks to lift that injunction by quickly proceeding to, and prevailing at, final judgment. The stay that the Federation seeks would delay final judgment and prolong the duration of the preliminary injunction, further delaying payment to the many farmers and ranchers who stand to benefit from Section 1005.

The Federation doubts that the Secretary will be harmed by a stay because the government does not itself stand to gain from the issuance of Section 1005 payments. But, as the Supreme Court has explained, "the inability [of a government] to enforce its duly enacted plans clearly inflicts irreparable harm." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018); *see also Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). Each day that the preliminary injunction remains in effect further injures the government, and a delay in reaching final judgment will only exacerbate that injury. Moreover, the Federation minimizes the government's real interest in providing payments under Section 1005, not only to members of the

Federation, but to all who are eligible. Congress enacted Section 1005 to address a compelling governmental interest. The Federation's own interest in joining the government's defense of the statute does not warrant prolonging a delay in issuing Section 1005 relief.

      B.    *The Federation will not suffer hardship or inequity if a stay is denied.*

Second, the Federation has not demonstrated a "pressing need" for a stay of proceedings. The Federation asserts that, should it prevail on appeal, the proper remedy would be to relitigate any matters decided and to re-do any discovery from which it was wrongly excluded during the pendency of the appeal. *See* Stay Mem. at 6-7. Indeed, the Federation relies on that remedy to support its contention that the third factor, judicial economy, supports a stay. *Id.* The government does not think it necessary, at this stage, to definitively determine the remedy should the Federation prevail in arguing on appeal that this Court committed reversible error in denying intervention.[4] *Cf. infra* section III.B (explaining that the Federation is unlikely to succeed on the merits). But even if the Federation were correct that relitigating any matter would be the appropriate remedy, then it would suffer no prejudice from the denial of a stay: If a stay is denied and the Federation prevails, it will be able to participate in these proceedings. (And if the Federation is mistaken as to the appropriate remedy, then it cannot show that a stay will preserve judicial resources.) And, in any event, the Federation remains free to file an amicus brief, including any additional evidence from its members, which the government welcomes.

      C.    *A stay is unlikely to conserve judicial resources.*

Even assuming for purposes of this motion that the Federation is correct as to the appropriate remedy if it prevails on appeal, a stay is still unlikely to conserve substantial judicial resources. First,

---

[4] Defendants do not concede that relitigation and reopening of discovery would be appropriate simply because a court later determines that the Federation was incorrectly denied intervention. The appropriate remedy will turn on where the litigation stands at that point. *Cf. DeOtte v. Nevada*, No. 19-10754, 2021 WL 5984978, at *11 (5th Cir. Dec. 17, 2021) (reversing denial of intervention and remanding with instructions to dismiss as moot).

7

and as explained below, the Federation is unlikely to succeed on appeal. *See infra* section III.B. Because this Court's ruling on intervention is unlikely to be reversed, a stay would simply delay proceedings without reducing the burden on the Court or the parties.

Second, even if the Federation did prevail, a stay still would not preserve substantial judicial resources. The parties believe this matter can be decided at summary judgment. If the Federation were permitted to intervene, it would be entitled to file appropriate briefs, and the parties would have to then respond to any non-duplicative arguments within. But that would be true whether or not a stay is granted. That is, if proceedings are stayed and intervention later granted, the parties and the Federation will file their briefs on a single schedule; if proceedings continue and intervention is later granted, the parties, and the Federation as amicus, may have already filed their own briefs, and will simply have to make a separate filing to respond to the Federation's own, post-appeal filing. A stay therefore would, at most, simply change when and how many briefs were filed, but not the substance of that briefing or the work involved.

