UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-0595-O |
| § | |
| TOM VILSACK, in his official capacity § | |
| as Secretary of Agriculture, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is the Federation of Southern Cooperatives/Land Assistance Fund's Emergency Motion to Stay Proceedings Pending Appeal and Request for Expedited Briefing (ECF Nos. 148, 149), filed December 22, 2021; and the parties' Responses (ECF No. 155, 156), filed December 29. The Federation appealed the Court's order denying intervention. *See* Notice of Appeal, ECF No. 147. The Federation now requests that the Court stay proceedings in this case until the Fifth Circuit decides its appeal. In the interest of quickly resolving the issue, the Court expedited briefing, and the Federation voluntarily waived filing a reply. *See* Order, ECF No. 150.

"A notice of appeal from an interlocutory order . . . only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam). The Court remains "free to adjudicate matters that are not involved in that appeal." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011). "A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations omitted). The Federation correctly states that whether to stay proceedings is subject to the Court's discretion. *See* Federation's Br. 8, ECF No. 149.

The parties discuss some confusion over the proper standard for a stay of proceedings pending appeal. Traditionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fifth Circuit has thus applied the *Landis* standard in determining whether a stay of proceedings is appropriate. *See, e.g.*, *Ali v. Quarterman*, 607 F.3d 1046, 1049 (5th Cir. 2010). Contrast the *Landis* standard to the four-factor standard courts use when evaluating a stay of an *order* pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770 (1987). In short, *Landis* applies to stays of proceedings, and *Hilton* to stays of orders.

The Fifth Circuit has, once, applied the *Hilton* standard to a stay of proceedings. In that case, the Fifth Circuit said that "to determine whether a discretionary stay should be granted, a district court should use the four-factor test in *Hilton*." *Weingarten Realty*, 661 F.3d at 910 (citation omitted). The opinion does not mention *Landis*. And issues that were "neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004). The Supreme Court's clear guidance on the proper standard and the Fifth Circuit's historic application of *Landis* to stays of proceedings assure the Court that *Landis* applies to the Federation's motion.

Courts generally describe the *Landis* standard in three factors. Those factors are "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015). The applicant "bears a heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985). The Court finds that the three factors weigh against granting a stay.

*First*, the Federation has not shown that undue prejudice will result from continued proceedings. The Court has already granted the Federation permission to proceed as amicus. The Federation thus retains the opportunity to present arguments and evidence in this case. The Federation responds that amicus representation is inadequate because it does not afford it the opportunity to "(1) raise legal issues not raised by any of the other parties, and (2) present expert and other testimony." Federation's Br. 16, ECF No. 149. But even if the Fifth Circuit were to permit the Federation to intervene, the Federation would not necessarily obtain either of those opportunities. It is "a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997). Indeed, Defendant argued that even if the Court were to permit the Federation to intervene, it should restrict the Federation from (1) asserting new claims and (2) seeking to conduct fact discovery or written expert discovery. Def.'s Resp. to Interv. Mot. 19, ECF No. 136. True, the Fifth Circuit could order that the Federation be permitted to raise new issues and present expert testimony. *See Hopwood v. Texas*, 78 F.3d 932, 938 (5th Cir. 1996). But success on appeal would not necessarily provide the Federation those remedies. Particularly where the Court has permitted the Federation to express its views as amicus, it is not unduly prejudiced absent a stay.

*Second*, a stay would prejudice the parties. The parties share an interest in resolving this case quickly, on the Court's present timeline. That is particularly true where the Court has preliminarily enjoined enforcement of the statute. *See Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) ("[T]he inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State."); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (cleaned up)).

*Third*, the Federation has not shown that a stay of proceedings will benefit judicial economy. The Fifth Circuit has already granted the Federation's motion to expedite appeal. *See* Notice, ECF No. 154. Appellate briefing will be complete by January 20, 2022, and the Fifth Circuit has expedited the case to the next available oral argument calendar. *Id.* Given that timeline, the Fifth Circuit will likely decide the Federation's intervention appeal before the parties complete merits briefing in this Court. Even if the Fifth Circuit orders that the Federation be allowed to participate in discovery, the Court could expedite discovery to avoid disruption of the current schedule. In contrast, a stay would indefinitely prolong *all* filings in this Court.

The Court would reach the same conclusion under *Hilton*. Some of the factors overlap, but *Hilton* also weighs the applicant's likelihood of success on the merits. *See Hilton*, 481 U.S. at 776. As the Court discussed in its order denying intervention, the Federation faces a presumption that the government adequately represents the interests of its citizens. *See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). The Federation did not rebut that presumption in its intervention motion, and it does not make a "strong showing" that it will do so on appeal. *Weingarten Realty*, 661 F.3d at 910. The Federation wishes "to defend [the] legislation." Federation's Br. 13, ECF No. 149. But that is precisely what Defendant is already doing. The Federation has not shown "a separate interest" that the government Defendant "will not adequately represent." *Hopwood*, 21 F.3d at 606. The Court would thus deny the motion under *Hilton* in part because the Federation has not "made a strong showing that [it] is likely to succeed on the merits." *Hilton*, 481 U.S. at 776.

The Federation has not carried its "heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd.*, 761 F.2d at 204 n.6. The Court therefore **DENIES** the Motion to Stay Proceedings Pending Appeal (ECF No. 148).

**SO ORDERED** on this **29th day** of **December, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE