IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, *et al.*, on behalf of himself and others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, ) ) ) ) Defendant. ) | Civil Action No. 4:21-cv-595-O |

# DEFENDANT'S OPPOSITION TO THE FEDERATION'S MOTION FOR RECONSIDERATION

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

KYLA M. SNOW (OHIO BAR NO. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2071/ Fax: (202) 616-8460
michael.f.knapp@usdoj.gov

*Counsel for Defendant*

TABLE OF CONTENTS

**INTRODUCTION** ................................................................................................................................1

**BACKGROUND** ..................................................................................................................................1

**STANDARD OF REVIEW** ................................................................................................................2

**ARGUMENT**........................................................................................................................................3

      I.      THE FIFTH CIRCUIT'S MANDATE DOES NOT ENTITLE THE FEDERATION TO DISCOVERY. ...........................................................................................................................3

      II.     LIMITING DISCOVERY TO EXPERT DISCLOSURES IS A REASONABLE LIMITATION ON PARTICIPATION. ..............................................................................................4

            A.     Limiting Intervenor's discovery is a reasonable condition on intervention. ...................................................................................................4

            B.     The disclosures that Defendant produced are equivalent to limited fact discovery. ..................................................................................................5

            C.     The Federation has never previously indicated it would seek additional discovery. .............................................................................................5

            D.     The additional discovery the Federation contemplates will unduly delay proceedings. ............................................................................................8

      III.    THE COURT SHOULD NOT EXTEND THE EXPERT DISCOVERY DEADLINE AT THIS TIME. ........................................................................................................................9

**CONCLUSION**..................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Austin v. Kroger Tex., LP*,
  864 F.3d 326 (5th Cir. 2017) .................................................................................................. 2

*Beauregard, Inc. v. Sword Servs.. LLC*,
  107 F.3d 351 (5th Cir. 1997) .................................................................................................. 4

*Cobell v. Jewell*,
  802 F.3d 12 (D.C. Cir. 2015) .................................................................................................. 2

*Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*,
  No. 21-CV-00344-JSW, 2021 WL 4552144 (N.D. Cal. May 3, 2021) ............................... 4, 5

*Gen. Universal Sys., Inc. v. HAL, Inc.*,
  500 F.3d 444 (5th Cir. 2007) .................................................................................................. 3

*In re Deepwater Horizon*,
  928 F.3d 394 (5th Cir. 2019) .................................................................................................. 3

*In re Felt*,
  255 F.3d 220 (5th Cir. 2001) .................................................................................................. 3

*Miller v. Vilsack*,
  No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022) .............................................. 2, 3, 4

*Sprague v. Ticonic Nat'l Bank*,
  307 U.S. 161 (1939) ................................................................................................................ 3

*Steves & Sons, Inc. v. JELD-WEN, Inc.*,
  323 F.R.D. 553 (E.D. Va. 2018) ............................................................................................. 4

*United States v. East Shoshone Tribe*,
  No. 10-CV-093-J, 2010 WL 11435111 (D. Wyo. Dec. 15, 2010) .......................................... 5

*Vinson v. Wash. Gas Light Co.*,
  321 U.S. 489 (1944) ............................................................................................................ 4, 8

*Webb v. Davis*,
  940 F.3d 892 (5th Cir. 2019) .................................................................................................. 4

*Westfall v. Luna*,
  No. 21-10159, 2022 WL 797410 (5th Cir. Mar. 15, 2022) .................................................... 3

**Rules**

Fed. R. Civ. P. 16 ............................................................................................................................. 8

Fed. R. Civ. P. 26 ............................................................................................................................. 6

Fed. R. Civ. P. 54 ............................................................................................................................. 2

Fed. R. Civ. P. 60 ............................................................................................................................. 4

**Other Authorities**

Jackson Lewis Report, https://perma.cc/8X6Q-GZ5V ................................................................... 9

**INTRODUCTION**

When the Federation moved to intervene last year, more than three months after this Court entered a preliminary injunction and well into the then-governing schedule, the Federation indicated that it would not "seek to re-litigate any prior rulings." Fed'n's Mem. in Supp. of Mot. to Interv., ECF No. 93-1 at 22. The Court and parties reasonably understood—based on the Federation's own descriptions of its anticipated participation—that this meant the Federation would not seek fact discovery, as the original parties had agreed and as the Court's scheduling order confirmed. Now that it has been granted intervention, the Federation seeks for the first time to expand the scope of this litigation in a manner that will delay its ultimate resolution. The Court should reject the Federation's motion and adhere to the schedule the Court has already adopted in its April 5, 2022, Order.

