UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> TOM VILSACK, in his official capacity as Secretary of Agriculture, <br><br> *Defendant*. | No. 4:21-cv-00595-O |

**REPLY MEMORANDUM IN SUPPORT OF THE FEDERATION'S MOTION FOR RECONSIDERATION**

Two parties with interests adverse to those of the Federation seek to prevent the Federation from obtaining potentially crucial evidence of recent and current racial discrimination simply because discovery may briefly delay resolution of the case. These parties, Plaintiffs and the Secretary, each have a specific interest in excluding *this particular evidence* from the case and the public record. Together—without the Federation's participation or consent—they agreed to limit the evidence in this case to expert testimony, an agreement that is, from a defense perspective, inexplicable given Supreme Court precedent on the types of evidence that demonstrate intentional discrimination. *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977) (describing types of factual evidence that can show intentional racial discrimination). Now Plaintiffs and the Secretary both seek an extraordinary result: summary judgment in a constitutional challenge to race-conscious relief without the opportunity to uncover evidence of present-day racial discrimination that unequivocally would support the need for such relief.

1

However, since the original parties struck their bargain, the Fifth Circuit has held that the Secretary is an inadequate representative of the Federation's interests, precisely because he cannot be expected to introduce the very evidence of current discrimination that the Federation seeks, that the Secretary concedes is relevant, and that the Fifth Circuit recognized could be crucial to the successful defense of Section 1005. In recognition that the Federation is the only party that has an interest in seeking and obtaining this highly relevant evidence, the Fifth Circuit expressly contemplated that the Federation would be permitted to do so.

In light of the Fifth Circuit's ruling, unfounded objections about delay from parties whose interests are demonstrably adverse to the Federation's should not outweigh the Federation's right to seek time-limited, targeted discovery of evidence of recent and current discrimination by the USDA against its members and other socially disadvantaged farmers and ranchers. At stake is the integrity of the fact-finding process itself, one that will be severely diminished if those farmers who stand to lose most do not have a full and fair opportunity to present evidence of governmental discrimination that has decimated their livelihoods. Accordingly, the Federation respectfully requests that this Court reconsider its decision to categorically bar fact discovery.

Additionally, neither Plaintiffs nor the Secretary disputes the Federation's expert's sworn statement that he will need at least eight weeks to complete his report. Accordingly, the Federation respectfully requests a four-week extension of the expert-report deadline.

## ARGUMENT

### I. This Court Should Adhere to the Clear Import of the Fifth Circuit's Ruling

The clear import of the Fifth Circuit's ruling is that the Federation should have the opportunity to seek and present evidence of current discrimination. As the Fifth Circuit recognized during oral argument and in its opinion, the opportunity to seek and present evidence of current

2

discrimination is the reason why *intervention* was necessary, and why amicus curiae status would not suffice. 5th Cir. Oral Arg. Rec. at 3:48–3:56 (Judge Haynes observing that "get[ting] to do discovery" would be "the most critical thing" the Federation would get to do as a party that it would not get as an amicus); Slip Op. at 8 n.6 ("It also stands to reason that, if given the opportunity to conduct discovery as a party, the Federation would seek evidence demonstrating current discrimination by the USDA against its members.").[1]

Allowing the Federation to obtain and present evidence of current discrimination, something that neither Plaintiffs nor the Secretary would do, was the principal rationale behind the Fifth Circuit's order granting intervention as of right. The Secretary has conceded that the evidence the Federation seeks is relevant, and he does not dispute the Fifth Circuit's recognition that this evidence may even be crucial to the outcome of the case. The Secretary also does not dispute that this evidence is uniquely in USDA's custody. Nor does the Secretary dispute the Fifth Circuit's conclusion that, because this evidence not only "*directly* conflicts with the Secretary's position, but also potentially exposes the agency to liability" (Slip Op. at 7), the Secretary has an interest in *not* disclosing such information.

The Secretary's only basis for seeking to prevent discovery of this potentially crucial evidence is the possibility of delay. This argument is far outweighed by the importance of this evidence, and undercut by the Secretary's statement that expert deadlines could be extended. (ECF No. 193 at 13). Any concerns the Secretary has about timing can be addressed through a scheduling order.[2] But timing concerns cannot be the basis for a categorical bar on fact discovery, especially

---

[1]  The Secretary misconstrues the Fifth Circuit's reference to discovery in its order. In the context of the Fifth Circuit's order, this statement is best read to mean, "if the Federation is entitled to intervene," which the Fifth Circuit concluded it was.

