UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SID MILLER, et al., on behalf of themselves and others similarly situated,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:21-cv-0595-O |
| **TOM VILSACK, in his official capacity as Secretary of Agriculture,** | § § § § | |
| Defendant, | § § | |
| **FEDERATION OF SOUTHERN COOPERATIVES/LAND ASSISTANCE FUND,** | § § § § | |
| Intervenor Defendant. | § § | |

**ORDER**

Before the Court are the Federation's Motion for Reconsideration (ECF No. 187), filed April 13, 2022; the original parties' responses (ECF Nos. 193 and 194), filed April 20, 2022; and the Federation's Reply (ECF No. 195). Having considered the motion, briefing, and applicable law, the Court **DENIES** the motion.

Federal Rule of Civil Procedure 54(b) permits courts to revise "any order or other decision" that "does not end the action . . . at any time before the entry of a judgment." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). The standard is "flexible" and reflects the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 337 (citation and internal quotation marks

omitted). "[O]ne of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944).

The Federation's arguments do not provide sufficient reason for the Court to revise its scheduling order. The Federation's briefing confirms that the first time the Federation notified any court of its intent to seek fact discovery was April 1, 2022. *See* J. Status Report, ECF No. 184. Likewise, according to the Government, "[t]he Federation had never hinted to the parties . . . that it would seek to take additional fact discovery." Gov't Resp. 11, ECF No. 193. The Federation also continues to misread the Fifth Circuit's opinion, which neither requires nor implies that the Federation is entitled to fact discovery.

The Federation insists that fact discovery would cause only minimal delay. *See* Mot. 15, ECF No. 187-1. But the Government—the party responsible for gathering, managing, and turning over the requested discovery—says "that is unlikely to be so." Gov't Resp. 12, ECF No. 193. For example, discovery on just one of the eight categories of information the Federation requests "in no event could . . . reasonably be completed in the time frame that the Federation contemplates." *Id.* at 13. Considering the other discovery requested, the depositions, and the "likely" objections and discovery disputes, the Court finds that opening fact discovery over a year after Plaintiffs filed this lawsuit will cause undue delay. That delay is particularly salient given the current stage of litigation and the preliminary injunction that is in place.

Again, the Court notes that it does not deny the Federation all discovery. The Federation has consistently requested the opportunity for expert discovery, and the Court has granted that reasonable request. The Federation has received precisely what it has requested up to this point.

The Court is already delaying proceedings to accommodate the Federation's expert discovery and finds that further delay is unreasonable and unwarranted. Finally, if the Federation, after taking expert discovery, "cannot present facts essential to justify its opposition" to summary judgment, it may request relief under Rule 56(d).

For the reasons stated in the Court's initial order (ECF No. 186), the original parties' briefs (ECF Nos. 193 and 194), and this Order, the Court finds that the Federation has not presented sufficient reason for the Court to revise its scheduling order. *See Austin*, 864 F.3d at 336. Considering the timeline and history of this case, the nature of the claims, the evidence and options available to the parties, the relief requested, and the preliminary injunction imposed, the Court finds that the interests of justice weigh in favor of denying the motion for reconsideration as to fact discovery. *See id.* at 336–38.

The Federation also requests that the Court extend the expert deadline. Under the Court's scheduling order, expert discovery closes on June 26, 2022. *See* Order 5, ECF No. 186. The parties may agree to modify any discovery deadline without leave of the Court unless the modification will affect other deadlines in the case. If the Federation wishes to modify the dispositive motions deadline or other non-discovery deadlines, it must file a motion.

The Court thus **DENIES** the motion for reconsideration.

**SO ORDERED** on this **22nd day** of **April, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**