IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SID MILLER, et al.,** | § | |
| | § | |
|    **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0595-O |
| | § | |
| **TOM VILSACK, in his official capacity** | § | |
| **as Secretary of Agriculture,** | § | |
| | § | |
|    **Defendant.** | § | |

## ORDER

Before the Court are the National Black Farmers Association and the Association of American Indian Farmers' Conditional Motion for Leave to Intervene as Defendants (ECF No. 172), filed March 18, 2022; Plaintiffs' Response (ECF No. 192), filed April 15; the Government's Response (ECF No. 191, filed April 15; and the NBFA's Reply (ECF No. 197), filed April 28.

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Even if a putative intervenor does not satisfy the requirements for intervention as of right, it can move for permissive intervention under Rule 24(b). Permissive intervention "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987). Permissive intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010).

The Court finds that the intervenors' motion is timely,[1] the intervenors' claims or defenses and the main action have a question of law or fact in common, and intervention will not unduly delay or prejudice the adjudication. Courts may impose reasonable conditions on intervenors. *See Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 940 (N.D. Tex. 2019). The intervenors "do not seek discovery, nor to address the merits at this stage." Mot. 14, ECF No. 172. Accordingly, the Court **GRANTS** the motion to intervene on the conditions that the intervenors (1) will not be entitled to discovery in this case; and (2) will not disrupt the Court's scheduling order (ECF No. 186). The Court invites the intervenors to submit summary judgment briefing in accordance with the Court's scheduling order, should they wish to do so. The Court thus **DIRECTS** the Clerk of Court to add the National Black Farmers Association and the Association of American Indian Farmers as parties.

**SO ORDERED** on this **2nd day** of **May, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] *See* Mot. to Intervene, ECF No. 24.