IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| SID MILLER, *et al.*, on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 4:21-cv-595-O |

## DEFENDANT'S OPPOSITION TO THE FEDERATION'S
## MOTION TO COMPEL AND FOR EXTENSION OF DEADLINES

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259/ Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendant*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

STANDARD OF REVIEW .......................................................................................................... 5

      I.      Motions to Compel .......................................................................................................... 5

      II.     Motions to Modify a Scheduling Order ......................................................................... 6

ARGUMENT ................................................................................................................................ 6

      I.      The Government Disclosed the Loan Data Required by the Court's Scheduling Order and Rule 26(a)(2)(B). ............................................................................................ 6

      II.     The Court Should Deny the Federation's Third Request to Open Fact Discovery to Seek Loan Data beyond What the Government's Expert Considered. ........................ 8

      III.    The Court Should Deny the Motion to Modify the Scheduling Order. ..................... 10

CONCLUSION ........................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Amaya v. City of San Antonio*,
 No. 5:12-CV-00574-DAE, 2014 WL 3919569 (W.D. Tex. Aug. 11, 2014) ............................. 7

*Deal v. Louisiana ex rel. Dep't of Just.*,
 No. CIV.A. 11-743-JJB, 2013 WL 4546772 (M.D. La. Aug. 28, 2013) ................................. 8

*Ledbetter v. United States*,
 No. CIV.A. 3:96CV-0678X, 1996 WL 739036 (N.D. Tex. Dec. 18, 1996) ........................... 9

*Miller v. Vilsack*,
 No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022) ...................................................... 2

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
 315 F.3d 533 (5th Cir. 2003) ...................................................................................................... 6

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
 321 F.R.D. 250 (N.D. Tex. 2017) ............................................................................................. 5

*Texas Democratic Party v. Dallas Cnty*,
 No. 3-08-CV-2117-P, 2010 WL 5141352 (N.D. Tex. Dec. 9, 2010) .................................. 6, 9

*United States ex rel. Wall v. Vista Hospice Care*,
 319 F.R.D. 498 (N.D. Tex. 2016) ............................................................................................. 5

**Rules**

Fed. R. Civ. P. 16 ................................................................................................................................ 6

Fed. R. Civ. P. 26 ........................................................................................................................ *passim*

Fed. R. Civ. P. 34 ................................................................................................................................ 5

Fed. R. Civ. P. 37 ................................................................................................................................ 5

**INTRODUCTION**

This Court has already denied the Federation's request to seek fact discovery—twice. The Federation seeks to relitigate those denials yet again, this time restyling its request as a motion to compel. According to the Federation's motion, the Court's recent Scheduling Order requiring the government to make its expert "[l]oan data disclosures" by April 15, 2022, also required the government to produce USDA loan data falling within "at least" four general and imprecisely defined categories that the Federation previously represented it would seek if the Court opened fact discovery. Fed'n Br. in Supp. of Mot. to Compel 1, 3-4, ECF No. 199-1. The Federation's reading of the Court's Scheduling Order lacks merit. The Court unequivocally denied the Federation's request to open fact discovery and instead set deadlines for expert disclosures and summary judgment briefing only. Scheduling Order 5, ECF No. 186. The government complied with its obligation to make its disclosures by April 15, 2022 by producing the entire set of data that its expert considered in forming the opinions in her written report—precisely what the Federal Rules of Civil Procedure require. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). The Federation's effort to compel production of other electronically stored information is an attempt to back-door its way into fact discovery. Just as the Court did when it entered its Scheduling Order, and just as the Court did again when it denied the Federation's Motion for Reconsideration, the Court should reject this third request to initiate fact discovery. The Federation's Motion to Compel and to Extend Deadlines should be denied.

**BACKGROUND**

In March 2021, Congress enacted § 1005 of the American Rescue Plan Act (ARPA), the statute at issue in this litigation. In April 2021, Plaintiffs filed this suit challenging that statute. *See* Compl., ECF No. 1. On July 1, 2021, the Court granted Plaintiffs' motion to certify two classes and preliminarily enjoined the government "from discriminating on account of race or ethnicity in

1

administering section 1005 of the American Rescue Plan Act for any applicant who is a member of the Certified Classes." Order, ECF No. 60.

