UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SID MILLER, et al., on behalf of themselves and others similarly situated, <br><br>　　Plaintiffs, <br><br>v. <br><br>TOM VILSACK, in his official capacity as Secretary of Agriculture, <br><br>　　Defendant, <br><br>FEDERATION OF SOUTHERN COOPERATIVES/LAND ASSISTANCE FUND; NATIONAL BLACK FARMERS ASSOCIATION (NBFA); ASSOCIATION OF AMERICAN INDIAN FARMERS (AAIF), <br><br>　　Intervenor Defendants. | Civil Action No. 4:21-cv-0595-O |

## ORDER

Before the Court are the Federation's Motion to Compel Production of Complete Loan Data and for Extension of Deadlines and Request for Expedited Briefing and Decision (ECF No. 199), filed May 13, 2022; and the Government's Response (ECF No. 201), filed May 18, 2022. The Federation waived its right to reply. *See* Federation's Br. 17, ECF No. 199-1. Having considered the motion, briefing, and applicable law, the Court **DENIES** the motion.

I.   **BACKGROUND**

On April 5, 2022, the Court issued an amended scheduling order (ECF No. 186). The amended scheduling order denied the Federation's request to reopen fact discovery and required the Government to disclose its expert loan data to the Federation by April 15. The Court entered a protective order (ECF No. 190) regarding the loan data, and the Government produced the data on

April 15. *See* Gov't Resp. 7, ECF No. 201. The Court denied the Federation's motion for reconsideration. The Federation's expert found "significant gaps" in the disclosed data. *See* Federation's Br. 8, ECF No. 199-1. So on April 29, the Federation requested that the Government disclose additional records containing Department of Agriculture loan application data beyond that contained in the government's expert disclosure. *Id.* The Government declined to produce anything beyond what its expert relied on. The parties conferred, and the Government stated that it had provided all that is required under Rule 26 and the Court's order. *See* Gov't Resp. 7, ECF No. 201. The Federation moved to compel production of additional loan data.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(a), a party may move to compel production of materials within the scope of discovery. The party moving to compel must request production from the party holding the requested materials, certify that it "has in good faith conferred or attempted to confer" with the party failing to produce the requested materials, and provide "notice to other parties and all affected persons" of the motion to compel. Fed. R. Civ. P. 37(a)(1). "[A] court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . , including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Crosswhite v. Lexington Ins.*, 321 F. App'x 365, 368 (5th Cir. 2009) (alterations in original) (quoting Fed. R. Civ. P. 26(c)(1)(D)). The discovery rules are to be construed broadly and liberally. *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (citing *Hickman v. Taylor*, 329 U.S. 495, 500 (1947)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

### III. ANALYSIS

Rule 26(b) entitles a party to relevant, nonprivileged discovery "[u]nless otherwise limited by court order." Following the parties' representations that this case can proceed only on expert testimony, the Court limited all parties to expert discovery. *See* Scheduling Order, ECF No. 85; Am. Scheduling Order, ECF No. 186. All parties intending to call expert witnesses at trial must comply with the expert disclosure rules of Rule 26(a)(2).

The Federation argues that the Court's scheduling order requires the Government to disclose all "loan data," without qualification. According to the Federation, the scheduling order "did not limit the scope of the loan data that the Secretary must produce to the Federation." Federation's Br. 11, ECF No. 199-1. That argument ignores the Court's repeated statements that this case will proceed on expert testimony, and that the Court will not reopen fact discovery at this late stage. The Federation is entitled to "loan data" that falls within the expert discovery boundaries this Court has set. The Federation is not entitled to whatever discovery it *now* asks for; it is entitled to "receive what it has asked for" in its representations up to this point: expert testimony and discovery. The scheduling order does not entitle any party to fact discovery.

The question, then, is whether the Government's disclosures comply with Rule 26(a)(2). A party intending to call expert witnesses "must disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A). The disclosure "must be accompanied by a written report" containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

The Federation does not claim that the Government's expert disclosures fail to comply with Rule 26(a)(2). To be sure, the Federation is entitled to "the facts or data considered by the [Government's] witness in forming" her opinions. *Id.* The evidence before the Court indicates that the Government has so far complied with Rule 26(a)(2). "The Federation's request was not limited to data the [Government]'s expert considered," but Rule 26(a)(2) is. To the extent the Federation believes the Government has failed to comply with Rule 26(a)(2), the Federation may raise specific arguments and point to specific facts forming the basis for that belief. The Federation's expert speculates that the Government did not disclose loan data that the Government's expert "probably relied [on] in forming her opinions." Federation's Br. 16, ECF No. 199-1. Such speculation may be relevant in rebutting the Government's expert testimony, but it is insufficient to justify a motion to compel.

## IV.   CONCLUSION

The Federation's motion amounts to asking, once again, for fact discovery. The Court denies that request for the reasons stated in this Order and the Court's prior orders on the issue. The Court thus finds that the Federation has not presented good cause to modify the scheduling order. The Court **DENIES** the motion to compel and **DENIES** the motion for extensions.

**SO ORDERED** on this **20th day** of **May, 2022**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**

4