**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| SID MILLER, *et al.*, on behalf of himself and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:21-cv-595-O |
| | ) | |
| TOM VILSACK, in his official capacity as SECRETARY OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO THE FEDERATION'S
MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259/ Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendant*

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................................1

BACKGROUND ...................................................................................................................................1

STANDARD OF REVIEW ...................................................................................................................2

ARGUMENT.........................................................................................................................................3

      I.       The Court's orders do not involve a controlling question of law........................................3

      II.     The Court's orders do not involve questions of law on which there is substantial ground for difference of opinion. ....................................................................................6

      III.    Immediate appellate review would not materially advance the termination of the litigation.........................................................................................................................7

CONCLUSION ......................................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Ahrenholz v. Bd. of Trs of Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) ........................................................................................3

*Aparicio v. Swan Lake*,
643 F.2d 1109 (5th Cir. Unit A Apr. 1981) ...............................................................2

*Assoc. of Co-op. Members, Inc. v. Farmland Indus., Inc.*,
684 F.2d 1134 (1982) ...................................................................................................2

*Barnes v. McQueen*,
No. CV 14-2636, 2016 WL 3923875 (E.D. La. July 21, 2016)..............................7

*Beauregard, Inc. v. Sword Servs., LLC*,
107 F.3d 351 (5th Cir. 1997) ......................................................................................4

*CERX Pharmacy Partners, LP v. Provider Meds LP*,
No. 3:14-CV-1785-L, 2014 WL 6673465 (N.D. Tex. Nov. 25, 2014).................6

*Clark-Dietz & Assoc.-Eng'rs, Inc. v. Basic Constr. Co.*,
702 F.2d 67 (5th Cir. 1983) ...............................................................................1, 2, 3

*Clinton v. Jones*,
520 U.S. 681 (1997) .....................................................................................................5

*David v. Signal Int'l, LLC*,
37 F. Supp. 3d 836 (E.D. La. 2014)....................................................................... 5, 7

*Dukes v. Wal-Mart Stores, Inc.*,
No. C 01-02252 CRB, 2012 WL 6115536 (N.D. Cal. Dec. 10, 2012) .................7

*In re Genter*,
3:19-CV-01951-E, 2020 WL 3129637 (N D. Tex. June 12, 2020) .......................6

*In re Hallwood Energy, L.P.*,
No. 3:12-CV-1902-G, 2013 WL 524418 (N.D. Tex. Feb. 11, 2013) ...................6

*In re Highland Cap. Mgmt., L.P.,* 3:21-CV-0879-K,
2022 WL 394760 (N.D. Tex. Feb. 9, 2022) .......................................................... 4, 5

*In re La. Route Operators*,
Civ A. No. 94-2642, 1994 WL 449373 (E.D. La. Aug. 17, 1994) .......................8

*In re Supplement Spot, LLC*,
No. BANKR.06-35903, 2009 WL 1343165 (S.D. Tex. May 12, 2009) ...............8

*In re Tullius*,
No. EP-11-MC-365-KC, 2011 WL 5006673 (W.D. Tex. Oct. 20, 2011) ...............................................8

*In re Watman*,
304 B.R. 553 (B.A.P. 1st Cir. 2004) ...............................................................................................4

*McFarlin v. Conseco Servs., LLC*,
381 F.3d 1251 (11th Cir. 2004) ..............................................................................................3, 4, 6

*Miller v. Vilsack*,
No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022)................................................................1

*Patterson v. Dallas/Fort Worth Int'l Airport Bd.*,
No. 3:18-CV-00307-E, 2021 WL 4240479 (N.D. Tex. Jan. 6, 2021)...............................................3, 5, 7

*Raber v. Pittway Corp.*,
17 F.3d 1444, 1994 WL 18499 (Table) ..........................................................................................4

*Ryan v. Flowserve Corp.*,
444 F. Supp. 2d 718 (N.D. Tex. 2006) ..........................................................................................3

*Software Rts. Archive, LLC v. Google Inc.*,
No. CIV A 2:07-CV-511, 2009 WL 1797996 (E.D. Tex. June 24, 2009) ...........................................4

