UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SID MILLER, et al.**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TOM VILSACK,** in his official capacity as Secretary of Agriculture,<br><br>Defendant,<br><br>**FEDERATION OF SOUTHERN COOPERATIVES/LAND ASSISTANCE FUND; NATIONAL BLACK FARMERS ASSOCIATION (NBFA); ASSOCIATION OF AMERICAN INDIAN FARMERS (AAIF),**<br><br>Intervenor Defendants. | Civil Action No. 4:21-cv-0595-O |

## ORDER

Before the Court are the Federation's Motion to Certify Orders for Interlocutory Appeal (ECF No. 203), filed May 27, 2022; the Government's Response (ECF No. 205), filed June 2, 2022; and Plaintiffs' Response (ECF No. 206), filed June 2, 2022. The Federation waived its right to file a reply. *See* Mot. to Expedite, ECF No. 203-3. The Court has denied the Federation's repeated requests for fact discovery. *See* ECF Nos. 186, 196, 202. The Federation now asks the Court to certify those orders for interlocutory appeal.

Under 28 U.S.C. § 1292(b), a district court may "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). A court may certify

an interlocutory appeal only if all three elements are present. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 n.2 (5th Cir. Unit A Apr. 1981). Even then, "a district court has 'unfettered discretion to deny certification.'" *Patterson v. Dallas/Fort Worth Int'l Airport Bd.*, No. 3:18-cv-00307, 2021 WL 4240479, at *1 (N.D. Tex. Jan. 6, 2021) (citation omitted). "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). The Federation's motion meets none of the § 1292(b) elements.

**1. The orders do not involve a controlling question of law.**

The orders the Federation seeks to appeal must involve a "controlling question of law." 28 U.S.C. § 1292(b). First, "the issue for appeal must involve a question of *law*—not fact. And a 'question of law' does not mean the application of settled law to disputed facts." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citation omitted). Rather, a question of law "is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674 (7th Cir.2000)). Second, "the issue for appeal must involve a *controlling* question of law." *Ryan*, 444 F. Supp. 2d at 722. Generally, a "controlling issue of law is one that has the potential for substantially accelerating the disposition of the litigation and does not concern matters that are entrusted to the discretion" of the Court. *In re Highland Cap. Mgmt., L.P.*, No. 3:21-cv-0879, 2022 WL 394760, at *4 (N.D. Tex. Feb. 9, 2022) (cleaned up). A question of law may be controlling if (1) "reversal of the district court's opinion would result in dismissal of the action," or (2) "the certified issue has precedential value for a large number of cases." *Ryan*, 444

F. Supp. 2d at 722 (citations omitted). The Federation seeks certification of two issues that it says are controlling questions of law.

First, the Federation seeks certification of whether the Court's orders violate the Fifth Circuit's mandate. But whether the Court's orders are consistent with "the appellate court's opinion and the circumstances it embraces," *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007), is not a "pure" legal question that the Fifth Circuit "can decide quickly and cleanly without having to study the record," *McFarlin*, 381 F.3d at 1258 (citation and internal quotation marks omitted). The question is heavily record-dependent, as the orders in question demonstrate. The question is also not "controlling." Resolution of the issue would not "substantially accelerat[e] the disposition of the litigation." *In re Highland Cap. Mgmt.*, 2022 WL 394760, at *4. And "reversal of the district court's opinion" would not "result in dismissal of the action," nor would "the certified issue [have] precedential value for a large number of cases." *Ryan*, 444 F. Supp. 2d at 722 (citations omitted). The mandate question is necessarily fact-specific and case-specific. It is thus inappropriate for interlocutory review.

Second, the Federation seeks certification of whether the Court's orders are unreasonable conditions on the Federation's intervention. The Federation recognizes that "reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997). Whether the Court's conditions on the parties are reasonable is another fact-specific, case-specific question. Scheduling and discovery orders are generally "matters that are entrusted to the discretion" of the Court and are thus inappropriate for interlocutory review. *In re Highland Cap. Mgmt.*, 2022 WL 394760, at *4. The Federation primarily argues that the questions are controlling because they will "determine[] the 'future course of the litigation.'" Federation Mot. 6, ECF No. 203-1 (quoting *La. State Conf. of NAACP v.*

3

*Louisiana*, 495 F. Supp. 3d 400, 413 (M.D. La. 2020)). But non-dispositive discovery orders like those at issue here rarely meet that standard, which is why "[c]ourts in the Fifth Circuit have recognized that a discovery order is seldom appropriate for interlocutory appeal." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014).

**2. The Federation has not shown a substantial ground for difference of opinion.**

The Federation must also show "substantial ground for difference of opinion" on the questions. 28 U.S.C. § 1292(b). Courts debate the precise standard for "substantial" disagreement, "[b]ut simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Ryan*, 444 F. Supp. 2d at 724. Generally, "[d]ifference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party." *Barnes v. McQueen*, No. CV 14-2636, 2016 WL 3923875, at *2 (E.D. La. July 21, 2016) (citation and internal quotation marks omitted).

The Federation has not identified authorities that disagree with the Court's reasoning. The Federation complains, for example, that "the Court neither cited nor analyzed Fifth Circuit precedents that take a broader view of the rights given intervenors of right." Federation Mot. 5 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 480–81 (5th Cir. 1986)). But even the case the Federation cites agrees with the Court's orders: "[A]n intervenor of right is treated as if he were an original party and has equal standing with the original parties." *Brown*, 792 F.2d at 480–81 (cleaned up). "Following the parties' representations that this case can proceed only on expert testimony, the Court limited *all parties* to expert discovery." Order 3, ECF No. 202 (emphasis added) (citing Scheduling Order, ECF No. 85; Am. Scheduling Order, ECF No. 186). The Federation has not shown how it is being treated differently than the other parties. The Federation has not identified any "substantially great" disagreements with the Court's orders. *Ryan*, 444 F.

Supp. 2d at 724. The Federation's arguments amount to complaining that the Court's orders are substantially *wrong*, but "a party's claim that a district court has ruled incorrectly [do not] demonstrate a substantial *disagreement*." *Ryan*, 444 F. Supp. 2d at 724 (emphasis added).

### 3. The Federation has not shown that immediate appeal will materially advance the ultimate termination of the litigation.

Finally, the Federation must show that "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). District courts in this circuit consider "whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Patterson*, 2021 WL 4240479, at *2 (citation and internal quotation marks omitted). The Federation does not argue that interlocutory appeal would accomplish any of those goals. Rather, the Federation argues that certification would "'conserve judicial resources and spare the parties from possibly needless expense' if the Court's ruling was reversed." *Air Transp. Ass'n of Am., Inc. v. USDA*, 317 F. Supp. 3d 385, 394 (D.D.C. 2018) (citation omitted). But the Federation overlooks that "[i]f the Court were to certify an untimely appeal," resolution of the issues would be further delayed, requiring the parties "to incur greater expense" while bound by the Court's the preliminary injunction. *Id.*

The Federation has not shown that interlocutory appeal of the Court's orders meets the § 1292(b) elements. The Court thus **DENIES** the motion to certify the orders for interlocutory appeal (ECF No. 203).

**SO ORDERED** on this **6th day** of **June, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**