The Federation might also be permitted to participate in expert discovery by receiving the parties' expert disclosures and submitting an expert report of its own, to which the parties might then respond.[5] But this too would be true whether or not a stay is granted; all that would change would be the time when those reports are exchanged. The government does not understand the Federation to have retreated from its previous position that it did not intend to depose Defendant's expert or seek any fact discovery. *See* ECF No. 136 at 14 & n.6. Perhaps the Federation, if later granted leave to

---

[5] Moreover, the Court has previously permitted amici in this matter to submit briefs, together with supporting evidence, *see, e.g.*, ECF No. 30 (granting leave to submit amicus briefs, including declarations from non-parties), and invited such participation from the Federation in denying intervention. *See* ECF No. 143 at 5 (noting previous grant of amici status and similarly granting the Federation leave to participate as amicus). Thus, even if the case ultimately proceeds without the Federation as intervenor, the Federation will be able to submit both a brief and evidence with which the parties will have to engage.

intervene, would seek to reopen any potential deposition of Plaintiffs' expert. But any such deposition could be appropriately limited, and the prospect of a single additional deposition does not warrant staying this litigation during the Federation's appeal.

### III. A Stay Is Similarly Unwarranted Under the *Hilton* Analysis.

The Federation must carry an even heavier burden to obtain a stay under the *Hilton* (or *Nken*) standard. Because the Federation cannot satisfy even the comparatively forgiving *Landis* standard, neither can it meet the heightened requirements under the *Hilton* standard, should the Court apply that analysis. Under *Hilton*, courts consider (1) the movant's likelihood of success on appeal; (2) whether the movant will be irreparably harmed if a stay is denied; (3) whether a stay will substantially injure other litigants; and (4) whether the public interest favors a stay. *See Weingarten Realty*, 661 F.3d at 910.

#### A. *All three equitable* Hilton *factors weigh against a stay.*

The last three factors largely overlap the analysis under *Landis*, and for the reasons given above none of those factors favors a stay. Indeed, under *Hilton*, the Federation must make the greater showing of "irreparable harm," rather than mere "hardship or inequity." If a stay is denied, and the Federation later prevails on appeal, any injury will be fully restored by the Federation's subsequent participation as an intervenor in the litigation—including, as the Federation itself contends, *see* Stay Mem. at 6-7, by potentially relitigating such matters from which it was wrongly excluded, *see, e.g., Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 136 (1967); *Edwards v. City of Houston*, 78 F.3d 938, 1006 (5th Cir. 1996). In addition, in considering the public interest, the Court must account for not just judicial economy but also the broader interests of farmers and ranchers in timely obtaining certainty on the availability of relief under Section 1005—an interest that would be harmed by the delay the Federation envisions.

B. *The Federation is unlikely to prevail on appeal.*

Nor can the Federation demonstrate a likelihood of success on the merits. This Court correctly denied intervention as of right, for the reasons set out in the Court's opinion, ECF No. 143 at 3-5, and for the reasons set out in Defendant's response, ECF No. 136 at 7-13. The Federation cannot show that the government is inadequately defending the case or the Federation's interests. Defendant has aggressively defended the constitutionality of Section 1005, in this and in other courts, and continues to do so. In contending it is likely to succeed on the merits, the Federation primarily re-asserts arguments that have already failed to convince this Court. *See* Stay Mem. at 9-11. The Federation then raises an entirely new argument—that the government's tactical decision to proceed to final judgment rather than seeking interlocutory appeal on a preliminary record shows it is not committed to defending Section 1005. *See id.* at 12. Even though the factual predicate for this argument predated its motion to intervene, the Federation never previously advanced this argument, and has thus forfeited it.