**BACKGROUND**

In March of 2021, Congress enacted § 1005 of the American Rescue Plan Act (ARPA), the statute at issue in this litigation. In April 2021, this suit was filed challenging that statute. *See* Compl., ECF No. 1. In the beginning of June, Plaintiffs filed an amended complaint on behalf of putative classes, and moved for certification of those classes, *see* Am. Compl., ECF No. 11, and on the same day moved for a preliminary injunction, *see* ECF No. 17. On July 1, 2021, the Court certified two classes and preliminarily enjoined the government "from discriminating on account of race or ethnicity in administering section 1005 of the American Rescue Plan Act for any applicant who is a member of the Certified Classes." ECF No. 60.

In mid-July the original parties filed a joint scheduling proposal, which indicated the parties' agreement not to take fact discovery and setting out an expeditious schedule for completing expert discovery and moving to summary judgment. ECF No. 70. The Court entered an order adopting the parties' agreed schedule. ECF No. 85.

1

In October 2021, over three months after this Court entered its preliminary injunction, the Federation moved to intervene both as of right and permissively, stating that it did not "intend to seek reconsideration of any rulings in the case to date" or "seek to relitigate any prior rulings." Fed'n's Mem. in Supp. of Mot. to Interv. at 15, 22. Plaintiffs opposed intervention, ECF No. 137, and the government opposed intervention of right but did not oppose permissive intervention, conditioned on reasonable limitations, ECF No. 136.

This Court denied the motion to intervene, ECF No. 143, and the Federation appealed, ECF No. 147. The Fifth Circuit reversed, concluding that the Federation would present an argument that the Secretary would not, and that it had thus shown an adversity of interest warranting intervention. *See Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, at *3 (5th Cir. Mar. 22, 2022). On April 5, 2022, this Court, consistent with the Fifth Circuit's mandate, granted intervention, ECF No. 185, and resolved the parties' competing scheduling proposals by entering an order modifying the discovery and briefing schedule to allow the Federation's participation on substantially similar terms as the parties, ECF No. 186. The Federation now asks the Court to reconsider its ruling setting the schedule governing this case.

## STANDARD OF REVIEW

The Court should consider the Federation's motion for reconsideration under the standards of Rule 54(b). *See Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017). This "flexible" standard reflects "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). In resolving the Federation's motion the Court should be cognizant of the additional delay and prejudice that would attach to changing the schedule after it has already been in place for over two weeks and after the government has already complied with its first deadline.

## ARGUMENT

**I.     The Fifth Circuit's mandate does not entitle the Federation to fact discovery.**

The Federation overreads the Fifth Circuit's decision. The Fifth Circuit did not mandate that this Court permit the discovery that the Federation now seeks.

The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citation omitted). But "a mandate is controlling [only] as to matters within its compass." *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). The Fifth Circuit did not expressly decide that the Federation was entitled to the fact discovery it contemplates, or indeed to any fact discovery. Nor was such an issue "impliedly" decided. As the Fifth Circuit reiterated just last month, "[a]n issue is tacitly decided only when its disposition is a 'necessary predicate[] to the ability to address the issue or issues specifically discussed' in the appellate court's opinion." *Westfall v. Luna*, No. 21-10159, 2022 WL 797410, at *4 (5th Cir. Mar. 15, 2022) (per curiam) (quoting *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001)).