[2]  As the Federation has previously noted, its proposed scheduling order is only six weeks longer than the schedule entered by the Court, and fact discovery could take place during the time

since the Fifth Circuit has concluded the Secretary has a specific interest in preventing this potentially crucial evidence from coming to light.

Plaintiffs separately argue that fact discovery is unnecessary because any evidence of current discrimination by the USDA introduced by the Federation cannot be used "to justify the racial preferences in section 1005." (ECF No. 194 at 4). Both the Secretary and Plaintiffs made this argument to the Fifth Circuit in opposition to intervention and lost. 5th Circuit Oral Arg. Rec. at 26:35–26:56; 31:53–32:45. The Fifth Circuit already has ruled that the evidence the Federation seeks to introduce "may be highly relevant to proving a 'compelling governmental interest,'" but that "it is highly unlikely that the Secretary would put forth such evidence in the absence of the Federation's intervention." (Slip Op. at 7, 8 n.6). The Fifth Circuit's recognition that evidence of continued discrimination introduced *by the Federation* may be highly relevant to the constitutionality of Section 1005 forecloses Plaintiffs' argument.[3]

## II. A Categorical Bar on Fact Discovery is an Unreasonable Limitation on the Federation's Participation as an Intervenor as of Right

The Federation never agreed to limit its participation in the case to testimony from Black farmers and expert testimony. Neither Plaintiffs nor the Secretary identify any such agreement, or offer any alternative legal definition of "ruling" than the definition offered by the Federation: "the outcome of applying a legal test." (ECF No. 187-1 at 10). Thus, seeking fact discovery into current

---

sought for expert discovery. (ECF No. 187-1 at 16). Neither party addresses why fact discovery could not begin immediately. The Federation remains committed to working cooperatively with the Secretary to complete any fact discovery expeditiously.

[3]     Plaintiffs also contend that they seek a "prompt" resolution of this case "and to be spared unnecessary expenses." (ECF No. 194 at 6). But Plaintiffs are not prejudiced by any brief extension to the scheduling order given the preliminary injunction that is in place. Moreover, given that fact that the Federation seeks fact discovery not from Plaintiffs but only from the Secretary, it is unclear what expenses Plaintiffs expect to incur if the Federation is permitted fact discovery.

discrimination by USDA is consistent with the Federation's prior statements, none of which foreclosed the possibility of fact discovery.

Moreover, any prior assumptions the original parties made about the Federation's participation are immaterial now that the Fifth Circuit has recognized that the Federation is the *only* party that intends to seek and introduce highly relevant, potentially crucial evidence of current discrimination by USDA. (Slip Op. at 7–8). A complete prohibition on fact discovery in the wake of the Fifth Circuit's order is unreasonable.[4]

None of the authorities cited by the Secretary support a categorical bar on fact discovery here.

In both *Steves & Sons, Inc. v. Jeld-Wen, Inc.* and *United States v. E. Shoshone Tribe*, the issue of intervention first arose very late in the case. *See Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 323 F.R.D. 553, 557–58 (E.D. Va. 2018) (noting that intervenors "concede that the case has 'reached an advanced stage,'" and that the trial date had already been continued once) (citation omitted); *United States v. E. Shoshone Tribe*, 2010 WL 11435111, at *2 (D. Wyo. 2010) (noting that motion to intervene was filed when case was "nearing the end stages of discovery" and that the predicate matter that was the basis for the intervention had "been in litigation for almost a decade"). By contrast, the Federation filed for intervention within six months of suit being filed, more than two months before the original expert deadline (which was later continued by three weeks), and nearly

---

[4] The Secretary contends that, by producing its expert disclosures, it has engaged in limited fact discovery. (ECF No. 193 at 10). This is just semantics; all the Secretary has done is produce the data its expert considered, as it would have been required to do under the rules of civil procedure. It is cold comfort to the Federation—a party with the same ultimate objective as the Secretary—that it has access to this data earlier in its expert report process than the Secretary's opponents in this litigation did.

six months before the deadline for motions for summary judgment. *Compare* ECF No. 93 *with* ECF No. 85.

*Defenders of Wildlife v. U.S. Fish and Wildlife Service* is simply inapposite: there, the intervenor did not oppose the discovery restrictions placed upon it. *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, 2021 WL 4552144, at *3–4 (N.D. Cal. 2021). Crucially, none of the cases cited by the Secretary suggest that prohibiting fact discovery is reasonable where the party seeking the discovery has been granted intervention as of right *precisely because* the original defendant has an institutional interest in not presenting the very evidence that such discovery would uncover.