In mid-July 2021 the original parties filed a joint scheduling proposal, which indicated the parties' agreement not to take fact discovery and set out an expeditious schedule for completing expert discovery and moving to summary judgment. Jt. Rpt., ECF No. 70. The Court entered an order adopting the parties' agreed schedule. Order, ECF No. 85.

In October 2021, the Federation moved to intervene both as of right and permissively, stating that it did not "intend to seek reconsideration of any rulings in the case to date" or "seek to relitigate any prior rulings." Fed'n's Mem. in Supp. of Mot. to Interv. at 15, 22, ECF No, 93-1. This Court denied the motion to intervene, Order, ECF No. 143, and the Federation appealed, Notice of Appeal, ECF No. 147. The Fifth Circuit reversed, concluding that the Federation would present an argument that the Secretary would not, and that it had thus shown an adversity of interest warranting intervention. *See Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, at *3 (5th Cir. Mar. 22, 2022).

This Court then ordered the parties to submit a joint status report addressing any limitations the Court should place on the Federation's participation in the case and an amended briefing schedule. Order, ECF No. 178. In the joint status report, the Federation asserted—for the first time in the course of the litigation—that it wished to pursue "three categories" of what it described as "limited, targeted fact discovery." Jt. Status Rpt. 8-9, ECF No. 184. Those proposed categorizes of fact discovery included (1) "[l]oan data from 2010 to the present, including *at least*" several broad-ranging sets of loan application and farm ownership data, in addition to any data reviewed by Defendant's experts; (2) several declarations and testimony from Federation members and other farmers; (3) "[o]ther limited discovery" that included a range of documents requests and depositions of USDA officials. *Id.* at 9-10 (emphasis added).

The government urged the Court to limit the Federation's participation to expert disclosures and summary judgment briefing,[1] explaining that doing so "would permit the Federation to fully participate in the case according to the parameters long agreed to by the parties, ordered by the Court, and proposed by the Federation itself in its motion to intervene, while preventing undue delay in the resolution of this case." *Id.* at 2-3. Addressing likely delay, the government asserted that responding to the Federation's broad data requests would require performing queries on multiple aging data systems that rely on 1980s-era technology, which would substantially elongate the discovery period and likely lead to ancillary litigation over discovery matters. *Id.* at 6-7. As to expert discovery, on the other hand, the government explained that it was prepared to expeditiously provide its "expert disclosures to the Federation"—that is, the "USDA loan data considered by its . . . expert, Dr. Alicia Robb, in the development of her report." *Id.* at 4. The government also stressed that its expert disclosures would contain "some," though not all, of the loan data the Federation sought through fact discovery. *Id.*

On April 5, 2022, the Court granted the Federation's intervention, ECF No. 185, and entered an order modifying the discovery and briefing schedule to allow the Federation's participation on substantially similar terms as the parties, ECF No. 186. In its Scheduling Order, the Court "denie[d] the Federation's request to reopen fact discovery for several independent reasons." *Id.* at 2. Among other reasons, the Court noted that, until April 1, 2022, the Federation had represented that it did not intend to seek fact discovery but only to present expert and other testimony, *id.* at 2-3; and it found that the Federation's proposed fact discovery "will likely delay resolution of this case, perhaps indefinitely," *id.* at 4. The Court thus entered a scheduling order modifying the deadlines for expert disclosures and summary judgment briefing. *Id.* at 5.

---

[1] Plaintiffs agreed with the same limitations on the Federation's participation. *Id.* at 2.

3

Under that schedule, the government's loan data disclosure was due by April 15, 2022. *Id.* After the Court's entry of a protective order, the government produced that data on that date.

On April 13, 2022, the Federation moved for reconsideration of the Court's entry of a scheduling order that declined to open fact discovery. Mot. for Reconsideration, ECF No. 187. The government and Plaintiffs opposed the motion. On April 22, 2022, the Court denied the Federation's motion. Order Denying Mot. for Reconsideration, ECF No. 196. In doing so, the Court emphasized that it had not denied "all discovery" but had "granted [the Federation's] reasonable request" "for expert discovery." *Id.* at 2.