*Steves & Sons, Inc. v. JELD-WEN, Inc.*,
323 F.R.D. 553 (E.D. Va. 2018) ...................................................................................................5

*Swoboda v. Manders*,
No. CV 14-19-SCR, 2015 WL 9308266 (M.D. La. Dec. 22, 2015) ....................................................5

*United States v. Abbott Labs.*,
No. 3:06-CV-1769, 2016 WL 3571329 (N.D. Tex. Mar. 8, 2016) .....................................................2

*Williams v. Taylor*,
No. CIV.A. 15-321, 2015 WL 4755162 (E.D. La. Aug. 11, 2015)......................................................3

**Statutes**

28 U.S.C. § 1292 .....................................................................................................................1, 2

**Rules**

Fed. R. Civ. P. 24(a) (Advisory Cmt. Note to 1966 Amendment) ...................................................5

Fed. R. Civ. P. 26(a)...................................................................................................................2

**INTRODUCTION**

Three times this Court has denied the Federation's request for fact discovery—first in its April 1, 2022 scheduling order, ECF No. 186, then in its April 22, 2022 order denying the Federation's motion for reconsideration, ECF No. 196, and finally in its May 20, 2022 order denying the Federation's motion to compel, ECF No. 202. The Federation now asks the Court to certify all three of these orders for interlocutory appeal under 28 U.S.C. § 1292(b). Fed'n Mot. to Certify, ECF No. 203 ("Fed'n Mot."). But the Federation fails to show that any of the statutory requirements for the "exceptional" certification of interlocutory appeal are met. *See Clark-Dietz & Assoc.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983). The Court should deny the motion.

**BACKGROUND**

Plaintiffs initiated this equal protection challenge to Section 1005 of the American Rescue Plan Act (ARPA) in April 2021. After granting Plaintiffs' motion for preliminary injunction and for class certification, Order, ECF No. 60, the Court entered the schedule jointly proposed by Plaintiffs and Defendant. The schedule set deadlines for expert discovery and summary judgment briefing. ECF No. 85.

Later, the Federation moved to intervene as of right and permissively, stating that it did not intend to revisit the Court's previous rulings. ECF No. 93. Plaintiffs opposed intervention, ECF No. 137, and the government opposed intervention of right but did not oppose permissive intervention, conditioned on reasonable limitations, ECF No. 136. This Court denied the motion to intervene, ECF No. 143, and the Federation appealed, ECF No. 147. The Fifth Circuit reversed, concluding that the Federation would present an argument that the Secretary would not, and that it had thus shown an adversity of interest warranting intervention as of right. *See Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, at *3 (5th Cir. Mar. 22, 2022).

On April 5, 2022, this Court, consistent with the Fifth Circuit's mandate, granted intervention, ECF No. 185, and resolved the parties' competing scheduling proposals by entering an order modifying the discovery and briefing schedule to allow the Federation's participation on substantially similar terms as the parties, ECF No. 186. Accordingly, the Court's order set deadlines for expert discovery and summary judgment briefing. *Id.* The Court declined to open fact discovery. *Id.*

The Federation moved for reconsideration of the scheduling order, ECF No. 187, and on April 22, 2022, the Court denied the motion. ECF No. 196.

On April 15, 2022, the government produced the loan data considered by its expert, as required by Rule 26(a)(2)(B)(ii) and the Court's scheduling order. The Federation then moved to compel the production of additional USDA loan data. ECF No. 199. On May 20, 2022, the Court denied the motion to compel. ECF No. 202.