The Federation's new argument is without merit in any event. The government's focus is on restoring administration of Section 1005, and it has determined that developing additional evidence for final judgment is the most expeditious and effective way to do so. The Federation's "post-hoc quibbles with the [government's] litigation strategy" are not enough to "render the [government's] representation inadequate." *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013); *see Izzio v. Century Partners Golf Mgmt., L.P.*, No. 3:14-CV-03194-P, 2015 WL 5472845, at *3 (N.D. Tex. Sept. 15, 2015) (difference in litigation strategy does not demonstrate inadequate representation); *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *16 (E.D. Tex. Oct. 21, 2020) (similar).[6]

---

[6] *See also Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020); *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 801 (7th Cir. 2019); *Stuart v. Huff*, No. 1:11-CV-804, 2011 WL 6740400, at *2 (M.D.N.C. Dec. 22, 2011), *aff'd*, 706 F.3d 345 (4th Cir. 2013); *Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001);

The failure to appeal an adverse decision does not, contrary to the Federation's suggestion, establish inadequate representation. Indeed, the Fifth Circuit has held just the opposite. *See Saldano v. Roach*, 363 F.3d 545, 554 (5th Cir. 2004) (rejecting "the proposition that a party's failure to appeal an adverse judgment renders the party an inadequate representative of the potential intervenor's interest"). As the Fifth Circuit explained, the failure to appeal may establish inadequate representation where the unappealed district court decision clearly "ignore[d] binding Supreme Court authority." *Id.*; *see also id.* (describing that condition as "crucial" to the *en banc* Fifth Circuit's analysis in *Baker v. Wade*, 769 F.2d 289 (5th Cir. 1985)). But while Defendant strongly believes that this Court erred in entering a preliminary injunction and strongly believes that Section 1005 is constitutional under the applicable precedents, the Supreme Court has not adjudicated the constitutionality of Section 1005.

Nor is the Federation likely to obtain reversal of this Court's discretionary decision to deny permissive intervention. On appeal, that decision will be reviewed for a "clear abuse of discretion," and will be reversed "only under extraordinary circumstances." *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 973 (5th Cir. 2019). In denying permissive intervention, this Court determined that the Federation's participation as amicus would be "more efficient" than intervention, which was unnecessary given the Secretary's robust defense of Section 1005. *See* ECF No. 143 at 5. Given this finding and the standard of appellate review, the Federation is unlikely to prevail on its appeal.

C. *The Federation's appeal does not present a "serious legal question."*

A stay may be appropriate under *Hilton* when "the balance of equities heavily favors a stay," the appeal raises a "serious legal question," and the movant presents at least "a substantial case on the merits." Here, the balance of equities weighs *against* a stay, and certainly not "heavily" in favor of one. *See supra*, Part II and Section III.A. Nor does the Federation present a "substantial" case on the merits

---

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

11

whether the government is adequately defending the constitutionality of Section 1005. *See supra* Section III.B.

The Federation's appeal also does not raise a "serious legal question" in the sense used in *Hilton*. The constitutionality of Section 1005 is not at issue in the Federation's appeal. The appeal raises only the application of settled intervention standards to the facts of this case—whether the government's representation in this litigation is adequate under Rule 24(a)(2) and whether the Court abused its discretion in denying permissive intervention. Such a determination is inherently case-specific, as it will turn on the specific conduct of the parties to the particular litigation, the putative intervenor's specific interests, and the nature of any divergence between the putative intervenor's interests and the original parties' interests. Thus, whatever the Fifth Circuit decides on the Federation's appeal, it is unlikely to have wide-ranging consequences beyond this particular case. *Cf. United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983) (finding a "serious legal question" when there was little relevant precedent on the legal issue and the answer, either way, would have important implications for all private recipients of Medicaid or Medicare funds). The Federation's appeal does not raise a "substantial legal question," and a stay under the *Hilton* analysis is therefore unwarranted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully opposes the Federation's motion to stay proceedings pending the Federation's appeal.

Date:  December 29, 2021	Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

 /s/ Michael F. Knapp
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2071 / Fax: (202) 616-8460
michael.f.knapp@usdoj.gov

*Counsel for Defendant*

13

**Certificate of Service**

On December 29, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                       /s/ *Michael F. Knapp*
                                                      MICHAEL F. KNAPP
                                                      United States Department of Justice