The Fifth Circuit expressly held that only the government did not adequately represent the Federation's interests and that the Federation was therefore entitled to intervene as of right. *See Miller v. Vilsack*, 2022 WL 851782 at *4. That conclusion turned not on any issue of fact discovery (which the Federation had never mentioned, let alone requested, in any of its filings in either district court or the court of appeals, *see infra* section II.C), but instead on the question whether the government would advance a certain argument and present certain evidence. *Id.* at *3. Put simply, the issue before the Fifth Circuit was only whether the Secretary was an adequate representative of the Federation's interests in this case. It held that he was not because the Federation sought to advance an argument—that discrimination is ongoing—that the Secretary could not "reasonably be expected to adopt or

3

support," *id.* at *3. The Fifth Circuit also noted that "if"—*if*—"given the opportunity to conduct discovery as a party, the Federation would seek evidence demonstrating current discrimination." *Id.* at *3 n.6. But the Fifth Circuit did not hold that the Federation was entitled to any particular discovery, or to any discovery at all, and no such holding was necessary to its resolution of the sole issue on appeal—whether the Secretary would be an adequate representative of the Federation's interests. The Fifth Circuit's decision does not require the district court to allow *any* fact discovery, much less the specific fact discovery that the Federation now seeks. *Cf. Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) ("Because this court's COA order did not 'expressly or impliedly' decide that the district court had correctly determined that Webb's guilty plea waived his underlying claims, the district court could have granted Webb's Rule 60(b) motion without running afoul of the mandate rule.").

**II.     Limiting discovery to expert disclosures is a reasonable limitation on participation.**

A district court has broad power to control proceedings before it, including by imposing limitations on discovery. That is true whether a party has intervened or not. And "it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997); *see also Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[O]ne of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding.").

*A. Limiting Intervenor's discovery is a reasonable condition on intervention.*

Court regularly impose limits on an intervenor's participation in discovery. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 558 (E.D. Va. 2018) (noting that "[p]rohibiting the Intervenors from engaging in further discovery" "would be proper even if the Intervenors did not expressly consent to them" because intervenors "must generally take the case as they find it, and intervention may be subject to further conditions based on the particular case." (cleaned up)); *Defs. of Wildlife v. U.S.*

4

*Fish & Wildlife Serv.*, No. 21-CV-00344-JSW, 2021 WL 4552144, at *3 (N.D. Cal. May 3, 2021) (prohibiting intervenors of right from initiating discovery).

In *United States v. East Shoshone Tribe*, for example, the court granted a tribe's motion to intervene as of right, but prohibited it from engaging in discovery. No. 10-CV-093-J, 2010 WL 11435111, at *4 (D. Wyo. Dec. 15, 2010). The court explained that a right to intervene "is not equivalent to an unconditional right to participate in the proceedings." *Id.* at *3. Because of the stage of the proceedings—close to the end of discovery and with a long-set trial deadline fast approaching—the court concluded that permitting discovery would unduly delay proceedings. The court explained that it had "the responsibility, even the duty, to prevent such delay and the prejudice that arises therefrom," and that "to remedy this prejudice and ensure the efficient adjudication of this case, the Court will place conditions on intervenor's intervention." *Id.* Specifically, the parties would be required to produce previous discovery to the intervenor, but "no other discovery shall be permitted." *Id.* at *4.

Similar limitations would have been proper had this Court granted intervention of right in December of last year, when the Federation completed briefing on its intervention motion. At that time, initial expert designations were just two weeks away, and summary judgment briefs were due at the beginning of March.[1] Permitting the Federation to engage in the fact discovery it now contemplates would have been hugely disruptive to the longstanding schedule that the parties had operated under since July 2021, and that the Court adopted in September 2021. *See* ECF No. 70 (joint scheduling statement); ECF No. 85 (scheduling order). Such reasonable limitations are equally appropriate now.

---

[1] Although the Parties subsequently extended certain expert discovery deadlines, they always sought to preserve the summary judgment briefing deadlines so as to continue to move expeditiously to summary judgment. *See* ECF Nos. 145, 163.