Plaintiffs' proposal that the Federation wait to file a Rule 56(d) affidavit after reviewing the Secretary's data is also unreasonable. This proposal turns the discovery process on its head. Rather than have the opportunity to discover nonprivileged matters that are admissible or reasonably calculated to lead to the discovery of admissible evidence (*see* Fed. R. Civ. P. 26), the Federation would be first forced to divine with sufficient specificity what facts the Secretary has it its possession that would be relevant to a summary judgment ruling. Rule 56(d) "is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotation omitted). It is not designed to obstruct reasonable, targeted discovery that a party seeks in the first instance. If adopted, Plaintiffs' application of Rule 56(d) would radically alter the scope of discovery in civil litigation, in contravention of Rule 26.

The complete bar on fact discovery imposed here violates three principles recognized by the Fifth Circuit. First, "an intervenor of right 'is treated as he were an original party,'" and "is entitled to litigate fully on the merits once intervention has been granted." *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 661 (5th

Cir. 2019) (citations omitted). Second, the Federation's "interest is 'germane to the case' because evidence of continued discrimination may be highly relevant to proving a "compelling governmental interest." (Slip Op. at 7). And third, as Plaintiffs acknowledge, "[f]ull and complete discovery should be practiced and allowed . . . within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered." *Jones v. Metzger Dairies, Inc.*, 334 F.2d 919, 925 (5th Cir. 1964). Here, the Fifth Circuit already has recognized the "relevancy of that which is sought to be discovered." *See id.* Thus, the Federation is entitled to fact discovery into evidence of current discrimination within the "workable bounds" it has proposed. *See id.*

### III. This Court Should Extend the Expert Report Deadline by Four Weeks

Neither Plaintiffs nor the Secretary disputes that the Federation's expert needs at least eight weeks to complete his report. Neither party disputes that the Secretary's expert took more than eight weeks to complete her report, which is plainly relevant to the reasonableness of the time constraint placed on the Federation's expert to analyze the same data. And both parties acknowledge that they previously sought an extension on the expert deadline in this case.

Nevertheless, the Secretary proposes waiting until "the need for an extension becomes more concrete" (ECF No. 193 at 13), and Plaintiffs oppose any extension at all. The Secretary's proposal ignores the fact that the need for an extension already has been irrefutably established by the Federation's expert. (ECF No. 187-2 at ¶ 8). Plaintiffs' position overlooks the fact that, when the Federation sought intervention, the expert deadline was over two months away (a deadline which was later continued by an additional three weeks). (ECF Nos. 85, 146). Granting a mere four-week extension now will give the Federation's expert certainty that he will have the necessary time to complete his report, and help avoid extension requests on the eve of the current deadline.

## CONCLUSION

For the foregoing reasons, the Federation respectfully requests that this Court reconsider its decision, permit the Federation to conduct targeted, time-limited fact discovery, and extend the deadline for expert designations to eight weeks from the receipt of complete and usable loan data.

Dated: April 21, 2022                           Respectfully submitted,

/s/ *Chase J. Cooper*
Chase J. Cooper
TX Bar No. 24087342
ccooper@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
P: 214-453-6500

George C. Lombardi *(admitted pro hac vice)*
Illinois Bar No. 6187715
glombardi@winston.com
Julie A. Bauer *(admitted pro hac vice)*
Illinois Bar No. 6191271
jbauer@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
P: 312-558-5600

Kobi K. Brinson *(admitted pro hac vice)*
NC Bar No. 23827
kbrinson@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
P: 704-350-7700

Andrew E. Tauber (*pro hac vice forthcoming*)
NY Bar No. 3905676
atauber@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
P: 202-282-5000

Janelle Li-A-Ping *(admitted pro hac vice)*
California Bar No. 330805
jliaping@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
P: 213-615-1700

*/s/ Dorian L. Spence*
Jon Greenbaum *(admitted pro hac vice)*
California Bar No. 166733
jgreenbaum@lawyerscommittee.org
Dorian L. Spence *(admitted pro hac vice)*
Maryland Bar No. 0912170195
dspence@lawyerscommittee.org
Phylicia Hill *(admitted pro hac vice)*
Alabama Bar No. 5749J00X
phill@lawyerscommittee.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
P: 202-662-8600

*/s/ Mark D. Rosenbaum*
Mark D. Rosenbaum *(admitted pro hac vice)*
California Bar. No. 59940
mrosenbaum@publiccounsel.org
Nisha Kashyap *(admitted pro hac vice)*
California Bar No. 301934
nkashyap@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Ave.
Los Angeles, CA 90005
P: 213-385-2977

***Counsel for Intervenor of Right The Federation of Southern Cooperatives/Land Assistance Fund***

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on April 21, 2022, which will serve all counsel of record.

*/s/ Chase J. Cooper*
Chase J. Cooper