Roughly one week later, on April 29, 2022, the Federation sent the government a "USDA data request." The request sought (1) a data dictionary or other documentation to clarify the meaning and interpretation of certain fields in the data sets provided, and (2) "records" or "documents" containing USDA loan application data beyond that contained in the government's expert disclosure. The government responded the following business day by producing a data codebook elaborating on the meaning of each data field and containing additional notes to clarify the scope of the data included in its expert disclosure. As to the Federation's requests for additional records and data, the government responded that it had "already produced the entirety of the data considered by our expert in forming her opinions, as required by Rule 26 and the Court's order, and as we had agreed to produce." The government stated that it would not produce "data in responses to [the Federation's] additional discovery requests, which" sought evidence "beyond the expert discovery ordered by the Court." On May 3, 2022, the Federation stated that if the government declined to provide the additional data, it would move to compel. The parties conferred by phone again on May 4 and May 9, 2022. On May 10, 2022, the government again stated by email that its position on the Federation's request for additional loan data remained the same: the government had "already provided all that is required under Rule 26 and the Court's order and there is no basis for additional discovery requests." The

4

government also represented that much or all of the data sought by the Federation is "either non-existent or is stored in such a way that it is practically impossible to gather and assemble in a usable format within any reasonable time frame." The government declined to further detail the state of available data because the government had already made the expert disclosures required by the Court and Federal Rule of Civil Procedure 26, and the Federation's requests went beyond the scope of authorized discovery.

Separately, on May 12, 2022, the Federation asked the parties to agree to a two-week extension to the deadline for its expert designations. The government and Plaintiffs agreed to the two-week extension, provided that the extension did not alter the current briefing schedule.

On May 13, 2022—one month after the government made its expert disclosures and on the eve of the original deadline for the Federation's expert disclosures—the Federation moved to compel the production of all of the "USDA loan data" included in the categories of fact discovery the Federation had proposed in the parties' joint status report. Mot. to Compel, ECF No. 199.

## STANDARD OF REVIEW

I.     **Motions to Compel**

Under Federal Rule of Civil Procedure 37(a), a party may move to compel any disclosure required by Rule 26(a) or responses to documents requests made under Rule 34. *United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 501 (N.D. Tex. 2016). Rule 26(a) requires that outside experts disclose a "written report" that contains several enumerated items. Fed. R. Civ. P. 26(a)(2)(B)(ii). Rule 34(a) outlines procedures for requests for "documents or electronically stored information," including "data or data compilations." Those requests must fall "within the scope of Rule 26(b)," and must conform to other procedural requirements. Fed. R. Civ. Pr. 34; *see also Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 281 (N.D. Tex. 2017). Rule 26(b)(1), in turn, provides that, "[u]nless otherwise limited by the Court, . . . [p]arties may obtain discovery regarding

5

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" When bringing a motion to compel the production of documents or electronically stored information, "[i]t is axiomatic that a court may not compel" production "unless the party seeking such an order has served a proper discovery request on the opposing party." *Texas Democratic Party v. Dallas Cnty*, No. 3-08-CV-2117-P, 2010 WL 5141352, at *1 (N.D. Tex. Dec. 9, 2010) (citing cases).

## II. Motions to Modify a Scheduling Order

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted).

## ARGUMENT

## I. The Government Disclosed the Loan Data Required by the Court's Scheduling Order and Rule 26(a)(2)(B).

The Court has repeatedly denied the Federation's efforts to conduct fact discovery. The Court's April 5, 2022 Scheduling Order permitted the Federation to participate in the case on the same terms as it had sought to intervene from the outset, and consistent with the Court's initial scheduling order that had long governed the case: to present expert testimony and summary judgment briefing. Scheduling Order 2, 5, ECF No. 186. Because "[t]he parties, including the Federation, have long represented that this case can and should be resolved through expert testimony and briefing," the Court reasoned, a modified case schedule that did not open the litigation for fact discovery gave the Federation "what it has asked for, what the parties have agreed to, and what is necessary for the resolution of this case." *Id.* at 5. The Court thus set a schedule for expert discovery and summary judgment briefing. *Id.*