The Federation now asks the Court to certify interlocutory appeal of the scheduling order, the order denying the motion for reconsideration, and the order denying the motion to compel.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1292(b), a district judge may certify a non-final decision for interlocutory appeal if "(1) the order involves a controlling question of law in the case (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981); 28 U.S.C. § 1292(b). A court of appeals has "discretion to permit appeal from an interlocutory order" under Section 1292(b) only if the district court "certifie[s] in writing that the criteria for appealability" under that statute are met. *Assoc. of Co-op. Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1137 n.3 (1982). The moving party bears the burden of showing that all three factors are satisfied. *See Clark-Dietz*, 702 F.2d at 68. Even then, the district judge has "unfettered discretion to deny certification." *United States v. Abbott Labs.*, No. 3:06-CV-1769, 2016 WL

3571329, at *3 (N.D. Tex. Mar. 8, 2016). "In the Fifth Circuit, interlocutory appeals are exceptional and 'do not lie simply to determine the correctness of a judgment.'" *Patterson v. Dallas/Fort Worth Int'l Airport Bd.*, No. 3:18-CV-00307-E, 2021 WL 4240479, at *1 (N.D. Tex. Jan. 6, 2021) (alterations omitted) (quoting *Clark-Dietz*, 702 F.2d at 68-69).

## ARGUMENT

According to the Federation, the Court's orders setting a case schedule, denying the Federation's motion for reconsideration, and denying the Federation's motion to compel should each be certified for interlocutory appeal to review whether declining to open fact discovery: (1) violates the Fifth Circuit's mandate in *Miller v. Vilsack*, and (2) imposes an unreasonable condition on the Federation's participation. Br. in Supp. of the Fed'n Mot. to Certify, ("Fed'n Br.") at 1, ECF No. 203-1. These issues are not controlling questions of law for which there is substantial ground for disagreement. Nor would immediate appellate review of the orders materially advance the termination of the litigation. The Federation thus fails to meet the requirements for interlocutory appeal under Section 1292(b).

### I.     The Court's orders do not involve a controlling question of law.

Section 1292(b) allows for interlocutory appeal of a "controlling question of law." The statute does not refer to any and every legal question arising in the course of litigation. Rather, Congress has limited jurisdiction over interlocutory appeals orders involving a legal question that "the 'court of appeals could decide quickly and cleanly without having to study the record.'" *Williams v. Taylor*, No. CIV.A. 15-321, 2015 WL 4755162, at *2 (E.D. La. Aug. 11, 2015) (quoting *Ahrenholz v. Bd. of Trs of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)); *Patterson*, 2021 WL 4240479, at *1 (citing cases). Importantly, "a 'question of law' does *not* mean the application of settled law to disputed facts." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citation omitted) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)). Rather, it refers to a question that is "more

3

of an abstract legal issue or what might be called one of 'pure' law[.]" *McFarlin*, 381 F.3d at 1258. Put differently, a question of law under § 1292(b) is one "that would be of general interest or that would be applicable to a wide range of cases." *Raber v. Pittway Corp.*, 17 F.3d 1444, 1994 WL 18499 (Table) at *2 (Fed. Cir. 1994); *Software Rts. Archive, LLC v. Google Inc.*, No. CIV A 2:07-CV-511, 2009 WL 1797996, at *2 (E.D. Tex. June 24, 2009) (citing cases for the same proposition).

But even an "abstract" or "pure" question of law may not be the subject of an interlocutory appeal unless it is also "controlling." A question is controlling if its resolution "has the potential for substantially accelerating the disposition of the litigation and does not concern [a] matter[] that [is] entrusted to the discretion" of the court. *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *4 (N.D. Tex. Feb. 9, 2022) (cleaned up) (citation omitted).

The questions raised by the Federation fail these requirements. To start, they are not "pure" or "abstract" legal questions applicable beyond this litigation. Instead, the Federation seeks review of the soundness of the Court's decision not to open fact discovery considering the specific circumstances of this case. The first question it poses for interlocutory appeal is whether declining to open fact discovery violates the mandate rule by failing to adhere to the "letter and spirit" of the Fifth Circuit's decision and the "circumstances it embraces," as the mandate rule requires. Fed'n Br. at 3 (quoting cases). But the Court's compliance with the Fifth's Circuit's mandate when defining the parameters of the Federation's participation in this litigation is a question of the proper "interpretation of the court of appeals' directive," *In re Watman*, 304 B.R. 553, 559 (B.A.P. 1st Cir. 2004), not a question of "general interest" for which interlocutory appeal may be available, *Raber*, 1994 WL 18499, at *2.