*B. The disclosures that Defendant produced are equivalent to limited fact discovery.*

Because of the posture of this case, the Federation has in fact already gained the benefit of some limited fact discovery. Last Friday, Defendant produced to Intervenor the data that the government's outside expert considered in drafting her report. Under the rules of civil procedure, such disclosures are ordinarily due together with the expert's report—that is, on the date of initial expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(B). An opposing party may then incorporate, dispute, or otherwise address those disclosures in a *rebuttal* expert report, which by its nature "is intended solely to contradict or rebut evidence on the same subject matter" as the initial report. *Id.* 26(a)(2)(D)(ii).

The Federation, though, is not limited to producing a rebuttal report. Instead, the Federation will be able to incorporate Defendant's expert disclosures into the Federation's own initial expert report. Put otherwise, under the now-governing schedule, the Federation has effectively obtained early access to factual information from Defendant (*i.e.*, the data produced last Friday) under this Court's order—what might better be called "fact discovery." The Federation is thus in a better position than even were Plaintiffs last December, who did not have this data available when their own deadline to produce initial expert reports passed. This Court, then, has already effectively permitted the Federation to engage in some limited fact discovery, and Defendant has already produced the responsive information. The Federation is not entitled to any additional fact discovery.

*C. The Federation has never previously indicated it would seek additional discovery.*

In seeking intervention, in seeking a stay pending appeal, and in seeking reversal in the Fifth Circuit, the Federation repeatedly described its anticipated participation in this litigation, and explained why participation as an amicus alone would be inadequate. That description and explanation has never included fact discovery. Thus, in its briefing on motion to intervene, the Federation explained that it "has gathered data on discriminatory practices by local FSA offices through countless reports of Black farmers who have had an FSA loan application denied," Fed'n's Mem. in Supp. of Mot. to Interv. at

6

8, and that the Federation hoped to add "direct testimony from present-day, debt-burdened Black farmers about their own experiences of discrimination," Fed'n's Reply in Supp. of Mot. to Interv., ECF No. 141, at 7. The Federation explained that it "also"—*i.e.*, in addition to direct testimony from present-day, debt-burdened Black farmers about their own experiences of discrimination—"intends to introduce expert testimony." *Id.* And in seeking to stay proceedings pending its appeal, the Federation explained that participation as an amicus was inadequate because the Federation "intends to . . . present expert and other testimony." Fed'n Mot. to Stay, ECF No. 149 at 11. The Federation reiterated this scope of participation in its appellate briefing, explaining that the Federation "would present testimonial and statistical evidence of recent and current USDA discrimination," Fed'n Opening Br. on Appeal at 19, No. 21-11271 (5th Cir. filed Dec. 30, 2021); *see also id.* at 19-20 (identifying testimonial evidence the Federation hoped to present), and that as an amicus "it would have neither the right to challenge an adverse ruling nor the right to defend a favorable ruling on appeal," Fed'n Reply Br. on Appeal at 9 n.4, No. 21-11271 (5th Cir. filed Jan. 20, 2022).[2]

The Federation had never hinted to the parties or to this Court that it would seek to take additional fact discovery. Instead, it repeatedly described its participation as limited to (1) submitting testimonial evidence of minority farmers, (2) participating in expert discovery, including by submission of its own expert report, (3) participating in summary judgment briefing, and (4) defending § 1005 on any appeal. The government expressly stated its understanding that the Federation would not seek to engage in fact discovery. *See* Def.'s Opp'n to Fed'n's Mot. to Interv., ECF No. 136, at 14-15 & n.6. The Federation did not contest that point when it replied to the government's brief and noted the government's non-opposition to permissive intervention. *See* Fed'n's Reply in Supp. of Mot. to Interv. at 2 ("The Secretary does not oppose permissive intervention by the Federation."); Fed'n Mot. to Stay

---

[2] *See also* Fed'n's Br. ISO Mot. to Interv. at 8, 20; Fed'n's Reply ISO Mot. to Interv. at 6, 8; Fed'n Opening Br. on Appeal at 26.