6

Under that schedule, the government was required to make its "[l]oan data disclosure" by April 15. *Id.* Given that the Court had denied the Federation's request for fact discovery, the government understood its loan data disclosure to be governed by Rule 26(a)(2), which sets forth the procedural requirements for expert testimony. *Amaya v. City of San Antonio*, No. 5:12-CV-00574-DAE, 2014 WL 3919569, at *2 (W.D. Tex. Aug. 11, 2014). Under Rule 26(a)(2)(B)(ii), a testifying expert's written report must contain "the facts and data considered by the witness" in forming her opinions. The Court's Scheduling Order setting a deadline for "[l]oan data disclosure" tracks both the language of Rule 26(a)(2)(B)(ii) and the government's representation in the parties' joint status report that it was prepared to disclose to the Federation the "loan data considered by its . . . expert" after entry of a protective order. Jt. Status Rpt. 4, ECF No. 184; *see also* Scheduling Order 6 (noting that "Defendant s[aid] he will provide data considered by the experts" after entry of a protective order). So on April 15, after entry of the protective order, the government made the disclosure required by Rule 26(a)(2)(B)(ii). The government has thus satisfied its obligation to disclose the loan data as ordered by the Court.

The Federation makes no mention of Rule 26(a)(2)(B)(ii) anywhere in its motion and does not make any serious argument that the government has failed to comply with the requirements of that Rule. The crux of its argument is that the government was simply wrong to limit its disclosures to the data considered by its expert witness, Dr. Alicia Robb, because the Federation "asked for" more. Fed'n Br. 8. The Federation also makes a passing remark, in arguing toward the end of its brief that an extension is warranted, that its expert questions whether the government "provided the full scope of data on which Dr. Robb *probably relied* in forming her opinions." *Id.* at 12-13 (emphasis added). But this digression is supported by nothing more than its expert's speculative and conclusory assertion that, in his "opinion," additional data *could* exist and the government's expert *could have* reviewed some of it. *See* Berkman Decl. ¶¶ 6-10, ECF No. 199-2. The Federation's expert does not identify any aspect

7

of Dr. Robb's report that in fact analyzes, or even suggests that she relied on, specific data that he says is "probably" missing. *See id.* And, in its brief, the Federation itself does not actually argue that the government has failed to disclose any data that Dr. Robb actually considered and that the government was required to disclose under Rule 26(a)(2). Instead, it points back to the very categories of data it believes it is entitled to *under Rule 26(b)* (discussed below) simply because, in its view, that data is relevant and proportional to the needs to the case. Fed'n Br. at 8, 12-13. But that has nothing to do with the government's required disclosures under Rule 26(a)(2)(B)(ii). The government reiterates now, as it has repeatedly represented to the Federation, that it has provided the entirety of the data considered by its expert—all that must be disclosed under Rule 26(a)(2)(B)(ii).

## II. The Court Should Deny the Federation's Third Request to Open Fact Discovery to Seek Loan Data beyond What the Government's Expert Considered.

Because the government has disclosed the full scope of the data considered by its expert in forming her opinions, it has fulfilled its obligations under this Court's Scheduling Order and Rule 26(a)(2)(B)(ii). The Federation's request for loan data that was "not 'considered' by [the government's] expert"—which "fall[s] outside of the expert disclosure requirements of Rule 26(a)(2)(B)"—"constitute[s] fact, not expert, discovery." *Deal v. Louisiana ex rel. Dep't of Just.*, No. CIV.A. 11-743-JJB, 2013 WL 4546772, at *6 (M.D. La. Aug. 28, 2013) (denying a motion to compel discovery beyond the "facts or data considered" by the expert because fact discovery had already closed). The Court should deny the Federation's third request for fact discovery.

The Federation's assertion that it is "entitled" to additional USDA data beyond what the government's expert considered turns entirely on its misreading of two phrases plucked out of context from the Court's Scheduling Order. The way the Federation sees it, the Court's use of the seemingly broad phrase "loan data" in its table of deadlines, together with the Court's observation that it was providing the Federation with "what it has asked for," cryptically authorized the Federation's request for a broad range of imprecisely defined USDA loan data. But the Federation never explains how its

8

interpretation of these two phrases squares with the remainder of the Court's 6-page Scheduling Order declining to open fact discovery—discovery which, the Court emphasized, the Federation *had not* "asked for" when it moved to intervene or at any other point until April 1, 2022.