The second legal question the Federation presents—whether declining to open fact discovery in this case is "unreasonable"—is equally case-specific and thus similarly inappropriate for interlocutory appeal. As the Federation itself acknowledges, courts may impose "reasonable conditions . . . even upon one who intervenes as of right." Fed'n Br. at 3 (quoting *Beauregard, Inc. v.*

4

*Sword Servs., LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997)). That includes placing limits on the scope of discovery available to the intervenor. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 558 (E.D. Va. 2018) (noting that intervenors "must generally take the case as they find it"). Whether opening fact discovery in this case is reasonable depends on, "among other things[,] . . . the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24(a) (Advisory Cmt. Note to 1966 Amendment). This is the kind of discretionary, circumstance-specific determination that district courts routinely make "as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 702 (1997). Matters "entrusted to the discretion" of the district court are necessarily excluded from the category of pure legal questions for which interlocutory appeal may be available. *In re Highland Cap. Mgmt.*, 2022 WL 394760, at *4.

Nor are the questions posed by the Federation "controlling" legal questions in the sense contemplated by the statute. The Federation says the questions are controlling because they "will settle the discovery to which the Federation is entitled," Fed'n Br. at 3, and thus "will dictate the future course of the litigation," *id.* at 1. But that all-encompassing interpretation of what constitutes a controlling legal question has been expressly rejected by district courts in this circuit. *Swoboda v. Manders*, No. CV 14-19-SCR, 2015 WL 9308266, at *2 (M.D. La. Dec. 22, 2015) (rejecting an argument that a discovery order involved a "controlling question of law" because it "determine[d] the future course of the litigation"). Indeed, measured by that standard, virtually any decision affecting a case schedule or the scope of discovery could be the subject of an interlocutory appeal, when, in fact, "a discovery order is seldom appropriate for interlocutory appeal." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 n.10 (E.D. La. 2014) (citing cases). Indeed, the Federation's proposed measure of what is "controlling" would transform § 1292(b) into one for questioning "the correctness" of almost any district court order throughout the course of litigation. *Patterson*, 2021 WL 4240479, at *1. Here, appellate review of the Court's orders would not materially advance the resolution of this case but

5

would simply open another avenue for the Federation to advance arguments that the Court has repeatedly rejected.

In short, the questions the Federation poses for interlocutory appeal, which concern "whether the district court properly applied settled law to" this case or appropriately exercised its discretionary authority in imposing conditions on the Federation's intervention, are "[t]he antithesis of" the types of legal questions that make for "a proper § 1292(b) appeal." *McFarlin*, 381 F.3d at 1259.

## II.     The Court's orders do not involve questions of law on which there is substantial ground for difference of opinion.

Nor does the Federation point to any question of law arising in the Court's orders on which there is substantial ground for difference of opinion, the second requirement for interlocutory appeal. A substantial ground for difference of opinion may exist if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Genter*, No. 3:19-CV-01951-E, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020) (quoting *CERX Pharmacy Partners, LP v. Provider Meds LP*, No. 3:14-CV-1785-L, 2014 WL 6673465, at *2–3 (N.D. Tex. Nov. 25, 2014)). In other words, there must be some "genuine doubt as to" the correct legal standard governing a controlling legal question in the case. *Id.* (quoting *In re Hallwood Energy*, L.P., No. 3:12-CV-1902-G, 2013 WL 524418, at *3 (N.D. Tex. Feb. 11, 2013)).