7

at 13 ("Indeed, the Secretary did not oppose permissive intervention."). Thus the government's understanding of the Federation's intention is not "unilaterally imposed" by the Secretary. Fed'n Mot. for Reconsideration, ECF No. 187-1, at 10 n.6. Rather, it is the consequence of the Federation's own repeated descriptions of its intentions.

The Federation's parsing of the word "ruling" in its previous representations to this Court is wide of the mark. Although Plaintiffs and the government agreed upon a litigation schedule, had they not done so and instead filed competing scheduling proposals, the Court would have had to issue a "ruling" that resolved the dispute. Moreover, the Court had to decide upon and approve such a schedule, because the parties were without authority to impose a schedule on the Court, even by agreement. *See* Fed. R. Civ. P. 16(b) (regarding scheduling orders); *id.* 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). In ordinary understanding, and in the government's expressly stated (and uncorrected) understanding, the Federation's assurance that it would not revisit "*any* prior rulings" included the Court's order setting out the schedule for the case. The Federation cannot now seek to "compel an alteration of the nature of the proceeding" by embarking on the wide-ranging discovery it contemplates. *Vinson*, 321 U.S. at 498.

*D. The additional discovery the Federation contemplates will unduly delay proceedings.*

The Federation offers its assurances that the additional factual discovery it seeks will not unduly delay proceedings. Mot. for Reconsideration at 12. But that is unlikely to be so. The Federation identifies eight broad categories of documents it would seek. *See* Mot. for Reconsideration at 11-12 (seeking "documents related to" eight categories of information). Although the Federation has not yet identified the specific requests it would serve, the government, after consultation with relevant custodians, is likely to object to some or all of the sample requests on multiples bases. Some are vague or unduly burdensome on their face. The term "documents related to" is highly likely to sweep in many irrelevant documents. Nor can the discovery the Federation contemplates fairly be described as

8

"limited." The first request, for example, seeks "[d]ocuments related to actions taken by USDA to implement the recommendations made specifically to the Farm Service Agency (FSA) from the 2011 Jackson Lewis Report." *Id.* at 11. The Jackson Lewis report made *forty-nine* recommendations to improve the FSA. *See* Jackson Lewis Report at 166-180, *available at* https://perma.cc/8X6Q-GZ5V. Those recommendations were made over a decade ago. Collecting, reviewing for responsiveness and privilege, redacting and developing a privilege log, and then producing over a decade's worth of documents "related to" implementation of those 49 recommendations is nearly certain to be unduly burdensome, and in no event could that task reasonably be completed in the time frame that the Federation contemplates. And that is just one of eight categories of information—to say nothing of scheduling, preparing for, and conducting five depositions. Discovery is likely to take still more time if it becomes necessary to litigate any related disputes between the parties.

The Federation's proposed schedule would unduly delay proceedings, contrary to their previous representations and to the detriment of the government—which daily endures the additional irreparable injury of the preliminary injunction—and the intended beneficiaries of § 1005—who are denied the urgent relief Congress determined was necessary.

**III.     The Court should not extend the expert discovery deadline at this time.**

The original parties have previously worked cooperatively in extending expert discovery deadlines without having to delay summary judgment briefing, *see, e.g.*, ECF Nos. 145, 163. If, as the deadline for the Federation's expert report approaches and the need for an extension becomes more concrete, the parties can work cooperatively to agree on any extension, and, if agreement is unattainable, make an appropriate motion. But at this stage the Federation's request is premature.[3]

---

[3] Nor is it relevant that Defendant's outside expert had additional time to draft her report. Any truncation of the Federation's time to complete an expert report is a natural consequence of when the Federation first sought to intervene.

9

## CONCLUSION

The Court should deny the Federation's Motion for Reconsideration.

Date: April 20, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Michael F. Knapp*
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov

*Counsel for Defendant*

**Certificate of Service**

On April 20, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                          */s/ Michael F. Knapp*
                                                          MICHAEL F. KNAPP
                                                          United States Department of Justice