Nor does the Federation explain how its reading squares with the discovery provisions in the Federal Rules. Its motion skips immediately to analyzing whether obtaining broad categories of "USDA loan data"—including but not limited to unspecified "[d]ata on applications for Farm Services (FSA) loans (both direct and guaranteed), including data on applications approved/denied," Fed'n Br. 4—would be relevant and proportional under the boundaries to discovery set by Rule 26(b), *id.* at 9-12. But that analysis is irrelevant, for at least two reasons. For one, Rule 26(b) sets the default scope of discovery "*[u]nless otherwise limited by court order*." Fed. R. Civ. P. 26(b)(1) (emphasis added). Here, the scope of discovery has been limited by court order. The Court's Scheduling Order declining to open fact discovery renders irrelevant any question whether the scope of the fact discovery the Federation seeks would be otherwise consistent with the relevance and proportionality standards under Rule 26(b).

For another, the Rule 26(b) analysis only comes into play on review of a motion to compel that otherwise satisfies the procedural requisites of Rule 37. "A motion to compel pursuant to the enforcement provisions of [] Rule 37 clearly contemplates that the parties have relied on the formal discovery rules." *Ledbetter v. United States*, No. CIV.A. 3:96CV-0678X, 1996 WL 739036, at *2 (N.D. Tex. Dec. 18, 1996). Even if the Court had opened fact discovery, the Federation's informal "USDA data request" letter would not satisfy the formal discovery rules; only a request for production compliant with Rule 34 would suffice. *Id.*; *see also Texas Democratic Party*, 2010 WL 5141352, at *1. In the absence of formal discovery requests, the government has no obligation to respond, and there is no basis for the Federation to move to compel a response. *Id.* at *2. Indeed, this prerequisite to

9

bringing a motion to compel underscores that the Federation's motion is simply a back-door maneuver to seek fact discovery.

In short, the Federation's arguments that it is entitled to additional discovery lacks any legal basis, and its relevance and proportionality arguments under Rule 26(b) are entirely beside the point. The Court's Scheduling Order already delineated the scope of discovery in a way that obviates any need to address the relevance and proportionality of any discovery in addition to the expert data disclosure required by Rule 26(a)(2)(B). As the government has previously explained, responding to the types of discovery requests proposed by the Federation would unduly delay the litigation. With respect to the USDA loan data the Federation seeks, much or all of it is either nonexistent or maintained in such a way that it is practically impossible to gather and produce in a usable format within any reasonable timeframe.

In denying the Federation's Motion for Reconsideration, the Court emphasized that fact discovery was likely to cause "undue delay" in part because of the time the government believed it would take to respond to the Federation's broad requests and "the 'likely' objections and discovery disputes" that would arise. Order Denying Mot. For Reconsideration 2. The Federation's effort to engage in fact discovery seeking broad categories of USDA loan data through a motion to compel is not only procedurally improper but brings to the fore the very type of dispute that the Scheduling Order was meant to obviate. The Court should deny the motion.

### III. The Court Should Deny the Motion to Modify the Scheduling Order.

Notwithstanding that the government and Plaintiffs already agreed to a two-week extension of the Federation's expert designations, the Federation also requests an extension of all case deadlines by the number of days between the date the government produces the additional "loan data the Federation has requested" or submits a declaration describing what searches USDA has performed to locate the data. Mot. to Compel and to Extend Deadlines 1, ECF No. 199. Because the Federation's

10

motion to compel additional USDA data is unfounded, so too is its attendant request to modify the Scheduling Order.

## CONCLUSION

For the foregoing reasons, the Court should deny the Federation's Motion to Compel and for Extension of Deadlines.

Date: May 18, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 514-3259
Fax: (202) 616-8470
Email: kyla.snow@usdoj.gov

*Counsel for Defendant*

**Certificate of Service**

On May 18, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Kyla M. Snow
KYLA M. SNOW
United States Department of Justice