There is no doubt about the legal standards that apply to each of the issues raised by the Federation here. Indeed, the Federation's own motion simply recites settled case law elaborating the legal standards applicable to the mandate rule, Fed'n Br. at 3, and for determining what conditions to place on an intervenor's participation in a case, *id.* The only "difference in opinion" as to these issues arises from *the Federation's* views about the *correctness* of the Court's application of that settled law to this case. *Id.* at 5. But "[d]ifference of opinion" for purposes of interlocutory appeal "refers to an

unsettled state of law or judicial opinion, not mere discontent by the appealing party." *Barnes v. McQueen*, No. CV 14-2636, 2016 WL 3923875, at *2 (E.D. La. July 21, 2016) (citation omitted) (denying a motion for certification for interlocutory appeal of an order denying a motion to dismiss because "[t]he law with respect to what courts may consider when deciding a motion to dismiss pursuant to Rule 12(b)(6) is settled" and "[t]here is no substantial ground for difference of opinion"). *Cf. Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *4 & n.2 (N.D. Cal. Dec. 10, 2012) (stressing that "grounds for disagreement" for purposes of interlocutory appeal under § 1292(b) do not "exist any time a litigant th[inks] a court ha[s] violated the mandate rule"). The Federation thus fails to meet the second statutory element for interlocutory appeal.

## III.   Immediate appellate review would not materially advance the termination of the litigation.

Finally, immediate appeal would not materially advance the termination of the litigation. In evaluating whether this third statutory factor is met, courts consider whether immediate appeal may "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Patterson*, 2021 WL 4240479, at *2 (citation omitted).

Immediate appeal of the orders at issue here would achieve none of the above. The affirmance or reversal of the Court's decision not to open fact discovery would not eliminate the need for trial, simplify any issue for trial, or make discovery easier and less costly. *See David*, 37 F. Supp. 3d at 839. To the contrary, affirmance would only preserve the status quo, while reversal would "hinder—rather than hasten—the ultimate termination of" this case, *id.*, by opening up time-consuming discovery that would likely be onerous and lead to protracted litigation over discovery disputes, Order on Mot. for Reconsideration at 2, ECF No. 196. *Cf. David*, 37 F. Supp. 3d at 839 ("If anything, vacatur of the protective order would make discovery even more onerous and unwieldy.").

The Federation asserts that immediate appeal may advance the termination of the litigation based on the hypothetical possibility that a judgment on the merits of the case may be reversed by the

Fifth Circuit and remanded in a manner that requires additional discovery (presumably, the same discovery that the Federation now seeks) in this Court. Fed'n Br. at 6. Such contingencies have no bearing on the question whether immediate appeal may hasten the resolution of the district court proceedings as they currently stand. If the mere possibility that additional discovery may be required on a potential future remand were enough to meet this statutory element, then virtually every discovery order would fall within its scope. That would only "open the door to multiple appeals, thereby offending the policy against 'piecemeal litigation.'" *In re Tullius*, No. EP-11-MC-365-KC, 2011 WL 5006673, at *2 (W.D. Tex. Oct. 20, 2011) (quoting *In re La. Route Operators*, Civ A. No. 94-2642, 1994 WL 449373, at *2 (E.D. La. Aug. 17, 1994)). For this very reason, "interlocutory appeals from discovery . . . orders are generally inappropriate." *Id.* (quoting *In re Supplement Spot, LLC*, No. BANKR.06-35903, 2009 WL 1343165, at *1 (S.D. Tex. May 12, 2009)). As with virtually any order relating to the scope of discovery, interlocutory appeal of the Court's orders here—which (1) set a case schedule that declines to open fact discovery; (2) denied the Federation's request for reconsideration of the decision not to open fact discovery; and (3) denied the Federation's motion to compel discovery—would not materially advance termination of this case.

## CONCLUSION

For the foregoing reasons, the Court should deny the Federation's Motion to Certify Orders for Interlocutory Appeal.

Date:  June 2, 2022

Respectfully  submitted,

BRIAN M. BOYNTON
Principal  Deputy Assistant  Attorney  General

LESLEY FARBY
Assistant  Branch Director

/s/ *Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F.  KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington,  DC 20530
Telephone:  (202) 514-3259
Fax: (202) 616-8470
Email: kyla.snow@usdoj.gov

*Counsel  for Defendant*

9

**Certificate of Service**

On June 2, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Kyla M. Snow*
KYLA M. SNOW
United States Department of Justice